| | | |
|---|---|---|
| JACK SMITH, Chief | JAIKUMAR RAMASWAMY, Chief | DAVID B. BARLOW, U.S. Atty (# 13117) |
| Kevin O. Driscoll, Trial Attorney | Pamela J. Hicks, Acting Deputy Chief | Carlos A. Esqueda, A.U.S.A. (# 5386) |
| Maria N. Lerner, Trial Attorney | Anne Marie Blaylock Bacon, Trial Atty | U.S. Attorney's Office, District of Utah |
| Peter Mason, Trial Attorney | U.S. Department of Justice | 185 South State Street, Suite 300 |
| U.S. Department of Justice | Criminal Division, Asset Forfeiture and | Salt Lake City, Utah 84111-1506 |
| Criminal Division, Public Integrity Section | Money Laundering Section | Telephone: 801.524.5682 |
| 1400 New York Ave. NW, 12th Floor | 1400 New York Ave. NW, 10th Floor | Facsimile: 801.524.6924 |
| Washington, D.C. 20530 | Washington, D.C. 20530 | |
| Telephone: 202.514.1412 | Telephone: 202.514.1263 | |

FILED
U.S. DISTRICT COURT
2013 APR 26
DISTRICT OF UTAH
BY:_____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

**SEALED**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT G. LUSTYIK, JR.,<br>MICHAEL L. TAYLOR, and<br>JOHANNES W. THALER,<br><br>Defendants. | Case No. 2:12-cr-645 (TC) (DBP)<br><br>**GOVERNMENT'S NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS PURSUANT TO RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE**<br><br>***FILED UNDER SEAL***<br><br>Judge Tena Campbell |

The United States, by and through undersigned counsel, hereby gives notice of its intent to use evidence of other crimes, wrongs or acts pursuant to Rule 404(b) of the Federal Rules of Evidence.

### INTRODUCTION

Defendants Robert G. Lustyik, Jr., Michael Taylor, and Johannes W. Thaler have been charged in the Indictment with engaging in a scheme to bribe Lustyik, who during the relevant time period was a Special Agent for the Federal Bureau of Investigation ("FBI"), in exchange for official acts aimed at persuading federal law enforcement agents and federal prosecutors to drop

an investigation into Taylor that ultimately resulted in Taylor's indictment in *United States v. David Young, et al.,* 2:12-cr-502. In proving its case, the United States will seek to introduce evidence of other crimes, wrongs or acts by the defendants relevant to the charges alleged. Specifically, the government may seek to introduce some or all of the following evidence:

During its case-in-chief, the Government intends to introduce evidence that Lustyik and Thaler conspired to sell sensitive, internal law enforcement information to an outside third party. Specifically, Lustyik and Thaler solicited, and received, a bribe from an individual, Person 1, in exchange for sensitive, internal law enforcement information on another individual, Person 2, who was the subject of a government investigation. The Government's evidence will demonstrate that Lustyik communicated instructions to Thaler regarding Thaler's negotiations with Person 1 for the information Person 1 sought, and Thaler conducted negotiations with Person 1 regarding the value of the information that he and Lustyik could provide. For example, Lustyik and Thaler discussed negotiating with Person 1 for a $40,000 retainer and a $30,000 monthly fee for the procurement of sensitive, internal law enforcement information by Lustyik to Person 1 and others. The Government's evidence will demonstrate that at least one bribe, of $1,000, was provided, and that at least another $8,500 was offered by Person 1 in exchange for additional information.

The Government's evidence will demonstrate that Lustyik gathered and provided sensitive, internal law enforcement information regarding Person 2 to Thaler, who passed at least some of this information to Person 1, while trying to negotiate the price for this information. The evidence will demonstrate that Lustyik and Thaler understood that one of Person 1's goals was, as Lustyik put it, "getting the [government official's] charges dropped." Furthermore, documents were found during a search of Thaler's residence that were provided by Lustyik; one

2

of these documents is a Suspicious Activity Report, which federal criminal law prohibits from unauthorized disclosure.

The Government's evidence will demonstrate that Lustyik and Thaler recruited Taylor to help in their scheme of gathering information on Person 1. Taylor rose to the challenge, reaching out to an associate in November 2011 to ask him, "The guy we need to find dirt on and about in Bangladesh is [Person 1] who is the son of [a high-ranking government official]."

The Government's evidence will demonstrate that Thaler met with Person 1 at least twice, and Lustyik met with Person 1 at least once, in relation to this bribery scheme. The Government's evidence will demonstrate that Lustyik and Thaler went to lengths to conceal their illicit activities from being discovered—and that both Lustyik and Thaler knew that what they were doing was illegal. The evidence will demonstrate that Lustyik and Thaler ended their negotiations with Person 1 only after coming to the conclusion that they could make "legit coin" and "big time coin" working with Taylor instead.

This evidence will be offered to demonstrate Lustyik's and Thaler's motive, intent, opportunity, plan, knowledge and absence of mistake or accident, in that it demonstrates their active role in finding ways in which they could enrich themselves from Lustyik's official position. The evidence also demonstrates a common scheme between the three defendants, as both the charged conduct and the other crimes' evidence involves the use of Lustyik's official position for illegal enrichment of the defendants, Thaler's role as an intermediary to insulate Lustyik from having direct dealings with those who would buy Lustyik's position, and Lustyik's agreement to help derail a prosecution. In this way, the other crimes evidence also demonstrates how the conspiracy between the three defendants functioned.

## DISCUSSION

Rule 404(b) of the Federal Rules of Evidence provides, in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as *proof of motive, opportunity, intent preparation, plan, knowledge, identity, or absence of mistake or accident...*

"Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001) (emphasis original) (quotations omitted).

As in initial matter, the other crimes' evidence in question is admissible separate and apart from Rule 404(b), as being inextricably intertwined in the conspiracy charged in the Indictment. In a case with remarkably similar circumstances, the Tenth Circuit ruled that very way. In *United States v. Parker*, the defendant was charged in a conspiracy to sell defective airplane engines. At trial the government introduced evidence of the sale of additional engines, some of those sales occurring during the charged conspiracy, and others occurring before the conspiracy began. The engine sales that occurred during the charged conspiracy were not listed as overt acts in the indictment. Nonetheless, the Tenth Circuit ruled,

> The three transactions within the charged conspiracy time-frame are intrinsic to the crime and substantiate the criminal conspiracy. They directly support the conspiracy charge . . . [and] provided direct proof of Parker's involvement with the crimes charged. The sales were not merely contextual, they supported elements of the charged crimes. Rule 404(b) only applies to evidence of 'other' crimes—the transactions were part of the crimes charged, not some other crime.

553 F.3d 1309, 1315 (2009). Similarly in this case, although the other crimes evidence discussed above is not enumerated in the overt acts in the conspiracy, it occurs within the time frame of the conspiracy, supports the elements of the crimes charged, and "substantiate[s] the criminal conspiracy." It is thus admissible as intrinsic to the crime and inextricably intertwined with the

4

charged conspiracy. *See also United States v. Portillo-Quezada*, 469 F.3d 1345, 1353 (10th Cir. 2006) ("conduct which occurs during the life of a conspiracy and is a part of the same is direct evidence of the conspiracy [is] therefore not subject to Rule 404(b)").

Even should the Court find otherwise, the evidence is still admissible under Rule 404(b). In weighing the admissibility of evidence under Rule 404(b), trial courts are to consider four factors: "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests." *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)). Rule 404(b) admissibility "is a permissive standard. *United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011).

Here, the first *Huddleston* factor has been met as the evidence referenced by the government is clearly offered for a proper purpose. Specifically, the evidence goes directly to the defendants' motive, intent, opportunity, plan, knowledge and absence of mistake or accident, especially if Thaler continues to maintain that he is simply a shoe salesman from Macy's who has no knowledge of the sorts of activities with which he is charged. The evidence demonstrates Lustyik's and Thaler's knowledge that they could take advantage of Lustyik's official position for personal gain, and their method for doing so – using Thaler as an intermediary to make the deals happen. *See United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011) (noting that evidence is offered for proper purpose if used for any of the purposes enumerated in Rule 404(b)). Lustyik's and Thaler's statements and actions show the same careful planning of an illicit bribery scheme that they demonstrated in the conduct with which they are charged in this case, and thus the proposed other crimes' evidence shows motive, intent, opportunity, plan,

5

knowledge and absence of mistake or accident. Furthermore, the statements in question were made during the time of the conspiracy charged in the Indictment; indeed, in approximately mid-March 2012, Lustyik and Thaler agreed to no longer pursue the money-for-information scheme with Person 1, as they believed that they could make "legit coin" and "big time coin" working with Taylor. "Where the uncharged acts show motive, intent, or knowledge, they are admissible whether the acts involved previous conduct or conduct subsequent to the charged offense, as long as the uncharged acts are similar to the charged crime and sufficiently close in time." *Mares*, 441 F.3d at 1157 (quotations omitted) (quoting *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000)).

The evidence also demonstrates a common scheme, and the functioning of the conspiracy charged in the conspiracy, as against all three defendants. "Similarity may be demonstrated through physical similarity of the acts or through the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic offense and the charged offenses." *United States v. Mares*, 441 F.3d 1152, 1157 (10th Cir. 2006) (quotations omitted) (quoting *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000). One factor that is relevant in assessing similarity is "whether the charged offense and other acts are part of a common scheme." *Id.* Here, the other crimes' evidence is remarkably parallel to the charged conduct – specifically, the use of Lustyik's official position to make money, the use of Thaler as an intermediary to make the deals happen and insulate Lustyik, and the goal of making a case go away (whether Taylor's case, as charged in the Indictment, or as Thaler noted to Lustyik, "getting the [government official's] charges dropped" in the other crimes' evidence the Government seeks to introduce). At the time these other crimes were occurring, Taylor had already enlisted Lustyik's assistance in getting Taylor's case in Utah to go away. With the charged conspiracy already in place, it was

thus a short step from there to Lustyik's request that Taylor use his sources to "find dirt" on Person 1 to help Lustyik and Thaler commit additional crimes. This "dirt" had nothing to do with the information that Taylor allegedly was to provide Lustyik in his capacity an FBI source. The other crimes' evidence is thus part of a common scheme between the three defendants – to make money from Lustyik's official position – and the charged crimes and other crimes both occurred within the time span of the conspiracy charged in the Indictment. Moreover, when they grew frustrated with their negotiations with Person 1, Lustyik and Thaler elected to focus their energies on using Lustyik's position to enrich themselves through their work with Taylor: when Person 1 offered them $8,500 in cash, even sending a photograph of a fistful of $100 bills fanned out in his hand to prove he had the money, Lustyik and Thaler decided they could make "legit coin" and "big time coin" focusing on their work with Taylor instead.

The second *Huddleston* factor is relevance, which is also easily satisfied. Relevant evidence is evidence which tends to make a necessary element of an offense more or less probable. FED. R. EVID. 401. Here, the evidence tends to show that the defendants had the motive, intent, opportunity, plan, knowledge, and absence of mistake or accident to enter into the charged bribery scheme, as they did with Person 1. As such, the evidence is clearly relevant. *See Mares*, 441 F.3d at 1159.

Under the third *Huddleston* factor, the Court must determine whether the probative value of the evidence is *substantially* outweighed by the danger of unfair prejudice. "To be inadmissible under rule 403, evidence must do more than damage the Defendant's position at trial, it must make a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*" *United States v. Burgess*, 576

F.3d 1078, 1099 (10th Cir. 2009) (emphasis added). Although prejudicial, the evidence noticed by the government is not *unfairly* prejudicial. The evidence would allow the jury to draw obvious conclusions bearing on Lustyik's illicit business relationship with Taylor, and on Thaler's defense that he is ignorant of the ways and means of the conspiracy with which he is charged.

Finally, if requested by the defense, the Court can give the jury a limiting instruction explaining that the evidence noticed by the government should be considered only at it relates to the defendants' motive, intent, opportunity, plan, knowledge, and absence of mistake or accident. The fourth *Huddleston* factor is therefore satisfied.

WHEREFORE, for the reasons stated above, the United States provides notice of its intent to use other crimes evidence, pursuant to Rule 404(b), against the defendants in its case in chief.

Respectfully submitted,

JACK SMITH, Chief
Public Integrity Section

_____
MARIA N. LERNER, Trial Attorney
KEVIN O. DRISCOLL, Trial Attorney
PETER MASON, Trial Attorney
Criminal Division, U.S. Dept. of Justice
1400 New York Ave. NW
Washington, DC 20530
T: (202) 514-1412; F: (202) 514-3003

JAIKUMAR RAMASWAMY, Chief
Asset Forfeiture & Money Laundering Section

_____
PAMELA HICKS, Acting Deputy Chief
ANN MARIE BLAYLOCK BACON, Trial Attorney
Criminal Division, U.S. Dept. of Justice
1400 New York Ave. NW
Washington, DC 20530
Telephone: (202) 514-1263