
DANIEL CALABRO, JR. (*admitted pro hac vice*)
100 North Main Street
Second Floor
Providence, RI 02903
Telephone:     (401) 272-2800
Facsimile:      (401) 272-2811
calabrolaw@cox.net
calabrolaw@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>ROBERT G. LUSTYIK, JR., MICHAEL L. TAYLOR, and JOHANNES W. THALER)<br><br>Defendants | Criminal No. 2:12-cr-00645 (TC)<br><br>Honorable Tena Campbell |

**DEFENDANT THALER AND LUSTYIK'S OBJECTION TO GOVEERNMENT'S MOTION FOR PROTECTIVE ORDEER [237]**

Now come Defendant's Thaler and Lustyik, by and through undersigned counsel and hereby OBJECT to the Government's Motion for Protective Order [237] and associated Proposed Order.  As grounds therefore, Defendants state as follows:

**CIPA DOES NOT REQUIRE A SECURITY CLEARANCE**

Although the Government has supplied case in which the Court has required counsel to have a security clearance prior to obtaining classified information, nothing in

1

CIPA mandates that a security clearance be obtained.  In fact, how the classified information is handled is entirely up to the discretion of this Court.  As the Court has already stated on earlier occasions, that if in fact classified information is allowed to come in at this trial, the members of the jury will not be required to obtain a security clearance prior to the trial.  Defendants must also be allowed to view this information without a security clearance as well.

Defendants submit that this case is very different that many if not most other cases dealing with classified information and CIPA.  Here, most if not all of the classified information that the Government has in relation to this matter was obtained directly from one or more of the Defendants.  As such, the Defendants were privy to this information prior to the institution of this suit.  Requiring security clearances for everyone involved appears to be an unnecessary, extra step that will just delay the discovery process.  Ultimately, the security clearances are only an extra hurdle to give the Defendants access to information that they have already seen and are already aware of.  There is no potential harm or danger to national security in providing the Defendants with information that they already know about.  Furthermore, all of the discovery in this case is covered under a Protective Order already.

## THE SUGGESTED PROTECTIVE ORDER WILL RESTRICT DEFENDANTS IN THE PREPARATION OF THEIR DEFENSE

In Paragraphs 4(c)&(d), the Government attempts to give their definition of "classified information" and in doing so they list any oral classified information known to the defendants or any information know to defendants or defense counsel that may have

2

become classified.  In Paragraph 6, they define "Access to classified information."  Then in Paragraph 12, <u>Protection of Classified Information</u>, the Government suggests that the Defendants should be precluded from having any access to classified information.  Then, in Paragraph 13, the Government acknowledges the fact that at least one Defendant, specifically Robert Lustyik, already has knowledge of classified information.

The Government makes this entirely circular, non-sensical argument in an attempt to "handcuff" the Defendants in preparation of their case.  In essence, by reading the Proposed Order, as presented by the Government, if any of the Defendants in this case already have any knowledge of any classified information they would automatically be in Contempt of this Order.  The Defendants cannot be expected to forget what they have learned or to erase their memories.  However, the Government is trying to restrict any of the Defendants with prior knowledge of classified information from knowing what they already know and sharing it with their counsel.  This is just another tactic that the Government is trying to employ to hinder the Defendants in this case by trying to prevent counsel from sharing even the facts of the classified information with their clients.

This Court is given even further guidance in *U.S. v. Pappas,* 94 F.3d 795 (2nd Cir. 1996).  In that case, just as in the case at bar, Pappas had already learned of classified information prior to the beginning of his criminal trial.  The District Court issued a Protective Order that prohibited the disclosure of classified information that was learned by the Defendant during the pending litigation as well as prohibiting the disclosure of the information that the Defendant had acquired prior to the litigation.  The Second Circuit acknowledged the distinction and cited the report by the House of Representatives, H.R. Rep. No. 831, 96th Cong., 2d Sess., pt. 1 (1980)("House Report").  Citing the House

Report, the Court stated that, "the trial court has broad discretion in prohibiting disclosure by the defendant of information obtained by the defendant *through use of the court's processes, such as through discovery. Id.at 800* (emphasis added).  The Court went on further, still citing the House Report to say. "The court's authority is narrowed where the information at issue *was not obtained by the defendant with the aid of the court*.  In this area, the court's authority to prohibit disclosure extends only to a regulation of what may be said or introduced *in the trial context*. *Id.* (emphasis added).  In summary, the Court found that,

> "information conveyed by the Government to the defendant in the course of pretrial discovery or the presentation of the Government's case may be prohibited from disclosure, including public disclosure outside the courtroom, but information acquired by the defendant prior to the criminal prosecution may be prohibited from disclosure only "in connection with the trial" and not outside the trial. Since Pappas acquired the information at issue before the trial, CIPA does not authorize the District Court's order to the extent that the order prohibits public disclosure outside the court proceedings." *Id. at* 801

The Government's Protective Order cannot disallow the Defendants from sharing with their counsel or each other, information that they obtained prior to any court proceedings, no matter what form that any of the information may be in, even if this information is classified.  The sharing of this information is essential to preparing their defense in the case at bar.

## **DEFENDANTS MUST BE ALLOWED ACCESS TO ANY AND ALL CLASSIFIED INFORMATION**

The Defendants in this case must be allowed to have access to the classified information and if for any reason any of the Defendants are not able to get to the facility

4

to personally view the documents, counsel must be allowed to share the facts of any and all classified information that they are able to review.

Through this Proposed Protective Order the Government seeks to prohibit all of the Defendants from having any knowledge of any of the classified information. As stated above, not only is this impossible but it would also be unconstitutional. In *In re Terrorist Bombings of U.S. Embassies in East Africa,* 552 F.3d 93 (2nd Cir. 2008), the Court addressed this very issue as it related to terrorists that were members of al Quaeda who bombed the U.S. Embassy in East Africa. The District Court entered a Protective Order which disallowed Defendant from personally viewing the classified information because the Court found that it would pose a *potential security breach that may place people's lives in danger. Id. at 128 (emphasis added).* In that case, Appellant argued that because he was not personally allowed to see the classified information it violated his right to put on a full defense of the charges. *Id. at 127.* The Appellate Court found that this was not a violation of his rights because not only was his attorney allowed to view the classified information in its entirety yet he was also allowed by the District Court, through its Protective Order, to provide "El-Hage himself with access to all of the relevant facts set forth in that material." *Id.*

Even in a case that involved terrorists and Al Quaeda, the Court found that the Defendant was entitled to know the relevant facts that were contained in the classified information. This case is not even remotely comparable to the terrorist case. The case at bar is non-violent, "white-collar" crime yet the Government seeks to make this Protective Order more restrictive that the Protective Order in the Al Quaeda case.

In order to properly and effectively prepare their defense, the Defendants must be given access to this classified information.

## **DEFENDANT LUSTYIK CANNOT BE RESTRICTED BECAUSE OF HIS PRIOR EMPLOYMENT**

The Government correctly states that Mr. Lustyik did formerly have a security clearance but they are incorrect in stating that he cannot share this information with his counsel. Although upon his exit from his employment he has a duty of non-disclosure, he is allowed to disclose information when the information is used to defend himself in a criminal trial.

**WHEREFORE,** Defendants pray that this Honorable Court will Deny Government's Motion for a Protective Order.

Respectfully Submitted,

Johannes Thaler,
By his attorney,

_____
Daniel Calabro, Jr., Esq.
100 North Main Street
Second Floor
Providence, RI 02903
401-272-2800

Robert Lustyik, Jr.,
By his attorney,


/s/ *Raymond Mansolillo, Esq.*
Raymond Mansolillo, Esq.
100 Federal Street
Suite 1900
Boston, MA 02110
617-342-7181

## **CERTIFICATION**

I hereby certify that on the 17th day of May, 2013, I filed this Objection electronically through the CM/ECF system for the Utah Federal District Court.

*/s/ Daniel Calabro*