REBECCA HYDE SKORDAS (6409)
Skordas, Caston, & Hyde
341 S. Main Street, Suite 303
Salt Lake City UT  84111-2707
Telephone:  (801) 531-74444
Facsimile:   (801) 531-8885

Daniel Marino (admitted *pro hac vice*)
Tillman J. Finley (admitted *pro hac vice*)
MARINO LAW PLLC
910 17th Street, N.W., Suite 800
Washington, DC  20006
Telephone:  (202) 223-8888
Facsimile:  (877) 239-2146

*Attorneys for Michael Taylor*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:12-CR-00645 |
| v. | Judge Tena Campbell |
| ROBERT G. LUSTYIK, JR., *et al.*, | **Evidentiary Hearing Requested** |
| Defendants. | |

**MOTION TO SUPPRESS ALL ELECTRONIC DOCUMENTS OBTAINED THROUGH UNCONSTITUTIONAL GENERAL SEARCHES AND SEIZURES**

Pursuant to DUCrimR 12-1(d), Defendant Michael Taylor hereby moves to suppress[1] all email communications, text messages, telephone call information, and other electronic

---

[1] The deadline for the government's provision of non-classified discovery is today, July 1, 2013.  Defendants received today via Federal Express 19,598 additional pages of discovery and note that the government has filed a motion indicating its intention to withhold other unclassified discovery until some yet-to-be determined date (Doc. 293).  In addition, the classified discovery from the government has yet to be provided.  Accordingly, Mr. Taylor states that the instant Motion does not include or address any of the aforementioned items provided today or which may be provided in the future.  As to such information, Mr. Taylor specifically reserves the right to supplement his motion and/or to file another suppression motion should he determine such to be warranted.

documents or records seized pursuant to any of the following seven search warrants,[2] or obtained as a result of the derivative use of such evidence:

- June 13, 2012 Search Warrant issued by United States Magistrate Judge Samuel Alba (D. Utah) with respect to the email account aisc01@aol.com;

- August 2, 2012 Search Warrant issued by United States Magistrate Judge Evelyn J. Furse (D. Utah) with respect to the email account aisc04@aol.com;

- September 7, 2012 Search Warrant issued by United States Magistrate Judge Dustin Pead (D. Utah) with respect to the email account aisc01@aol.com;

- September 21, 2012 Search Warrant issued by United States Magistrate Judge John M. Facciola (D.D.C.) with respect to a mobile telephone device seized from Mr. Taylor during his arrest on September 18, 2012;

- An October 18, 2012 Search Warrant issued by United States Magistrate Judge Leo T. Sorokin (D. Mass.) with respect to an image of a laptop computer made when it was seized from Mr. Taylor on September 8, 2012;

- An October 18, 2012 Search Warrant issued by United States Magistrate Judge Leo T. Sorokin (D. Mass.) with respect to an image of a mobile telephone device made when it was seized from Mr. Taylor on September 8, 2012; and

- January 15, 2013 Search Warrant issued by United States Magistrate Judge Dustin Pead (D. Utah) with respect to the email account aisc01@aol.com.

Under the auspices of these warrants, the government obtained more than 280,000 pages of electronic files, all of which it has produced to the defense in discovery. For the legal and factual reasons identified below in Section III, all such evidence was obtained as a result of warrants, searches, and/or seizures that violated Mr. Taylor's rights under the Fourth Amendment and should be suppressed.

I.     STATEMENT OF DEFENDANTS' STANDING

Mr. Taylor has standing to seek suppression of the materials at issue because each of the seven warrants is directed at electronic information which either is his own property or is the

---

[2] The government has produced in discovery collections of emails identified as having been "retrieved during search warrant obtained and executed by prosecution team in *U.S. v. Young*, 2:12-cr-502-TC" with respect to the email account aisc01@aol.com and "electronic media belonging to M. Taylor." Mr. Taylor and AISC have filed a separate motion to suppress in the *Young* case directed at those warrants, searches, and seizures. Mr. Taylor hereby incorporates that motion by reference to the extent the government seeks to offer or use in this case any of the evidence which is the subject to the suppression motion in *Young*.

property of a company of which the he is the sole owner.  *See, e.g.*, *Mancusi v. DeForte*, 392 U.S. 364, 369 (1968).

## II.     EVIDENCE FOR WHICH SUPPRESSION IS SOUGHT

Mr. Taylor seeks the suppression of all email communications, email account information, text messages, telephone call information, or other electronic documents, records, or other information seized by the government purportedly pursuant to the foregoing search warrants and any and all other evidence obtained as a result of such seizures.

## III.    ISSUES PRESENTED

Stated with particularity and in summary form without any accompanying legal brief, as per DUCrimR 12-1(d), the issues raised by Mr. Taylor's Motion are as follows:

- A.   Whether each of the above-identified search warrants is tainted by its having been obtained based upon evidence unlawfully seized in searches conducted in connection with *United States v. Young*, No. 2:12-cr-502, to wit: 2011 email communications between Mr. Taylor and Defendant Robert Lustyik.

- B.   Whether each of the above-identified search warrants is invalid on its face in that it purports to sanction an unconstitutional general search in the form of a broad seizure of the content of the email accounts, computers, and/or devices at which they are directed limited only by reference to one or more broad federal statutes.

- C.   Whether, even if the terms of the warrants could be construed so favorably to the government as to render them arguably valid, the scope of the warrants exceeds the probable cause established by the affidavits submitted in support of the search warrant applications.

  D.  Whether, even if the warrants were valid and appropriately limited, the searches and seizures actually conducted under the auspices of these warrants in fact constituted unconstitutional general searches.

  E.  Whether, even if the warrants were valid and appropriately limited, the government's search methodology (including protocols, techniques, criteria, and key terms), if any, was unreasonable and insufficiently particular in light of the circumstances and possible alternatives.

  F.  Whether the warrants were so facially deficient in their descriptions of the items to be seized that the executing officers could not reasonably have relied upon them.

  G.  Whether the government's conduct constituted deliberate and flagrant disregard for the terms of the warrants.

## CONCLUSION

For the reasons stated above, Mr. Taylor respectfully requests that the Court schedule an evidentiary hearing at which the government should be ordered to produce (or, alternatively, Mr. Taylor should be permitted to subpoena) the following witnesses to testify regarding the execution of the above-identified warrants and the government's handling and search of the materials obtained as a result of those warrants:

1. Special Agent Keith Darnell, Defense Criminal Investigative Services;
2. Special Agent James P. Donahue, Department of Homeland Security;
3. Kevin O. Driscoll, Department of Justice, Public Integrity Section;
4. Jessica Gray, NTI Law Enforcement Investigative Support Services;
5. Special Agent Shaun Helt, Department of Homeland Security; and

6. Special Agent Thomas M. Hopkins, Department of Justice, Office of the Inspector General;

7. Special Agent Kerwin John, Department of Justice, Office of the Inspector General;

8. Special Agent Harry A. Lidsky, Department of Justice, Office of the Inspector General;

9. Sandra Slowik, NTI Law Enforcement Investigative Support Services.

Further, Defendants respectfully request that the Court set a briefing schedule for the submission of post-hearing briefs and memoranda of authorities within a reasonable amount of time from the conclusion of the evidentiary hearing as provided under DUCrimR 12-1(d).

Dated:  July 1, 2013         Respectfully Submitted,

/s/Tillman J. Finley
Daniel Marino (admitted *pro hac vice*)
Tillman J. Finley (admitted *pro hac vice*)
MARINO LAW PLLC
910 17th Street, N.W., Suite 800
Washington, DC  20006
Telephone:  (202) 223-8888
Facsimile:  (877) 239-2146

REBECCA HYDE SKORDAS (6409)
Skordas, Caston, & Hyde
341 S. Main Street, Suite 303
Salt Lake City UT  84111-2707
Telephone:  (801) 531-74444
Facsimile:   (801) 531-8885

*Attorneys for Michael Taylor*