| | | |
|---|---|---|
| JACK SMITH, Chief | JAIKUMAR RAMASWAMY, Chief | DAVID B. BARLOW, U.S. Atty (# 13117) |
| Peter M. Koski, Deputy Chief | Pamela Hicks, Deputy Chief | Karin Fojtik, A.U.S.A. (# 7527) |
| Maria N. Lerner, Trial Attorney | Ann Marie Blaylock Bacon, Trial Atty | U.S. Attorney's Office, District of Utah |
| Peter Mason, Trial Attorney | U.S. Department of Justice | 185 South State Street, Suite 300 |
| U.S. Department of Justice | Criminal Division, Asset Forfeiture and | Salt Lake City, Utah 84111-1506 |
| Criminal Division, Public Integrity Section | Money Laundering Section | Telephone: 801.524.5682 |
| 1400 New York Ave. NW, 12th Floor | 1400 New York Ave. NW, 10th Floor | Facsimile: 801.524.6924 |
| Washington, D.C. 20530 | Washington, D.C. 20530 | |
| Telephone: 202.514.1412 | Telephone: 202.514.1263 | |

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT G. LUSTYIK, JR.,<br>MICHAEL L. TAYLOR, and<br>JOHANNES W. THALER,<br><br>Defendants. | Case No. 2:12-cr-645 (TC) (DBP)<br><br>**UNITED STATES' REPLY TO MOTION FOR ORDER REQUIRING DEFENSE COUNSEL TO RETURN TO CISO CERTAIN PRODUCED ITEMS** |

The United States, by and through undersigned counsel, respectfully files this Reply to Defendant Lustyik's Objection [Dock. No. 488] to the United States' Motion for Order Requiring Defense Counsel to Return to CISO Certain Produced Items [Dock. No. 474]. In support of this Reply, the United States avers as follows:

1.  The Court's Amended CIPA Protective Order [Corrected] [Dock. No. 418] vests in the CISO the sole authority to manage classified information in this case. *Id.* at ¶¶ 10, 18(a). As noted in the United States' Motion, on August 5, 2013, the CISO contacted all defense counsel to request the return of a hard drive and a DVD which had been provided in discovery by the United States and was discovered after production to contain classified information (hereinafter, "Spillage Items"). All defense counsel except for counsel for defendant Lustyik--

Mr. Mansolillo--have complied with the CISO's request and returned the Spillage Items. The CISO has made repeated attempts to obtain the return of the Spillage Items from Mr. Mansolillo. All defense counsel, including Mr. Mansolillo, have been provided reproductions of the hard drive and affected DVD, containing all but the classified information in question.

2. In his one paragraph Objection to the United States' Motion, Mr. Mansolillo incorrectly claims that Spillage Items are not classified, and improperly requests a sealed hearing to explain why the Spillage Items are not in fact classified.[1]

3. Under Executive Order ("EO") 13526, the only persons who may make a determination as to the classification of material in the United States' possession are original classification authorities, or those to whom such authority is delegated. EO 13526, Sections 1.1(a), 1.3. In addition, only authorized holders of classified information may challenge the classification level of that information, under the procedures developed by the agency initially classifying the material. *Id.* at Section 1.8.

4. Here, Mr. Mansolillo is not an original classification authority and, in addition, he cannot challenge the classification level of the Spillage Items as he is not an authorized holder of classified information because he lacks the requisite security clearance. However, even if he were an authorized holder of classified information, a court hearing on the matter is not the appropriate venue for such a challenge, *see* EO 13526 Section 1.8.[2]

---

[1] Despite alleging that Spillage Items are not classified, Mr. Mansolillo nonetheless requests a sealed hearing.

[2] Regarding the handling of classified information, the Supreme Court has stated that "[a]s to these areas of Art. II duties the courts have traditionally shown the utmost deference to Presidential responsibilities." *United States v. Nixon,* 418 U.S. 683, 710 (1974). The Tenth Circuit has also recognized that "*unless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs.*" *Hill v. Dep't of Air Force*, 844 F.2d 1407, 1410 (10th Cir. 1988) (emphasis in original) (citing numerous cases).

5. The agency whose information was inadvertently disclosed has confirmed that the documents in question do in fact contain classified information. As noted above, defense counsel has no standing to challenge that classification.

6. This is the *third* instance since the inception of this case that counsel for defendant Lustyik has mishandled classified information, none of which was properly and legally in his possession.

WHEREFORE, for the reasons stated above, the United States moves this Court to order counsel for defendant Lustyik to promptly return to the CISO the Spillage Items, in accordance with the CISO's instructions.

Respectfully submitted,

JACK SMITH, Chief                           JAIKUMAR RAMASWAMY, Chief
Public Integrity Section                    Asset Forfeiture/Money Laundering Section

By:  */s/ Maria N. Lerner*            By:  */s/ Ann Marie Blaylock Bacon*
    PETER M. KOSKI, Deputy Chief           PAMELA HICKS, Deputy Chief
    MARIA N. LERNER, Trial Atty            ANN MARIE BLAYLOCK BACON,
    PETER MASON, Trial Atty                Trial Attorney

## Certificate of Service

      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendants.

                                               */s/ Maria N. Lerner*
                                               Maria N. Lerner
                                               Trial Attorney

Dated:  November 4, 2013