FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

DEC 03 2013

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.  2:12-cr-645 (TC) |
| vs. | |
| | **MODIFIED PROTECTIVE ORDER** |
| ROBERT G. LUSTYIK, JR., MICHAEL L. TAYLOR, and JOHANNES W. THALER, | |
| Defendants. | |

The Court, having considered the United States' Motion for Modification of Protective Order as to Defendants Robert G. Lustyik, Michael L. Taylor, and Johannes W. Thaler, and the Cross-Motion by defendants, and good cause appearing, makes the following findings:

The Indictment in this case alleges that defendants engaged in a conspiracy to commit bribery and obstruct justice. In the course of the government's investigation, it obtained, among other records, bank records, credit reports, telephone records, and other records regarding the defendants and other individuals. These records typically contain personal information about those individuals, including home addresses, Social Security numbers, bank account data, and dates of birth.

The government intends to produce in discovery to defendants in this case a substantial volume of documents, including documents that contain such personal identifying information. All materials that the government produces to the defense are solely for the use of the defendants, their attorneys, or other individuals or entities acting within the attorney-client

relationship to prepare for the trial in this case. The purpose of this Modified Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal information of others and other sensitive information.

Based on the above findings,

**IT IS ORDERED that:**

1.      Defendants, their attorneys, and all other individuals or entities who receive materials in this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, these materials to anyone not involved with the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case. Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses or potential witnesses and persons consulted or retained by the defense as experts.

2.      Where a document is subject to this Modified Protective Order, defendant may provide one copy of the document to any expert hired by the defendant if the following conditions are met:

      a.  the expert was hired pursuant to a written contract;

      b.  the expert agrees to the terms of the Modified Protective Order and signs Exhibit 1 to the Modified Protective Order;

      c.  defendant keeps a log by bates number of all documents provided to the expert, which shall be made available to the Court upon the Court's request; and,

      d.  defendant certifies within 90 days of the conclusion of the case, as defined in Paragraph 11, that defendant has reminded the expert of the expert's obligations

2

under Paragraph 11, and has asked the expert to confirm that the expert has complied with Paragraph 11.

3. Where a potential witness's statement, or any documents produced, seized from, or otherwise provided by that potential witness to the government, is subject to this Modified Protective Order, a defendant may provide to that potential witness a copy of such documents, provided that the following conditions are met:

    a. the potential witness agrees to the terms of the Modified Protective Order and signs Exhibit 2 to the Modified Protective Order; and

    b. defendant certifies within 90 days of the conclusion of the case, as defined in Paragraph 11, that defendant has reminded the potential witness of his or her obligations under Paragraph 11, and has asked the potential witness to confirm that he or she has complied with Paragraph 11.

4. Where a potential witness's statement is subject to this Modified Protective Order, a defendant may provide one hard copy of that statement to another potential witness, provided that the following conditions are met:

    a. the potential witness to whom the statement is being provided agrees to the terms of the Modified Protective Order and signs Exhibit 2 to the Modified Protective Order;

    b. for each document received by a potential witness pursuant to this paragraph, the potential witness agrees that within twenty-one (21) calendar days from the postmark date sending the document to the potential witness, to deposit the document into the mail for return to the defendant; and

c.  defendant keeps a log of all potential witness statements provided pursuant to this paragraph, which shall be made available to the Court upon the Court's request. The log shall include the bates numbers of the statements, the date they were shipped, to whom they were shipped, and the date they were returned to defendant.

5.  If a defendant has knowledge that an expert or a potential witness has not acted in accordance with any provision of the Modified Protective Order, defendant shall no longer provide copies of any documents subject to the Modified Protective Order to that person, and may only show and discuss documents subject to the Modified Protective Order with that person as described in paragraph 1.

6.  For purposes of paragraphs 3 and 4, a "potential witness statement" is an oral statement made to a law enforcement agent or to a grand jury. If the potential witness statement was recorded, it includes only the transcript of the recording. If the potential witness statement was not recorded, it includes only the final, official memorialization of the statement such as a Memorandum of Investigation or FBI 302 report, and does not include agent notes, agent emails, or other informal means of communication or recordation.

7.  Defendants, their attorneys, and all other individuals or entities who receive materials in this case, to the extent possible, maintain all materials received from the government in a manner consistent with the terms of this Modified Protective Order.

8.  Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files, or folders marked "UNDER PROTECTIVE ORDER - DO NOT DISCLOSE." Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

4

9.     Defendants and their attorneys are required to give a copy of this Modified Protective Order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case.

10.    Should the defendants, their attorneys of record, or any of the other individuals engaged or consulted by them find any material inadvertently produced by the Government that is marked as classified, they shall immediately double-seal the material and all copies of the material and inform the Government.

11.    Within 90 days of the conclusion of this case, including all related appeals, all documents produced pursuant to this Modified Protective Order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office. Alternatively, the defendants' attorneys may inform the United States Attorney's Office in writing that all such copies have been destroyed. Insofar as a Defendant, or any person who received from any of the Defendants suck documents produced in this case, was, prior to receiving the same, in possession of an identical document from another source, the preceding sentence shall obligate said Defendant or other person to return or destroy only the copies or versions of such identical document as were produced by the United States. For purposes of this paragraph, identical shall mean that the document is identical in all respects other than Bates numbering or other document-related identifying markings.

12.    The provisions of this order governing disclosure and use of the documents shall not terminate at the conclusion of this criminal prosecution.

13.    A knowing and willful violation of this Modified Protective Order by the defendants, their attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.

14.     Any defendant who objects to the applicability of this Modified Protective Order to any document produced by the United States in this case may object by notifying the United States in writing. The notification must include the bates number of the document at issue and the specific reason why defendant objects to the application of the Modified Protective Order to that document. The United States will then have 14 calendar days from receipt of the notification to file a motion seeking a Court order applying this Modified Protective Order to the document. If a motion is filed, the parties shall continue to treat the document at issue as if it is covered by the provisions of this Modified Protective Order until the Court rules on the motion. If the United States does not seek an order within 14 calendar days of receiving notice, or if the Court determines this Modified Protective Order should not apply to the document, this Modified Protective Order will no longer apply to said document.

15.     With respect to any document that is subject to this Modified Protective Order, the defendants (to include any and all of the defendants' attorneys, agents, and all persons who receive from them any discovery material) shall not, without the United States' prior express written agreement or a Court order use any information contained in those discovery materials in any public court filing, refer to any such information in open court, or otherwise publicly disclose those contents. The defendants may, however, without prior express written agreement or a Court order, use or refer to such materials in a filing made under seal pursuant to DUCrimR 49-2(b) ("Filing of Documents Under Seal").

16.     (a). Notwithstanding paragraphs 1, 15, and 17 of this Modified Protective Order, nothing in this Modified Protective Order limits a defendant's use or disclosure of materials seized by the United States from his own personal e-mail account, personal telephone, personal computer, or personal hard drives (hereinafter "Personal Sources of Information").

(b). If any document from any Personal Sources of Information contains information defendant Lustyik had knowledge of directly or indirectly by virtue of his position as a federal employee, paragraph 16(a) does not apply to such document.

17.     All documents produced by the United States in unclassified discovery are subject to this Modified Protective Order except as otherwise described in paragraphs 14 and 16.

DATED this 3RD day of _DECEMBER_ , 2013

BY THE COURT:

Dustin Pead
United States Magistrate Judge

7