IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

United States of America

v.

Robert G. Lustyik, Jr.

Case No. 2:12-cr-00645-TC-DBP

**MOTION TO REVIEW CONDITIONS OF CONFINEMENT AND RELEASE**

Now comes defendant, Robert G. Lustyik, Jr., by and through his counsel, Raymond Mansolillo, hereby moves this Honorable Court to review the conditions of confinement and to order his release with conditions pending trial.

Mr. Lustyik has been held in confinement since March 19, 2013, for 380 days pending a decision by this court for a violation of his previously ordered conditions of release. Mr. Lustyik was found to have had indirect third party contact with a potential witness. It is noteworthy that this court, both Magistrate Judge Pead and Judge Campbell, ruled that Mr. Lustyik's third party indirect contact was not to obstruct nor for nefarious reasons.

Pursuant to Judge Campbell's directive during a status conference hearing on March 27, 2014, the following sets forth the reasoning for said request to this Honorable Court for review of Mr. Lustyik's confinement pending trial.

On March 27, 2014, this court re-scheduled the trial date for the instant matter to September 29, 2014 (anticipated 4 week trial). During said hearing much of the colloquy pertained to the difficulties of necessary communication between defense counsel and the defendant. This has been compounded by the fact that Mr. Lustyik is incarcerated in Utah. In

addition, the matter is even more complicated due to this case falling within the strictures of the Classified Information Procedures Act (CIPA).

Under current circumstances counsel for the defendant is certain the trial date currently scheduled will not be met due primarily in part to counsel's inability to communicate with his client about matters, which are necessary to his defense.  The current manner in which counsel has been limited without adequate accommodations to communicate with the defendant has impeded the defendant's right to a fair trial.  It has caused an untenable situation where defense counsel has no means to communicate about necessary defense matters with Mr. Lustyik.

The procedure currently in place is as follows:  Counsel along with his staff has to fly to Utah from the East Coast each and every time he needs to speak with his client.  Prior to doing such, this court requires a motion and order to do so, which engages several court staff personnel as well.  This process, in the best circumstances takes seven to ten days for approval of any order due to a myriad of coordination factors including government travel agency.  Prior to defense counsel arriving in Utah, counsel must engage the (CISO) Security Officer assigned to handle classified materials in this case.  Security Officer, Mr. Brandon Forsgren, who sits in Washington D.C. must first coordinate his schedule to obtain travel from D.C. to Utah and remain in Utah with the defendant's counsel until they finish their review of discovery material, usually one week at a time.  Defense counsel then has to make special arrangements with the U.S. Marshals to bring Mr. Lustyik from the county detention facility to the U.S. Courthouse in Salt Lake City.  This is usually conducted under some protest due to their professed lack of man power.  Defense counsel then can only work from a makeshift office on the fifth floor of the courthouse.  The room contains one desk big enough to hold a laptop and an empty cardboard box utilized as a second desk.  There was a desktop copier provided but it was not working for the first two days.

Nor did the room contain a phone for communication. This makeshift office is or was supposed to act as a Secure Compartmented Information Facility (SCIF) to review and discuss classified information.  To further complicate and delay matters, the U.S. Marshals would not allow our client into the room with their counsel.  Moreover, we learned from Mr. Forsgren, the makeshift office is not certified as a Secure Compartmented Information Facility.  Because the space is not certified, certain classified information cannot be present or discussed in the room.  The space is simply an empty room with shades pulled down, minimal to no furniture, no telephone to utilize and a three inch foam stapled to the walls in an attempt to soundproof them.  The second day counsel was there trying to work an occupant from that floor informed us that the room is not soundproof and that our discussions can be heard.

Because the U.S. Marshals will not allow our client in the room with us, due to "policy reasons," questions about documents needed to be printed by counsel one by one and delivered to our client held on the fourth floor holding cell.  The documents had to be held up against a tinted glass and screened window for Mr. Lustyik to read.  The tint on the window made it impossible for Mr. Lustyik to view the questions clearly.  The exercise defense counsel had to perform was an exercise in futility.

Counsel after initially being refused alternative accommodations due to "security policy reasons," requested an immediate ex parte conference with Magistrate Judge Pead.  Counsel explained the absurdity of such procedures and informed the court if the defense were forced to proceed in such a manner we would not only fail to meet the trial date this September, but couldn't meet it in the year 2015 either.

Magistrate Judge Pead graciously granted such conference and was able to negotiate a slight accommodation from the U.S. Marshals.  Now, counsel was allowed to give their client

one of the computers on the other side of the partition while counsel and or the defense investigator maintained a duplicate computer; however, the defense team and defendant still could not discuss certain classified information because it is not a "SCIF" and such discussions would violate the law.  Note there were no available electrical outlets to power the computers.  This was the only accommodation the U.S. Marshals supervisor afforded the court and defense counsel and the court said it would not attempt to override the Marshals' policy and we would have to do the best we could with what we had.  This was an improvement to the completely untenable previous manner in which the defense was forced to communicate and review matters critical to their client's defense but was in reality a little more than placing a band-aid on a gaping wound.  During that week while defense counsel was subjected to work in that manner they were only able to get through a small portion of one document about 700 pages.

    This court now asks defense counsel why they believe they will not be ready by September.  Although the answer should be apparent and obvious, it may be the case that counsel for Mr. Lustyik has not previously articulated it clearly enough to this court and in such detail.  It has been clear to all defense counsel the public integrity section (PIN) has obstructed this case and its facilitation through the court process from the inception.  First, by taking the case 3,000 miles from where any of the defendants lived, worked or did anything in relation to this case.  Then the PIN did a discovery "dump" on the defense team (1.2 million documents not including the classified discovery) claiming they would be utilizing all of the materials. The defense objected and filed a 12b4 motion to scale the material down only to have the court tell Mr. Calabro that it does not usually entertain 12b4 motions.  To exasperate the situation, public integrity section provided said discovery and was allowed to do so in a "rolling production" stretched out over a year; with a recent production provided to the defense as recent as March 20,

2014.  Furthermore, evidence shows the government "shuffled the deck" mixing up sequentially related documents making it purposefully more difficult and time consuming for the defense team to review.  Now Mr. Harback, after recently coming into the case, self-servingly follows suit with this court in apparent mystified disbelief as to why defense counsel cannot meet the trial date.  The difficulties the defense team has with Mr. Lustyik being incarcerated in any state let alone Utah with the limits placed on defense counsel via the current means afforded along with the CIPA restrictions should be obvious and apparent as to why such deadline will not be met.  As it currently stands, an accused terrorist housed at Guantanamo Bay has better access and accommodation to his counsel than Mr. Lustyik has.

In this court's most recent mandate, Judge Campbell has ordered the government to produce a witness list and document/exhibit list asking the government to comply with said in a "good faith" effort to streamline matters.  The court has also asked defense counsel to articulate the reasons as to why the release of Mr. Lustyik would facilitate or help assist in reaching the current trial date of September 29, 2014.  Notwithstanding the aforementioned and the obvious, the following is a list of reasons as to why the release of Mr. Lustyik would expedite matters:

1. It would alleviate the nonsensical time consuming and unproductive manner outlined above in which defense counsel has to proceed to communicate with the defendant.
2. The defendant would now be allowed, as he should, to have free and unobstructed access to his counsel.
3. The defendant could freely accompany his counsel to review materials and classified materials in the SCIF in nearby Washington D.C. and or NYC. (Mr. Forsgren has confirmed that if Mr. Lustyik, is released he can freely accompany his counsel in the

SCIF in Washington D.C.  Counsel is also aware there is a SCIF in SDNY that could possibly be utilized.)

4. Each time counsel wishes to communicate with the defendant, it would save time, and untold man hours not only for the defense team but for court personnel also, including security personnel and the U.S. Marshals.  Not to mention mitigating the waste of thousands of dollars currently being spent in an unproductive and archaic manner.

5. The courthouse in Utah including the new courthouse is not properly equipped to accommodate defendants and defense counsel as needed when such cases involve CIPA.  The CISO has also informed defense counsel that despite its efforts over the past year the new courthouse will not have a SCIF available to accommodate Mr. Lustyik, Mr. Thaler, and their respective counsel.

6. Mr. Lustyik's residence is in White Plains, NY.  He lives fifteen minutes from SDNY, Westchester Federal Courthouse.  This would reduce tensions between U.S. District Court in Utah and the SDNY with regard to future scheduling matters.

7. Defense has extensive work yet to be completed in the discovery phase - review, and analysis, interviews of numerous witnesses and implementation of said materials for trial.  With Mr. Lustyik available and readily accessible to counsel and defense investigators it would significantly reduce preparation time for trial not to mention costs.

8. Defense investigators need to have access to the defendant to answer questions and clarify matters as they are conducting witness interviews. These interviews are not only complex in nature but in some instances can only be answered and explained by Mr. Lustyik due to their classified nature and his position as an FBI Agent/Intelligence Officer.  Having Mr. Lustyik available and accessible in a timely fashion is not only

necessary to properly prepare for trial but absolutely necessary if this court reasonably expects defense to be able to properly defend client and to proceed with trial on September 29, 2014.

9. Because there is no SCIF in Utah, the defense cannot communicate in any fashion with the defendant regarding SCI or certain classified material nor can the CISO bring it to be reviewed because there is no proper facility in Utah as it currently exists.  Without the necessary accommodations this trial will not be ready to proceed by September 29, 2014.

In closing, the defendant moves this Honorable Court to review the conditions and confinement of Mr. Lustyik and release him with stringent conditions pending trial.

Mr. Lustyik is not a flight risk nor a threat to the community.  There are conditions this court can impose which will provide more than ample assurance of compliance.  These conditions have been previously outlined in the defendant's last motion for reconsideration/review of detention and conditions.

Respectfully Submitted,
Robert G. Lustyik, Jr.,
By his attorney,

*/s/ Raymond Mansolillo*
Raymond Mansolillo, Esq. *(Admitted Pro Hac)*
101 Federal Street, Suite 1900
Boston, MA  02110
Telephone: (617) 342-7181
Facsimile:   (617) 342-7080
Email:       rmansolillo@cox.net

*/s/ Michael J. Langford*
Michael J. Langford, Utah State Bar #9682 *(Local Counsel)*
Law Office of Michael J. Langford, P.C.
9 Exchange Place, Suite 650
Salt Lake City, Utah  84111
Telephone: (801) 328-4090
Facsimile:   (801) 746-5613
Email:      Michael@mjl-law.com

**CERTIFICATION**

I hereby certify that on the 3rd day of April, 2014, I served a copy of this Notice of Appeal via CM/ECF system.

*/s/Raymond Mansolillo, Esq.*