DANIEL CALABRO, JR. (*admitted pro hac vice*)
24 Pettaconsett Ave.
Suite F
Cranston, RI 02920
Telephone:     (401) 390-3342
Facsimile:     (888) 461-1955
calabrolaw@cox.net
calabrolaw@gmail.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>ROBERT G. LUSTIYK, JR., MICHAEL L. TAYLOR, and JOHANNES W. THALER)<br><br>Defendants | Criminal No. 2:12-cr-00645 (TC)<br><br>Honorable Tena Campbell |

**DEFENDANTS' JOHANNES THALER AND ROBERT LUSTYIK'S OBJECTION TO GOVERNMENT'S MOTION FOR DISCLOSURE OF TAX RETURN INFORMATION AND FOR PROTECTIVE ORDER [619]**

Defendants Johannes Thaler and Robert Lustyik (hereinafter collectively "Defendants") hereby object to the Government's Motion for Disclosure of Tax Return Information and for Protective Order (Doc. 619). In support of their objection, Defendants state the following:

1

1. On March 27, 2014, the Government filed a Motion pursuant to 26 U.S.C. §6103(i)(4) requesting this Court's permission to disclose Defendant's tax return information to Defendants and their counsel.

2. In its Motion, the Government acknowledges that 26 U.S.C. §6103 generally prohibits disclosure of "any return or return information" absent a specific exception. Furthermore, 26 U.S.C. §1603(i)(4)(D) provides, "In ruling upon the admissibility of returns or return information, and in the issuance of an order under subparagraph (A)(ii), the court shall give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title."

3. 26 U.S.C. §6103(i)(4)(A) permits disclosure in two situations: "(i) if the court finds that such return or taxpayer return information is probative of a matter in issue relevant in establishing the commission of a crime or the guilt or liability of a party, or (ii) to the extent required by order of the court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure."

4. In Paragraph 6 of its Motion, the Government acknowledges that the inclusion of information regarding an illegal scheme would be discoverable under Rule 16 of the Federal Rules of Criminal Procedure. The Government ventures further and makes the surprising assertion that the omission of such information is also probative of concealment of the scheme.

5. The Government's reliance upon 26 U.S.C. §6103(i)(4)(A)(i) is misplaced. In asserting that such returns may be probative of a crime or the guilt or liability of a party, the Government alleges the returns will show Defendants failed to report the proceeds of their scheme. The Government seems to have forgotten that it still carries

the burden of proving the alleged scheme; the omission of information from the returns is probative of the crime if and only if the underlying scheme has actually been committed. Here, the Government's argument is an exercise in circular logic – if the proceeds are missing it is evidence of the alleged scheme, but only if the alleged scheme is already proven.

6. Defendants continue to assert their innocence. The omission of information regarding illegal proceeds from Defendants' returns is no more probative of a crime than the omission of illegal proceeds from undersigned counsel's returns; such information simply does not exist.

7. The Government has likely obtained the returns and return information pursuant to 26 U.S.C. §6103(i)(1), permitting disclosure of such information for use in criminal investigations. However, the Government has <u>not</u> alleged in its Motion that Defendants' returns have any information supporting the scheme charged in the Indictment, thereby making the information discoverable under §6103(i)(4)(A)(ii). Surely, such information would be readily identified by the Government and would abrogate the necessity of the catch-22 paradox set forth in Paragraph 6 of the Motion.

8. Defendants aver that their returns will contain no information regarding proceeds from the alleged scheme as they are not guilty of the alleged scheme.

WHEREFORE, Defendant respectfully request this Court <u>DENY</u> the Government's Motion for Disclosure of Tax Return Information. Defendants request a hearing on this matter.

Respectfully submitted,

Johannes Thaler
By his attorney,

/s/ Daniel Calabro, Jr.
Daniel Calabro, Jr., Esq.
24 Pettaconsett Ave.
Suite F
Cranston, RI 02920
401-390-3342(tel)

Robert Lustyik, Jr.,
By his attorney,

/s/ *Raymond Mansolillo, Esq.*
Raymond Mansolillo, Esq.
100 Federal Street
Suite 1900
Boston, MA 02110
617-342-7181

## CERTIFICATION

I hereby certify that on the 4th day of April, 2014, I filed this Response electronically through the CM/ECF system for the Utah Federal District Court.

*/s/ Daniel Calabro*

4