| | | |
|---|---|---|
| JACK SMITH, Chief<br>David V. Harbach, II, Deputy Chief<br>Maria N. Lerner, Trial Attorney<br>U.S. Department of Justice<br>Criminal Division, Public Integrity Section<br>1400 New York Ave. NW, 12th Floor<br>Washington, D.C. 20530<br>Telephone:   202.514.1412 | JAIKUMAR RAMASWAMY, Chief<br>Ann Marie Blaylock Bacon, Trial Atty<br>U.S. Department of Justice<br>Criminal Division, Asset Forfeiture and<br>   Money Laundering Section<br>1400 New York Ave. NW, 10th Floor<br>Washington, D.C. 20530<br>Telephone:   202.514.1263 | DAVID B. BARLOW, U.S. Atty (# 13117)<br>Karin Fojtik, A.U.S.A. (# 7527)<br>U.S. Attorney's Office, District of Utah<br>185 South State Street, Suite 300<br>Salt Lake City, Utah 84111-1506<br>Telephone: 801.524.5682<br>Facsimile: 801.524.6924 |

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ROBERT G. LUSTYIK, JR., and<br>JOHANNES W. THALER,<br><br>                Defendants. | Case No.  2:12-cr-645 (TC) (DBP)<br><br>**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR LIMITED DISCLOSURE OF TAX RETURN INFORMATION** |

       The United States of America, by and through undersigned counsel, respectfully files this reply in support of its Motion for Limited Disclosure of Tax Return Information and for Protective Order, filed on March 27, 2014.  (Doc. 619).

       As noted in the Government's Motion, the Government is in possession of tax returns and return information ("tax materials") for defendants Lustyik and Thaler, which it obtained during the investigation of this case.  (Doc. 619 at 1).  The two purposes of the Government's Motion were (1) to obtain permission from the Court to produce the tax materials to the defendants, and (2) to request an additional protective order to cover the tax materials.

      Title 26, United States Code, Section 6103(i)(4)(A) states that tax returns and return information obtained pursuant to 26 U.S.C. § 6103(i)(1) may be disclosed "in any judicial or administrative proceeding pertaining to enforcement of a specifically designated Federal criminal statute or related civil forfeiture (not involving tax administration) to which the United States or

a Federal agency is a party— (i) if the court finds that such return or taxpayer return information is probative of a matter in issue relevant in establishing the commission of a crime or the guilt or liability of a party, or (ii) to the extent required by order of the court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure."

On April 4, 2014, defendants Lustyik and Thaler filed a response in opposition to the Government's Motion. (Doc. 624). They claim the Government has employed "circular logic" and posited a "catch-22 paradox" in suggesting that defendants' omission of proceeds of the charged scheme from their tax returns could be probative of their concealment of the scheme. (Doc. 624 at 3). Lustyik and Thaler also attack the Government and claim that it "seems to have forgotten" its burden of proof on the underlying scheme. (Doc. 624 at 2–3).

Neither contention is true. The Government is fully of aware of its burden of proof in this case, including proving the existence of the bribery scheme alleged in the Indictment. But it is also black-letter law that evidence of concealment is probative of consciousness of guilt. *See, e.g.*, *United States v. Porter*, 2014 WL 868791, at *17 (10th Cir. March 6, 2014) (citing cases); *United States v. Sasso*, 695 F.3d 25, 29 (1st Cir. 2012); *United States v. Davis*, 490 F.3d 541, 549 (6th Cir. 2007) (criminal intent can be inferred from efforts to conceal unlawful activity).

Of course, the defendants are surely right that another possible inference from the absence of any proceeds in the tax returns is that there was no scheme to begin with and the Government's theory is wrong—but that is a jury argument. That the tax returns are susceptible of differing interpretations does not render them irrelevant. *See* Fed. R. Evid. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). And it surely does

not affect whether they are "probative of a matter in issue relevant in establishing the commission of a crime." 26 U.S.C. § 6103(i)(4)(A)(i).

Nor does the Government's articulation of a basis for disclosure under the Title 26 framework unfairly presuppose the existence of the scheme, any more than the Indictment does. Whether the allegations in the Indictment are proven is the question for trial, and in the Government's view, the best and fairest course is for all parties to be privy to the tax materials in advance of it.

Defendants' opposition to the Government's motion is puzzling, because the only relief sought by the Government is authorization to produce the materials to the defendants and entry of an associated protective order. The threshold requirements for disclosure having been met, the Government respectfully requests that the Court grant the motion, authorize the Government to disclose the tax materials to the defendants, and enter the requested protective order.

Respectfully submitted,

| | |
|---|---|
| JACK SMITH | JAIKUMAR RAMASWAMY |
| Chief | Chief |
| By: /s/ David V. Harbach, II | By: /s/ Ann Marie Blaylock Bacon |
| David V. Harbach, II, Deputy Chief | Ann Marie Blaylock Bacon, Trial Attorney |
| Maria N. Lerner, Trial Attorney | Asset Forfeiture/Money Laundering Section |
| Public Integrity Section | |