| | | |
|---|---|---|
| JACK SMITH, Chief | JAIKUMAR RAMASWAMY, Chief | DAVID B. BARLOW, U.S. Atty (# 13117) |
| David V. Harbach, II, Deputy Chief | Ann Marie Blaylock Bacon, Trial Atty | Karin Fojtik, A.U.S.A. (# 7527) |
| Peter M. Koski, Deputy Chief | U.S. Department of Justice | U.S. Attorney's Office, District of Utah |
| Maria N. Lerner, Trial Attorney | Criminal Division, Asset Forfeiture and | 185 South State Street, Suite 300 |
| U.S. Department of Justice | Money Laundering Section | Salt Lake City, Utah 84111-1506 |
| Criminal Division, Public Integrity Section | 1400 New York Ave. NW, 10th Floor | Telephone:      801.524.5682 |
| 1400 New York Ave. NW, 12th Floor | Washington, D.C. 20530 | Facsimile:       801.524.6924 |
| Washington, D.C. 20530 | Telephone:   202.514.1263 | |
| Telephone:   202.514.1412 | | |

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT G. LUSTYIK, JR., and<br>JOHANNES W. THALER,<br><br>        Defendants. | Case No.  2:12-cr-645 (TC) (DBP)<br><br>**GOVERNMENT'S UNCLASSIFIED SUPPLEMENT TO ITS RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME** |

The United States of America, by and through undersigned counsel, respectfully files this substitute unclassified version of its classified Supplement to Response to Defendants' Motion for Extension of Time.  This substitute version is essentially identical to the classified version, other than identifying as "Individual 1" the person who is named in that supplement.[1]  In light of the submission of this unclassified version of the Government's supplement to its response, the Government withdraws its classified version.

---

[1]     The letter notice explaining Agency 2's equities (*see* Doc. 640 at 3 & n.2) is not quoted herein, as it remains classified.  However, because the defendants have received and read the letter (and indeed, appended it to their motion as an exhibit), the defendants are familiar not only with the identity of Individual 1, but also with the nature of Agency 2's equities.

The United States, by and through undersigned counsel, respectfully submits this supplement to its response to its response to Defendants' Motion for an Extension of Time to file their notices under Section 5 of the Classified Information Procedures Act ("CIPA"), or alternatively, to dismiss the Indictment.  This supplement fulfills the limited purpose of clarifying the nature of the single classified subject which implicates Agency 2's equities in certain of the unclassified material which could potentially be classified.

As the Court and defendants will note from the April 18, 2014, letter appended to defendants' motion, the following admonition was given to defendants regarding their handling of certain material for purposes of their CIPA Section 5 motion: [*admonition, which is classified, is not repeated here; in their motion, defendants state that they reviewed that admonition on April 23, 2014.*]

This admonition was intended to put defendants on notice that to the extent they wished to rely on information associating Individual 1 with certain agencies identified in the April 18, 2014, letter, that association was classified at the level identified in the April 18, 2014 letter.

To the extent that Individual 1's association with certain agencies was referred to in the classified material the Government provided to the defendants, such documents had already been properly classified and marked; to the extent that defendants wished to use such material, they would have to notice it in their Section 5 motion.  The same is true if they wished to elicit testimony regarding any such information contained within the classified discovery, or such information independently known by the defendants.  Consequently, the aforementioned admonition was intended to alert defendants that they needed to give notice through their Section 5 motion if they sought to use this association between Individual 1 and certain agencies through

any discussion of this association that may have appeared in the unclassified material as a result of a "leak" of this information found in the defendants' personal email accounts.

Through its admonition, the Government sought to quickly inform the defendants of the need to notice in their Section 5 motion any discussion found in the *unclassified* discovery of the association between Individual 1 and certain agencies.  Because the Government received guidance from Agency 2 at a very late date, despite multiple requests over several months, the Government did not wish to impede defendants' ability to timely complete their Section 5 motion, and thus put defendants on notice of the *topic* which required notice under Section 5, rather than identifying the specific documents which would require a classification review.  The Government would of course not object to any lack of specificity in defendants' Section 5 motions regarding this topic, so long as it had been properly noticed in their motions.

The Government has now identified the documents for which Agency 2 will have to conduct a classification review.  In order to expedite defendants' review of this information in order to complete their Section 5 motions, the Government is providing defendants these documents through the CISO.  Although the classification review has not been completed, there is precedence for this approach, in order to permit defendants to complete their review of potentially classified material without delaying matters in this case.  Thus, to the extent that defendants want to use any of this material, they would have to notice it in their Section 5 motion.  Should Agency 2 ultimately determine that some of those documents are unclassified, then the Court will not have to rule on them in the CIPA context.

Dated:  May 6, 2014

    Respectfully submitted,

| | | |
|---|---|---|
| JACK SMITH<br>Chief | | JAIKUMAR RAMASWAMY<br>Chief |
| By:  */s/ David V. Harbach, II*<br>David V. Harbach, II, Deputy Chief<br>Peter M. Koski, Deputy Chief<br>Maria N. Lerner, Trial Attorney<br>Public Integrity Section | | By:  */s/ Ann Marie Blaylock Bacon*<br>Pamela Hicks, Deputy Chief<br>Ann Marie Blaylock Bacon, Trial Attorney<br>Asset Forfeiture/Money Laundering Section |