JACK SMITH, Chief
David V. Harbach, II, Deputy Chief
Peter M. Koski, Deputy Chief
Maria N. Lerner, Trial Attorney
U.S. Department of Justice
Criminal Division, Public Integrity Section
1400 New York Ave. NW, 12th Floor
Washington, D.C. 20530
Telephone:   202.514.1412

JAIKUMAR RAMASWAMY, Chief
Ann Marie Blaylock Bacon, Trial Atty
U.S. Department of Justice
Criminal Division, Asset Forfeiture and
    Money Laundering Section
1400 New York Ave. NW, 10th Floor
Washington, D.C. 20530
Telephone:   202.514.1263

DAVID B. BARLOW, U.S. Atty (# 13117)
Karin Fojtik, A.U.S.A. (# 7527)
U.S. Attorney's Office, District of Utah
185 South State Street, Suite 300
Salt Lake City, Utah 84111-1506
Telephone:            801.524.5682
Facsimile:              801.524.6924

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>ROBERT G. LUSTYIK, JR. and<br>JOHANNES W. THALER,<br><br>             Defendants. | Case No.  2:12-cr-645 (TC) (DBP)<br><br>**GOVERNMENT'S RESPONSE TO COURT'S ORDER OF JUNE 18, 2014** |

The United States, by and through undersigned counsel, hereby responds to the Court's Order of June 18, 2014, regarding document productions made by the Government. The chart below summarizes the unclassified document productions made by the Government in this case. Specifically it shows that Productions 2, 5, and 6 were originally made to defendants over a year before the May 2014 clawback and Production 9 was originally made approximately eleven months before the clawback. Thus, defendants had sufficient time to fully review the unclassified productions before the clawback and should, going forward, be able to use an electronic document review platform to do targeted searches of the documents rather than reviewing all of the documents.[1]

---

[1] Defendants have never stated how many documents they reviewed before the May 2014 clawback. If they had reviewed all or most of the documents by the time of the clawback, going forward they should be able to use targeted searches to isolate documents to prepare for trial, or

The chart below contains four columns. The first provides the name of the unclassified document production in the format requested by the Court; the second contains the date the production was sent via Federal Express or hand delivered to defendants; the third contains the total number of documents in the production; and the fourth contains the number of new documents in a given production (*e.g.*, for a reproduction the number in column four would be zero).

| Unclassified Document Production Name | Date Produced | Number of Pages | Number of New Pages |
|---|---|---|---|
| 2012 | | | |
| Production 1 | December 5, 2012 | 8,848 | 8,848 |
| Production 2 | December 19, 2012 | 111,979[2] | 111,979 |
| Production 3 | December 27, 2012 | 472 | 472 |
| 2013 | | | |
| Production 4 | February 5, 2013 | 8,484 | 8,484 |
| Production 5 | March 8, 2013 | 41,462 | 41,462 |
| Production 6 | May 2, 2013 | 898,931 | 898,931 |
| Production 7 | May 2, 2013 | 4 files<br>1 file embedded with links to other files | 4 files<br>1 file embedded with links to other files |

at the very least, be able to quickly re-review these documents, as they are now familiar to counsel. If they had not reviewed most of the documents at the time of the clawback, then the clawback itself has had little to no effect on defendants' ability to prepare for trial.

---

[2]   For Productions 2, 5, and 9, the number of produced pages is slightly higher on this chart than the number of produced pages listed in production letters accompanying those productions. For a small number of documents in the Relativity database, no number was listed in the "Page Count" field. Accordingly, when prosecutors summed the "Page Count" numbers when initially producing the documents, a small number of documents were not counted.

| Unclassified Document Production Name | Date Produced | Number of Pages | Number of New Pages |
|---|---|---|---|
| Production 8 | May 2, 2013 | 6 videos | 6 videos |
| Production 9 | June 29, 2013 | 21,877 | 21,877 |
| Production 5 (Reproduction) | September 4, 2013 | 41,459 | 0 |
| Production 6 (Reproduction) | September 4, 2013 | 898,834 | 0 |
| 2014 | | | |
| Production 10 | March 19, 2014 | 454 | 326 |
| Production 2 (Reproduction) | May 27, 2014 | 111,736 | 0 |
| Production 5 (Re-Reproduction) | May 27, 2014 | 41,444 | 0 |
| Production 6 (Re-Reproduction) | May 27, 2014 | 898,577 | 0 |
| Production 9 (Reproduction) | May 27, 2014 | 21,709 | 0 |
| Production 11[3] | May 30, 2014 | 236 | 0 |

As displayed in the chart above, the Government has only produced 326 new pages of unclassified documents to defendants since June 29, 2013. The Government produced the vast majority of unclassified discovery more than a year before the May 2014 clawback, giving defendants ample time to do a first cut through the discovery prior to the clawback.

As noted in the discovery letter accompanying Production 6, and discussed in the briefings and arguments related to the motions to suppress, Production 6 and its subsequent reproductions are misleadingly large, because 99% of Production 6 consists entirely of the vast

---

[3]   Production 11 consisted of previously produced documents with redactions by Agency 1.

number of files recovered from defendant Thaler's hard drives (where the review should have been less onerous for defendants given that defendant Thaler should know what is on his own hard drives, and only forensic images, not the hard drives themselves, were seized from defendant Thaler) and defendant Taylor's laptop. The Government itself did not review all of the documents in Production 6 and instead relied on search terms to limit the number of documents to be reviewed. Those search terms were provided to defendants on October 14, 2013, in advance of the hearing on the motions to suppress.

Further, defendants should have been diligently reviewing documents during the summer of 2013, as from May 6, 2013 through October 16, 2013, the trial date was set for November 12, 2013. Defendants would have needed to review the unclassified materials early, as they knew they would later be getting classified materials. Further, as most of the substantive material had been produced to defendants by March 8, 2013 (*see* Production 5 and the description of Production 6 *supra*), defendants had ample time during the summer of 2013 to review that material in advance of the November 13 trial date. Thus, defendants should have completed their review of these documents by the end of 2013, and there is no need to re-review all of them.

Finally, as noted in the Government's Response to Defendants' Motion to Continue (Doc. 687), the Government is currently creating a reproduction of the Reproduced Productions 2, 5, 6, and 9 that do not contain the suppressed documents. That production would only contain 342,231 pages of documents compared to the 1,073,466 pages reproduced on May 27, 2014. None of these documents will be new. The Government's Litigation Support Group continues to believe that such a production will be ready by July 9, 2014.

number of files recovered from defendant Thaler's hard drives (where the review should have been less onerous for defendants given that defendant Thaler should know what is on his own hard drives, and only forensic images, not the hard drives themselves, were seized from defendant Thaler) and defendant Taylor's laptop. The Government itself did not review all of the documents in Production 6 and instead relied on search terms to limit the number of documents to be reviewed. Those search terms were provided to defendants on October 14, 2013, in advance of the hearing on the motions to suppress.

Further, defendants should have been diligently reviewing documents during the summer of 2013, as from May 6, 2013 through October 16, 2013, the trial date was set for November 12, 2013. Defendants would have needed to review the unclassified materials early, as they knew they would later be getting classified materials. Further, as most of the substantive material had been produced to defendants by March 8, 2013 (*see* Production 5 and the description of Production 6 *supra*), defendants had ample time during the summer of 2013 to review that material in advance of the November 13 trial date. Thus, defendants should have completed their review of these documents by the end of 2013, and there is no need to re-review all of them.

Finally, as noted in the Government's Response to Defendants' Motion to Continue (Doc. 687), the Government is currently creating a reproduction of the Reproduced Productions 2, 5, 6, and 9 that do not contain the suppressed documents. That production would only contain 342,231 pages of documents compared to the 1,073,466 pages reproduced on May 27, 2014. None of these documents will be new. The Government's Litigation Support Group continues to believe that such a production will be ready by July 9, 2014.

Thus, the Government's productions of discovery have not contributed to any defense need for a continuance.

Respectfully submitted,

| | |
|---|---|
| JACK SMITH<br>Chief | JAIKUMAR RAMASWAMY<br>Chief |
| By: */s/ Maria N. Lerner*<br>David V. Harbach, II, Deputy Chief<br>Peter M. Koski, Deputy Chief<br>Maria N. Lerner, Trial Attorney<br>Public Integrity Section | By: */s/ Ann Marie Blaylock Bacon*<br>Ann Marie Blaylock Bacon, Trial Attorney<br>Asset Forfeiture/Money Laundering Section |