IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

|  |  |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>  v.<br><br>Robert G. Lustyik, Jr., and<br>Johannes W. Thaler,<br><br>        Defendants, | Case No. 2:12-cr-00645-TC-DBP |

**DEFENDANTS JOINT MOTION FOR RECONSIDERATION OF JUDGE CAMPBELL'S ORDER DOC. NO.705 AND DEFENDANT'S REQUEST FOR REASONABLE AND NECESSARY CONTINUANCE (BASED UPON THE COURT'S READING OF THE RECORD; THE RECORD/TRANSCRIPT IS INCORRECT AND THE COURT BASED ITS DENIAL ON INCORRECT FACTS)**

Defendants, Robert G. Lustyik, Jr. and Johannes W. Thaler through their respective counsel, Raymond Mansolillo and Daniel Calabro, Jr., respond to Judge Campbell's Order [Doc. No.705]. The order was replete with disparaging and contemptuous statements made against counsel for the defendants, which are inaccurate. This appears to have stemmed from this court's reading of the record which is incorrect and not accurate.

The defendants request the Honorable Court to re-examine the record in this case and the on-goings and reconsider its decision based upon the true events which have occurred during the pre-trial of the instant case and grant a reasonable continuance which is necessary for the defendants to prepare for their defense.

Although Judge Campbell's order was 22 pages, defendants' counsel, without the same misplaced contempt, will point directly to the court's reliance on inaccurate facts in its analysis which starts on page 11 of its 22 page order.

To begin, defendants' counsel points out to this court the fact that the record is not correct.  This court relied heavily (Doc. #705; page 15, lines 4 and 5) upon a falsehood and continued to reiterate such reasoning over and over again throughout the 22 page order.  In essence, Judge Campbell goes on for almost 11 pages lambasting defendants counsel for matters which were first caused by the government (the "inadvertent" leaks/spillage of classified information into unclassified discovery production by the government) and second which were mischaracterized by the court with snippets of transcripts incorrectly transcribed or taken out of context.

**Diligence** – Counsel for Mr. Lustyik never said his "investigators haven't gotten to the regular discovery yet."  The transcript is not correct.  Counsel stated his team hasn't gotten through the discovery yet.  The court incorrectly relied its finding on an inaccurate transcript/record of what counsel averred to the court in a previous hearing.  What is so disturbing is that the court has had the opportunity to receive information about this case in its totality for more than a year and yet the court hangs its hat "heavily" in its analysis (factors 1, 2, 3, and 4) on an incorrect snippet from one statement which was not correctly transcribed.  The defendants point this out because this court has received numerous monthly billing statements from Mr. Lustyik's defense team, specifically its investigator(s) Mr. Charles Mulcahy, which evidences the billing hours which have been submitted to Judge Campbell and Judge Pead through CJA billing submissions indicating the extensive time they've put into discovery.

The clear simplicity to the matter is that before Judge Campbell improperly called the defendant's counsel liars in her order she or her very talented staff of three law clerks and Magistrate Pead's staff should have simply taken the information they already had in their possession and asked themselves… hey, this doesn't make much sense… the transcript says,

[albeit incorrectly] that Mr. Lustyik's defense team hasn't gotten around to reviewing discovery after a year and a half yet, their CJA billings show that the defense team has spent a majority of their time on reviewing discovery productions.  Instead of conducting a thorough and complete analysis (a scientific basis to any analysis requires reasonable deduction) the court jumps to an immediate conclusion, without conducting any deductive reasoning, that counsel for the defense is lying.  The court's reasoning is they (defense counsel) exercised no diligence and that is the reason they're asking for a continuance and I'm not going to give it to them because they exercised no diligence; a factor the court erroneously "weighs heavily" on.

    This is improper but whether the court is now going to blame defense counsel for not correcting the record before its review or whether defense counsel believes this court rushed its analysis and jumped to conclusions is immaterial.  The fact is simply the record is wrong and this court must reconsider the matter and its analysis with the benefit of the correct facts.

    This court's current analysis based upon an incorrect record and facts in its order Doc. No.705 flows into every factor (courts legal analysis) upon which this court utilizes as a barometer to grant or deny the defendants request for a continuance.

    The defendants have shown this to be the case in its aforementioned argument as it relates to this courts analysis, specifically factor #1 – diligence.  The court's incorrect analysis continues utilizing the wrong material facts and clearly flows into factor #2 purpose and need for continuance as well.  <u>PURPOSE AND NEED FOR CONTINUANCE</u>  -  Here again, the court makes reference to defense counsel [incorrectly] on page 16 and 17 of Doc. No.705 line 4, 10, and 12; "<u>Nevertheless, Mr. Mansolillo, counsel for Mr. Lustyik, told the court on March 27, 2014, that neither he nor his investigators had started reviewing the unclassified information in this case.</u>"… "The defendant's claim cannot be reconciled with the record before the court."

Once again on page 17, line 10-12, the court's analysis is clearly flawed based upon incorrect facts and record as it states.  "<u>If they had not reviewed most of the documents at the time of the clawback, then the clawback itself has had little to no effect on defendants ability to prepare for trial</u>."

The court clearly based its reasoning and ire on the incorrect facts in the record and believes the defense just did not review or prepare and that is the true underlying reason they want the continuance; therefore their request and argument fails because it would have had little to no effect on the defendant's ability to prepare.  Hence, what they said is not the true reason for the continuance so it also doesn't meet the **purpose and need factor.**  This again is flawed reasoning based on incorrect facts and an incorrect record.  (See same in F.N. 10 page 17 of Doc. No.705)

The court's flawed reasoning permeates into factor #3 – **inconvenience to government, witnesses, and the court.**  Again wrongfully stating on page 18, line 16-18, "<u>Now the defendants ask the public to wait even longer because they either made a drastic mistake or failed to do their jobs during the many months they left documents un-reviewed</u>."  Not only is this statement incorrect and disparaging it is so far adrift from judicial impartiality, defense counsel still has a hard time believing Doc. No.705 was actually written by Judge Campbell.

Lastly, this same reasoning is carried over and into factor #4 – **need asserted and possible harm.**  See page 19, 20, and 21 Doc. No.705 where the court states "…The defendants must take responsibility for their own failures, and they cannot 'bootstrap' these failures to argue prejudice."  The court clearly uses the implication that the defense's failures lie in their own doing because this court believes they have not gotten to the regular discovery yet.  This is not

the case and the court's analysis utilizing the corrected record and facts must be revisited and its analysis conducted anew.

### The Court Claims the Defense Deliberately Destroyed Work Product

This assertion that the defense deliberately purged their work product to get a continuance in this case is preposterous. Once again, the defense finds it hard to believe Judge Campbell wrote this order as it seems to belie any impartiality. The defense expects and is used to such outlandish accusations coming from the government prosecutors not the court and for the court to adopt whole cloth the opposing parties' argument is disheartening especially coming from an Article III Judge sworn to be fair and impartial. See page 11, line 12, 13, 14. "The government argues that defendants' failed to exercise any diligence or effort to maintain their work product" …and that by apparently destroying their own work product the defendants created their "expressed need" for a further delay in this case. This is inaccurate, this court is not correct in its assertion that the defendants could continue to legally possess such material it calls work product.

The defense had a legal obligation to return and purge all information it had in its possession and complied with the law and proper procedures to contain the leak or spillage of materials, which may harm the National Security of the United States. Moreover, we were requested and expected to do so by the CISO and its supervisors and were requested to confirm that such was done in an email to the CISO. The government nor the court can have it both ways, nor do "armchair quarterback", in "hindsight", or "should have done" remarks serve any purpose towards this courts function and the matter at hand. Defense counsel had a legal obligation to do so and possession of classified materials by the defense is prohibited by law unless it is viewed in a SCIF and stored and maintained within the strictures of the law. This was

not just an inconvenience for the defense, it was a huge setback that severely prejudices the defendants. The courts implication in its order that the defendants should violate the law or not follow directives by the CISO or its self-serving comments about what the defense should have done differently is to operate in the murky waters and gray area of the law.  Moreover, the defense in a filing asked for the courts intervention in this matter.  (The defendants asked for a stay and a hearing based upon these exact matters at hand.  Mr. Calabro even made the suggestion to the court in his motion that as an alternative remedy the court should tell the government to inform the defense of the documents they were concerned with so everything would not have to be purged and turned back.  Now the court chooses to turn its back on defense counsel when it failed to intervene and address the matter.  The court denied the defendants motion and a request for a hearing.)  The defendants will not violate the National Security Laws under any circumstances nor are they willing to enter gray areas pertaining to such matters of National Security.  The court has implied that the defense failed to protect its work product as though it could readily discern what documents were classified, what were unclassified or what were questionable.  This is wrong and inaccurate.  The government could not get this correct itself when it "inadvertently" leaked/spilled classified documents into unclassified discovery productions on three separate occasions.  Moreover, it would have been an impossible burden for the defense to have met or even attempt to do under the circumstances.

    The court does not take into consideration that once the government claimed it inadvertently disclosed classified materials in a lot of over 1 million documents produced in unclassified discovery production that "work product" was no longer the defendants, nor could they legally possess it as the entire production had become tainted and comingled.  The defendants had no idea nor were they ever told which documents were which.  The defendants

posed this question to the CISO and the only reply was, "they want everything back." That answer was alarming as it immediately raised serious implications, with regards to the case moving forward and the potential prejudice to the defendants, which apparently were obvious to all but the court. Counsel for defendants discussed this with the CISO and his supervisors. They then filed an official inquiry with the Inspector General of the Intelligence Community and the court through the CISO. The court, in hindsight goes on to state the defendants could have done "this or that" after the fact. The reality is that they could not. Once again, it should be noted that the defendants requested the intervention of the court regarding this matter but was ignored. The defendants returned and purged the production as required and requested. The defendants very own security clearances relied on direct compliance with the CISO, its office, and the instant procedures implemented which were designed to contain a leak of National Security information. The CISO did their job by the "book" and so did the defendants counsel. It may be easy, but incorrect, to flip the blame on the defendants and their counsel but it is not accurate and still does not solve the underlying problem. Moreover, the court was aware or should have been aware of the matter at the time the defendants spoke to the CISO as defendants requested the CISO to forward its official inquiry to the Inspector General and the Court. The defendants also requested a hearing with the court as well and it was denied.

### **Additional and Collateral Issues Raised by the Court in Doc. No. 705**

Notwithstanding the aforementioned, the defendants have several other issues it wishes to address with the court due to mischaracterizations, inaccuracies or factual interpretations made by this court, in Doc. No.705, in its findings and hereby respectfully requests to address such matters with the court in a preliminary hearing, which will be helpful to this court in making its determination to reconsider its findings in Doc. No.705.

Such issues are as follows:

1. This courts insistence on meeting a self-imposed deadline of September 29, 2014 and the intermingled issues such as the effect that any continuance may or may not have on the New York trial,

2. The issue of upcoming CIPA §5, §6, and §7 (It seems abundantly clear this court could care less about the defendant, his defense and its constitutional right to pursue his own defense.  It is clear this court has already made up its mind intending to deny defendants use of classified materials necessary in order to defend themselves.  Simply if this court rules in favor of the defendants and its CIPA §5 or even parts of §5 CIPA filings it will force the government to file (as required by DOJ policy) a CIPA §7 appeal to the Tenth Circuit.  This appeal automatically stays all proceedings in the district court case pending the outcome of the Tenth Circuit's ruling.  Unless this court is predisposed to deny the defendants use of their classified materials (and the defendants believes it is) for their defense then, how would it be possible for the court to set a trial date written in stone and insist strict adherence to said date?  It could not, unless it was clairvoyant or had such predispositions.  Defense counsel believes this court based upon the posture it has taken has already made its decision to deny the defendants CIPA §5 request and upcoming filings.)

3. The issue of defendants' constitutional right to put on his own defense not one decided by or subscribed to by the government or the court.

4. The issue of security clearances as this court appears to want to abrogate, curtail or redesign clawback procedures.

  5.  The issue of CJA as eluded to in the courts order Doc No. 705 on page 6, line 17 - 23

making reference to matters regarding CJA funding and procedure,

"The court: 'You mean because you're CJA, you think that because you have to seek

permission to--'." and this courts clear bias towards the defendants.

  These are all collateral considerations intertwined with the defendants realistic assessments in meeting this courts self-imposed date of September 29, 2014.  The defendants respectfully request that this court reconsider its order and grant its motion based on the corrected facts presented to this court.



Respectfully Submitted,

Robert G. Lustyik, Jr.,
By his attorney,


*/s/ Raymond Mansolillo*
Raymond Mansolillo, Esq. *(Admitted Pro Hac)*
101 Federal Street, Suite 1900
Boston, MA  02110
Telephone: (617) 342-7181
Facsimile:   (617) 342-7080
Email: rmansolillo@cox.net

*/s/ Michael J. Langford*
Michael J. Langford, Utah State Bar #9682 (Local Counsel)
Law Office of Michael J. Langford, P.C.
9 Exchange Place, Suite 650
Salt Lake City, Utah  84111
Telephone: (801) 328-4090
Facsimile:   (801) 746-5613
Email:      Michael@mjl-law.com

Johannes W. Thaler,
By his attorney,

*/s/Daniel Calabro, Jr.*
Daniel Calabro, Jr.
24 Pettaconsett Ave, Suite F
Cranston, RI 02920
Telephone: (401) 390-3342
Email: calabrolaw@cox.net

## CERTIFICATION

I hereby certify that on the 11th day of July, 2014, I served a copy of this Motion for Reconsideration via CM/ECF system.

*/s/Raymond Mansolillo, Esq.*