IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

United States of America

    Plaintiff,

v.

Robert G. Lustyik, Jr., et al.,

    Defendants,

Case No. 2:12-cr-00645-TC-DBP

**OBJECTION TO MAGISTRATE'S ORDER [DOC #735] AND
INCORPORATED MOTION TO DISTRICT COURT JUDGE FOR
REINSTATEMENT OF ORIGINAL TRAVEL ORDER AND MISCELLANEOUS RELIEF**

Now comes defendant, Robert G. Lustyik, Jr., by and through his counsel, Raymond Mansolillo, in the above captioned matter and hereby objects to this Court's sua sponte order rescheduling of counsel's travel plans for hearing set for August 14, 2014, in Utah before the Honorable Tina Campbell.

The Magistrate's actions in handling said matters relating to defense counsel's representation of his client, particularly in the instant rescheduling matter, have become an unnecessary burden and only serve to hamper and delay counsel in effectuating its mission of providing the defendant with effective assistance of counsel necessary for adequate defense. Such interference with routine travel scheduling matters is tantamount to a grade school child having to request a written hall pass in advance before he/she can request permission to use the bathroom; an undoubtedly necessary function as well.

1

Counsel travel plans are well thought out in advance and utilizes as best possible and with prudence the allocated funding provided by CJA for its indigent client. Moreover, what is requested is "necessary" for an adequate defense and the defendant's right to a fair opportunity to present a defense. This right is grounded in the fourteenth amendment and such unnecessary interference serves to impede the defendant's "meaningful access to justice" lending to both due process and equal protection infringements.

This court in its zeal to oversee its fiscal responsibility cannot put those interests above those of the defendant's rights mentioned above. No one contests or doubts the importance of this Court's function in its duties to ensure fiscal soundness and responsibility, it is a recognized function every court in this country strives to adhere to. Its approach however must be grounded in common sense, reasonableness, and must not infringe on the defendant's right to receive a fair trial that includes sufficient time and resources for counsel to prepare said defense.

The defendant's motion for request to travel was presumably denied, and altered by the magistrate for purely the financial reasons of cutting CJA expenses. This was done at the expense of the defendant and its counsel prudently preparing for trial.

Defendant requested travel for a hearing on August 14, 2014. Its itinerary was as follows:

- Departing Northeast en route to Utah hearing, August 12, 2014
- Arriving approximately10-12 hours later on August 13, 2014
- Scheduled hearing before Judge Campbell August 14, 2014 at 9:00 am
- Depart to Northeast the morning of August 15, 2014

The magistrate changed counsel's travel itinerary for no other than financial reasons and sua sponte rescheduled counsel's travel order. Magistrate's order requires travel to take place on

August 13 and August 14, 2014.  This type of petty meddling into counsel's work schedule is outrageous and beyond this Court's authority with the exception of requests which are clearly unnecessary and wasteful.

It is clearly apparent the magistrate cannot conceptualize the actual time needed for such matters.  His rescheduling belies reasonableness and seems to imply counsel's request is unnecessary and tantamount to meandering around unnecessarily.  This court knows full well the recent events of the case and the defense's multiple requests for a continuance to carry out its tasks.  As such, one would reasonably think the defense has plenty to do (as it does), however, putting that aside the mere logistics of the magistrate's order is unreasonable as it would require defense counsel to travel approximately ten hours (flight time only) across the country which on most scheduled flights arrive Utah at 10:00 p.m. or later (midnight or after for counsel).  After traveling at least twelve (12) hours (to and from airports and hotels) counsel would be required to prepare presumably sometime in the middle of the night for an important, complex, and highly contested hearing commencing at 9:00 a.m. before Judge Campbell. This is impractical and imprudent unless it was an absolute emergency. It simply would not allow adequate time for counsel to prepare (even taking into consideration counsel has been preparing in advance) nor to handle related matters that are intrinsic to such a case, such as speaking with local counsel, meeting with the CISO (who plans on arriving the day before as well) to receive and review documents necessary for hearing, reviewing case strategy with co-counsel and later reviewing and documenting new courtroom capabilities and accessibility for IT personnel in preparation for trial (this was planned to be done after the hearing, the next morning prior to counsel's departure).  These are ordinary and common work activities that counsel had anticipated accomplishing which are necessary.  Even with three to four days one can clearly see there is

little time for hanging out at the "ski slopes" or wasting time.  Counsel obviously has several work related reasons it needs to be in Utah during that time period and none of it includes "down time."  Quite frankly, if the defendant's counsel had down-time or time to play, he would not be traveling to Utah in the middle of the summer for a criminal case matter to take it.  He would stay in his back yard a few miles from the ocean and go to the beach.

     The order (rescheduling travel) has served nothing more than placing another roadblock in front of the defendants and their counsel, which has gone on since the inception of this case.  The defense expects such to occur from its adversaries in the case but not from the court.  The attitude seems to suggest, "Well, if counsel does not agree, they can just keep objecting and bounce it up to the judge for review."  That is true, the defendant can; but it is time consuming to all involved and unnecessary, even more so at this juncture.  Such matters wasted on simple common sense administrative matters forces counsel to divert its time (or risk funding to defend its client) from material matters in putting forth its defense and is prejudicial to the defendant as it impedes his right to a fair trial.

     Accordingly, defendant, Robert G. Lustyik, Jr., through counsel, requests that this Honorable Court grant travel dates as originally requested, from August 12, 2014 to August 15, 2014.  Defendant also asks this court to assign all such future matters relating to CJA approval, authority and review to another magistrate, special master, or independent counsel.  Should the directives regarding the magistrate's indisparate treatment of the defendant and his reasons for taking such actions stem from the Judge in the instant case, the defendant motions this court to recuse itself from those matters as well.

*The concerns of the defendant are <u>not</u> merits related and do not directly relate to the merits of a decision or ruling by the magistrate but they do relate to an illicit or improper motive and go beyond any challenge to the correctness – "the merits" of the ruling(s) itself.*

Respectfully Submitted,

Robert G. Lustyik, Jr.,
By his attorney,


*/s/ Raymond Mansolillo*
Raymond Mansolillo, Esq. *(Admitted Pro Hac)*
101 Federal Street, Suite 1900
Boston, MA  02110
Telephone: (617) 342-7181
Facsimile:   (617) 342-7080
Email:      rmansolillo@cox.net



Michael J. Langford, Utah State Bar #9682 (Local Counsel)
Law Office of Michael J. Langford, P.C.
9 Exchange Place, Suite 650
Salt Lake City, Utah  84111
Telephone: (801) 328-4090
Facsimile:   (801) 746-5613
Email:      Michael@mjl-law.com

## CERTIFICATION

I hereby certify that on the 8th day of August, 2014, I served a copy of this Objection via CM/ECF system.

*/s/Raymond Mansolillo, Esq.*