| | | |
|---|---|---|
| JACK SMITH, Chief | JAIKUMAR RAMASWAMY, Chief | CARLIE CHRISTENSEN, Acting U.S.A. (#633) |
| Peter M. Koski, Deputy Chief | Ann Marie Blaylock Bacon, Trial Atty | Karin Fojtik, A.U.S.A. (#7527) |
| Maria N. Lerner, Trial Attorney | U.S. Department of Justice | U.S. Attorney's Office, District of Utah |
| U.S. Department of Justice | Criminal Division, Asset Forfeiture and | 185 South State Street, Suite 300 |
| Criminal Division, Public Integrity Section | Money Laundering Section | Salt Lake City, Utah 84111-1506 |
| 1400 New York Ave. NW, 12th Floor | 1400 New York Ave. NW, 10th Floor | Telephone:  801.524.5682 |
| Washington, D.C. 20530 | Washington, D.C. 20530 | Facsimile:   801.524.6924 |

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>     v.<br><br>ROBERT G. LUSTYIK, JR.,<br>JOHANNES W. THALER,<br><br>                  Defendants. | Case No.  2:12-cr-645 (TC) (DBP)<br><br>**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DEFENDANT LUSTYIK'S SPECIFIC INSTANCES OF CONDUCT PURSUANT TO RULE 405(b)** |

The United States, by and through undersigned counsel, respectfully moves this Court in limine to preclude Defendant Lustyik from introducing evidence of specific instances of conduct, as detailed below, pursuant to Rule 405(b) of the Federal Rules of Evidence.

**INTRODUCTION**

Defendants Robert G. Lustyik, Jr. ("Lustyik"), Michael L. Taylor ("Taylor"), and Johannes W. Thaler ("Thaler") have been charged in the Indictment (*see* Doc. No. 39) with engaging in a scheme to bribe Lustyik, who during the relevant time period was a Special Agent for the Federal Bureau of Investigation ("FBI"), in exchange for official acts aimed at persuading federal law enforcement agents and federal prosecutors to drop an investigation into Taylor that ultimately resulted in Taylor's indictment in *United States v. David Young, et al.*, 2:12-CR-502. As part of this scheme, Lustyik tried to prevent Taylor's indictment by, among other things,

1

signing Taylor up as an FBI source.  Based on discussions with defense counsel in the context of defendants' multiple CIPA Section 5(a) notices, the Government anticipates that Lustyik will seek to introduce evidence that in handling Taylor as a source, he acted in conformity with his prior practices in handling counterintelligence cases.  In point of fact, many of the topics Lustyik seeks to introduce evidence on pertain to practices that were never initiated with Taylor, and in some instances were not even contemplated.  These will be discussed in greater detail in the Government's CIPA Section 6(a) motion.  The Government anticipates that Lustyik will use this evidence in an effort to persuade the jury of the integrity of his character, that he acted in conformity with that integrity during the course of the charged conduct, and that the jury should draw the inference that as in other counterintelligence work he did where he was not charged with soliciting or accepting bribes, he had no criminal intent in handling Taylor.

     The Government moves in limine to preclude the admission of such evidence on the grounds that Federal Rule of Evidence 405(b) forbids the introduction of specific instances of conduct except "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense."  Because none of the charges Lustyik faces implicate his character as an essential element of a charge, and because there are no legally recognized defenses on which Lustyik could rely based on the charges, which would permit him to put his character in question, there is no legal basis to introduce testimony or evidence as to specific instances of conduct unrelated to how he handled Taylor in this case.   While Lustyik is permitted to introduce reputation or opinion testimony regarding his character, and while specific instances of conduct are permitted on *cross-examination* of such a reputation or opinion witness pursuant to

Rule 405(a), Lustyik is not permitted to himself introduce evidence of specific instances of conduct based on the charges in this case.[1]

## DISCUSSION

I. <u>Applicable Law: Federal Rule of Evidence 405(b)</u>

To the extent that Lustyik attempts to introduce evidence that in handling Taylor, he acted in conformity with his prior practices in his counterintelligence work, this evidence is inadmissible under Federal Rule of Evidence 405(b). Rule 405(b) makes clear that a defendant may only present evidence of specific instances of his conduct "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). Accordingly, "Rule 405(b) forecloses a defendant from introducing evidence of specific instances of conduct to circumstantially prove their character was inconsistent with criminal intent." *United States v. McMahan*, 394 F. App'x 453, 463 (10th Cir. 2010), *cert denied*, 131 S. Ct. 964 (Jan. 10, 2011).

In considering Rule 405, the Tenth Circuit has explained that "[w]hen character evidence is used circumstantially to create an inference that a person acted in conformity with his or her character," Rule 405 does not allow proof of character through specific instances of conduct. *United States v. Talamante*, 981 F.2d 1153, 1156 (10th Cir. 1992) (citing Fed. R. Evid. 404(a) advisory committee's note; Fed. R. Evid. 405 advisory committee's note). This is because character is properly proven through opinion or reputation evidence, Fed. R. Evid. 405(a), and specific instances of conduct may only be used to prove character when that conduct is "an

---

[1] The Government addresses this issue in its CIPA Section 6(a) brief as well, but separately files this motion to cover instances of classified information that the Government is making available to defendants in an unclassified, redacted format, but about which it has not waived any of its evidentiary objections.

essential element of a charge, claim, or defense." *Perrin v. Anderson*, 784 F.2d 1040, 1045 (10th Cir. 1986).

The Tenth Circuit has narrowly defined the admissible conduct that is "an essential element of a charge, claim, or defense" under Rule 405(b). Quoting the advisory committee notes to Rule 405, the Tenth Circuit stressed that "such evidence may be used only when character is in issue 'in the strict sense.'" *Id.* (quoting Fed. R. Evid. 405 advisory committee note). The Tenth Circuit continued that "[c]haracter is directly in issue in the strict sense when it is 'a material fact that under the substantive law determines rights and liabilities of the parties.'" *Perrin*, 784 F.2d at 1045 (quoting *McCormick* § 187, at 551). For example, Rule 405 would prohibit "evidence [] being offered to prove that the defendant acted in conformity with the character trait," and would only allow evidence of specific instances to be introduced when it "determines the rights and liabilities of the parties." *Perrin*, 784 F.2d at 1045 (quotation marks omitted). The Tenth Circuit has explained that specific instance evidence must be restricted under Rule 405(b) because "[t]estimony concerning specific instances of conduct is the most convincing, of course, but it also 'possesses the greatest capacity to arouse prejudice, to confuse, to surprise and to consume time.'" *Id.* (quoting Fed. R. Evid. 405 advisory committee note).

For example, in *McMahan*, the Tenth Circuit affirmed the district court's refusal to allow the defendant to present specific instances of conduct to prove his character. 394 F. App'x at 463. Specifically, the Tenth Circuit found that the defendant's evidence, which showed that he previously refused to accept a questionable campaign contribution, was inadmissible under Rule 405(b). The Tenth Circuit explained that while the defendant "was entitled to present character evidence, he could not do so by offering evidence of specific instances of his conduct." *Id.* Likewise, in *Perrin*, the Tenth Circuit held that "the district court should not have permitted

4

testimony about prior specific incidents" because that evidence was "an example of the circumstantial use of character evidence" and "[w]hen character is used circumstantially, only reputation and opinion are acceptable forms of proof." 784 F.2d at 1045. Similarly, in *Talamante*, the Tenth Circuit held that "since [the defendant] offered testimony describing specific instances . . . as opposed to reputation or opinion evidence, this testimony was not admissible" under Rule 405. 981 F.2d at 1156. The Tenth Circuit again emphasized that "[w]hen character evidence is used circumstantially to create an inference that a person acted in conformity with his or her character, Rule 405 allows proof of character only by reputation and opinion." *Id.*

    II.    <u>Evidence of Lustyik's Conformity with Prior Practices in Handling Counterintelligence Cases is Irrelevant and Fails to Address Any Essential Element of a Charge or Defense</u>.

If Lustyik were allowed to introduce specific instances of conduct to show his prior practices in handling counterintelligence cases, he would circumstantially, and impermissibly, create the inference that he acted in conformity with his prior practices in handling Taylor. Evidence and argument in support of this assertion are impermissible under Rule 405(b) because here, Lustyik's character is not an essential element of a charge or defense. *See Perrin*, 784 F.2d at 1045.

First, Lustyik's character is not an essential element of the charges against him, namely, conspiracy, honest services wire fraud, and obstruction. The Tenth Circuit described that character may be directly at issue "[i]n a defamation action, for example, [where] the plaintiff's reputation for honesty is directly at issue when the defendant has called the plaintiff dishonest." *Perrin*, 784 F.2d at 1045. In a different example, a district court admitted specific instances of prior conduct under Rule 405(b) in a case where a plaintiff sued for emotional distress damages,

5

and the plaintiff's specific acts of drug and alcohol abuse, and mental illness, were introduced by the defendant as relevant to rebut the plaintiff's claims of emotional distress. *Chamberlin v. City of Albuquerque*, CIV 02-0603 JB/ACT, 2005 WL 2313515 (D.N.M. July 31, 2005). The Second Circuit related another example where specific instances of prior conduct could be admitted under Rule 405(b), observing that *Weinstein's Federal Evidence* treatise gave "as an example the issue of an employee's fitness to do her job in an action against the employer." *United States v. Doyle*, 130 F.3d 523, 542 (2d Cir. 1997) (citing J. Weinstein, M. Berger & J. McLaughlin, 2 *Weinstein's Federal Evidence* § 405.05[4] (1997)).

By contrast, Lustyik's character is plainly not at issue here, where character is not an essential element of any of the crimes charged against him. For example, the Seventh Circuit rejected the argument of a defendant, who was charged with wire fraud (the same charge that defendants are charged with in Counts 2 through 9 in the Indictment, *see* Doc. 39), that she should have been able to testify about her cooperation with the FBI as evidence of her law-abiding character. *United States v. White*, 737 F.3d 1121, 1137 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 2717 (U.S. 2014). The Seventh Circuit explained that the defendant's "law-abidingness, or lack thereof, is not an essential element of a wire fraud charge, nor a defense to it." *Id.*

Second, Lustyik may not argue or otherwise admit prior specific instances of conduct evidence to show that he did not intend to develop Taylor as a source for the purpose of accepting bribes and obstructing justice. Lustyik is prohibited from doing so because he may not use specific acts to circumstantially prove lack of intent. "Such a tactic is not only disfavored, it is not permitted under Rule 405(b)." *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (rejecting "the contention that lack of criminal intent may be demonstrated through specific acts evidence"). Simply put, "[e]vidence of good conduct is not admissible to negate

criminal intent." *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (quotation marks omitted).

Third, any prior good acts which Lustyik may seek to admit are irrelevant to the charges contained in the indictment. *Marrero*, 904 F.2d at 260. The fact that Lustyik may have been an exemplary counterintelligence agent in how he has handled his prior counterintelligence cases is not relevant to whether he signed Taylor up as a source for an illegitimate and illegal purpose—namely, to receive a lucrative portion of Taylor's future contracts in exchange for freeing Taylor of the Utah investigation. *See id.* That a defendant may also have engaged in similar, but otherwise legal, behavior in the past is not relevant to the question of whether the defendant engaged in the illegal behavior charged in the indictment. *See Ellisor*, 522 F.3d at 1270. Because evidence of Lustyik's past counterintelligence work is irrelevant to the charged crimes in *this* case, this evidence would be introduced for the simple and improper purpose of negating criminal intent by relying on prior good conduct.

In a similar case, the Second Circuit affirmed the district court's exclusion of the defendant's evidence of specific conduct under Rule 405(b). *United States v. Doyle*, 130 F.3d at 542. In *Doyle*, the Second Circuit held that the evidence the defendant sought to introduce—that he formerly cooperated with army intelligence—had "no bearing" on the charged crimes relating to the defendant's exportation of goods to Libya. *Id.* The Second Circuit rejected the defendant's argument that the specific acts were admissible under Fed. R. Evid. 405(b) as going to a direct element of the crime charged—intent or knowledge—"because those acts indicate that he would not knowingly act contrary to American policy toward Libya." *Id.* at 541-42. In holding that "[c]haracter is not an element of any of the crimes with which [the defendant] was charged," the Second Circuit explained that the defendant's "argument that character was an

7

element of these charges . . . distorts Rule 405 beyond recognition." *Id.* at 542. The Second Circuit continued that "if specific good deeds could be introduced to disprove knowledge or intention, which are elements of most crimes, the exception of Rule 405(b) would swallow the general rule of 405(a) that proof of specific acts is not allowed." *Id.*

Likewise, the District of Columbia Circuit held that a defendant's prior good acts—specifically, his former law enforcement awards—were inadmissible under Rule 405 because the defendant's dedication in investigating drug dealing and carjacking was "neither pertinent to nor an essential element of his supposed lack of predisposition to engage in the corrupt criminal activity with which he was charged." *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997). The First Circuit similarly held that evidence of a police officer's prior commendations were properly excluded because "the traits which they purport to show—bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to the crimes of perjury and conspiracy to commit mail fraud of which the defendant stood accused." *United States v. Nazzaro,* 889 F.2d 1158, 1168 (1st Cir. 1989) (quotation marks and alterations omitted).

Similarly, the Eastern District of Louisiana found that pictures depicting the defendant engaging in rescue operations after Hurricane Katrina were inadmissible evidence of specific instances of conduct. *United States v. Warren*, CRIM 10-154, 2010 WL 4668345 (E.D. La. Nov. 4, 2010). Because the defendant, a law enforcement officer, was charged with, among other things, obstruction, the court explained that "[t]o the extent that [the defendant] may attempt to introduce such photos to demonstrate a pertinent trait of character, the photos are inadmissible because they depict specific instances of conduct and none of the photos can reasonably be construed to depict a character trait that is an essential element of any charges against [the defendant] or a defense to such charges." *Id.*

In *Warren*, the court also found that a co-defendant, another law enforcement officer charged with obstruction and making false statements, was not permitted to admit evidence of his law enforcement awards. The court reasoned that the "charges implicate the truthfulness and veracity of Defendants" and that because the awards "do not detail specific instances of conduct that could reasonably be construed to show [the defendant's] character for truthfulness and veracity, [the defendant] may not introduce the commendations as evidence of specific instances of conduct relevant to an essential element of his defense." *Id*.

Of course, in some instances, such specific instances of conduct could be introduced to rebut the government's evidence theory of the case. For example, in *United States v. Terry*, the Northern District of Ohio permitted a defendant to introduce evidence of his public service record to rebut the government's theory that the defendant entered into a corrupt agreement to obtain a judgeship. 2011 WL 2149361 (N.D. Ohio May 31, 2011). Specifically, at a motions hearing, the government confirmed its theory that the defendant needed to enter a corrupt agreement to be given the judicial appointment. Accordingly, the defendant was permitted to enter the evidence of his public service record to show that he did not need the corrupt agreement to obtain a seat on the bench. In other words, the defendant in *Terry* did not offer the evidence to show his propensity for honest public service, but used the evidence to rebut the government's theory that he could not have received a judicial appointment without corruption.

In this case, however, the Government is *not* alleging that Lustyik handled Taylor as a source outside of his normal practices in prior counterintelligence work. The Government does *not* intend to introduce any evidence that Lustyik's official acts were done outside of his normal practices in his other cases. Rather, the Government will prove at trial that Lustyik's *motivations* for taking those official actions were illegal—that is, to reap the benefits of the bribes Taylor

9

offered and provided in exchange for Lustyik's official actions.  The Government will prove at trial that Lustyik had the *criminal intent* to commit the crimes of conspiracy, honest services wire fraud, and obstruction.  Lustyik's practices in his counterintelligence work are not at issue in this case.

The instant case is also distinguishable from the Tenth Circuit's decision in *United States v. Yarborough*, 527 F.3d 1092 (10th Cir. 2008).  In *Yarborough*, the Tenth Circuit found that a district court improperly excluded character evidence because, together, Rule 404(a)(1) and Rule 405(a) allow for the introduction of character evidence in the form of opinion or reputation testimony, and the district court erred in not allowing the defendant to call character witnesses to testify to the defendant's "integrity and status as a law-abiding, trusted police officer." *Id.* at 1102.  The Tenth Circuit described that the district court in *Yarborough* improperly excluded this evidence because the district court incorrectly reasoned that the evidence related to the defendant's "state of mind at a particular incident, rather than to the existence of 'operative facts.'"  *Id.*  On appeal, the Tenth Circuit reversed, finding that the district court relied on an erroneous reading of Rule 404(a)(1) and that the proffered character evidence was admissible insofar as "the sole issue before the jury [was] whether [the] defendant undertook his undisputed acts with a prohibited state of mind."  *Id.* at 1102.

*Yarborough* is distinguishable from this case, where the issue is not the introduction of opinion or reputation character evidence under Rule 405(a), but where Lustyik may attempt to prove his character and state of mind through the use of *specific acts* evidence.  Rule 405(b) and the Tenth Circuit simply do not allow evidence for such a purpose because, as explained *supra*, Lustyik's character is not an essential element of a charge or defense.  *See United States v. Keiser,* 57 F.3d 847 (9th Cir. 1995) ("The relevant question should be: would proof, or failure of

proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense? If not, then character is not essential and evidence should be limited to opinion or reputation."); *see also United States v. Herder*, 59 F. App'x 257, 264 (10th Cir. 2003) ("[I]t is the law of this circuit that 'a party may present testimony concerning specific instances of conduct only when 'character is in issue in the strict sense.'").

In sum, unlike a defamation action, where "[w]hether the plaintiff has the character trait in question itself determines whether the defendant is liable," Lustyik's prior practices in his counterintelligence work are not directly in issue "in the strict sense" required by the Tenth Circuit. *United States v. Morris*, 41 F. App'x 160, 164 (10th Cir. 2002); *see also Perrin*, 784 F.2d at 1045.

## **CONCLUSION**

For the reasons stated above, the Government respectfully requests that the Court preclude evidence relating to Lustyik's prior practices in his counterintelligence work.

Respectfully submitted,

| | |
|---|---|
| JACK SMITH<br>Chief | JAIKUMAR RAMASWAMY<br>Chief |
| By:  */s/ Maria N. Lerner*<br>Peter M. Koski, Deputy Chief<br>Maria N. Lerner, Trial Attorney<br>Public Integrity Section | By:  */s/ Ann Marie Blaylock Bacon*<br>Ann Marie Blaylock Bacon, Trial Attorney<br>Asset Forfeiture/Money Laundering Section |