JACK SMITH, Chief
Peter M. Koski, Deputy Chief
Maria N. Lerner, Trial Attorney
U.S. Department of Justice
Criminal Division, Public Integrity Section
1400 New York Ave. NW, 12th Floor
Washington, D.C. 20530

JAIKUMAR RAMASWAMY, Chief
Ann Marie Blaylock Bacon, Trial Atty
U.S. Department of Justice
Criminal Division, Asset Forfeiture and
    Money Laundering Section
1400 New York Ave. NW, 10th Floor
Washington, D.C. 20530

CARLIE CHRISTENSEN, Acting U.S.A. (#633)
Karin Fojtik, A.U.S.A. (# 7527)
U.S. Attorney's Office, District of Utah
185 South State Street, Suite 300
Salt Lake City, Utah 84111-1506
Telephone:  801.524.5682
Facsimile:   801.524.6924

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.  2:12-cr-645 (TC) (DBP) |
| v. | |
| ROBERT G. LUSTYIK, JR. and JOHANNES W. THALER, | **GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF TAYLOR'S VALUE AS A SOURCE AND OF PRIOR GOOD ACTS** |
| Defendants. | |

The Government, by and through undersigned counsel, hereby files a motion *in limine*,

seeking the following pretrial rulings: (1) precluding defendants Robert Lustyik and Johannes

Thaler from presenting evidence and argument regarding defendant Michael Taylor's value as a

source or defendants' perception of Taylor's value as a source; and (2) precluding evidence of

specific instances of good conduct by defendants, including, among other things, prior awards,

commendations, or other accolades defendant Robert Lustyik ("Lustyik") may have received

during his career as a Federal Bureau of Investigation ("FBI") agent.[1]

---

[1]     The Government addresses this issue in its CIPA Section 6(a) brief as well, but
separately files this motion to cover instances of classified information that the Government is
making available to defendants in an unclassified, redacted format, but about which it has not
waived any of its evidentiary objections.

## BACKGROUND

The defendants are named in an eleven count indictment that was returned on October 18, 2012, which charges them with conspiracy, in violation of 18 U.S.C. § 371, honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, obstruction of the due administration of justice, in violation of 18 U.S.C. § 1503(a), and obstruction of a proceeding before a department or agency, in violation of 18 U.S.C. § 1505.  The criminal charges in this case arise from an investigation into Taylor for military procurement fraud with respect to a contract with the U.S. Department of Defense, which resulted in Taylor's indictment and guilty plea in *United States v. David Young*, et. al., 2:12-cr-502-TC (the "military procurement fraud investigation").  Lustyik, a former FBI Special Agent, accepted and was promised bribes from Taylor in exchange for official acts aimed at persuading federal law enforcement agents and federal prosecutors to drop the military procurement fraud investigation.  Lustyik and Taylor sought to accomplish this goal with the help of Thaler, a childhood friend of Lustyik.  Taylor has pleaded guilty and is awaiting sentencing.  Lustyik and Thaler are set to stand trial on September 29, 2014.

## ARGUMENT

I.    **Evidence and Argument Regarding the Alleged Value of Taylor as a Source Should be Excluded.**

The Government anticipates that the defendants will seek to introduce evidence and present argument suggesting that: (1) Taylor previously provided valuable information to the FBI and various other law enforcement agencies during a time period outside the time period of the conspiracy; (2) Taylor provided valuable information to the FBI during the time period of the conspiracy; and (3) Taylor provided valuable information to law enforcement agencies and the United States Intelligence Community, other than the FBI, during the time period of the conspiracy.  For purposes of this motion the Government will refer to this type of evidence as

2

evidence as to Taylor's value as a source.  The Government expects that defendants will argue

that this evidence is relevant because Lustyik's intent in obstructing the grand jury and agency

proceedings was to ensure that he could continue to use Taylor as his source, or that because of

Taylor's value as a source, Lustyik and Thaler were granted authority by the FBI or some other

governmental entity to engage in illegal conduct.  The attempted introduction of this evidence by

defendants, however, is nothing more than an effort to turn the proceedings into a series of mini-

trials on topics far afield from the only issue in this case: Did Lustyik and Thaler accept things of

value from Taylor in exchange for Lustyik "blow[ing] the doors off" the military procurement

fraud investigation?  Doc. 39 at 18.  Indeed, the crime is completed once Lustyik and Thaler

agree to accept a thing of value in exchange for taking steps to prevent Taylor from being

indicted.  The crime is not taking steps to prevent Taylor from being indicted or opening Taylor

as a Confidential Human Source, although those acts are overt acts in furtherance of the corrupt

agreement among Lustyik, Thaler, and Taylor.  Because Taylor's value as a source has no

tendency to make such a *quid pro quo* relationship more or less probable, this evidence should be

excluded because it is completely irrelevant to the elements of the specific charges in this case

and defendants' proposed defense.  Further, even if arguably relevant, it should be excluded

under Rule 403 of the Federal Rules of Evidence because evidence of Taylor's value as a source

would create a mini-trial that would waste time and substantially risk confusing the jury, which

is not in a position to judge the quality or value of the intelligence information Taylor was

purportedly providing; indeed, judging the quality or value of such highly specific and sensitive

information is beyond the knowledge of any layperson.  For these reasons, as more fully set forth

below, evidence by defendants of Taylor's value as a source should be excluded.

## A. Evidence and argument relating to Taylor's value as a source should be excluded as irrelevant.

As a threshold matter, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Stated another way, only evidence that is relevant to the elements of the charges against the defendants, or to a legal defense, is admissible. *See* Fed. R. Evid. 402. The determination of relevancy involves an inquiry into whether the proffered evidence "possesses sufficient probative value to justify receiving it in evidence." Advisory Committee Notes, Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Thus, while a defendant is entitled to confront witnesses and present a defense, he "does not have a due process right to present irrelevant evidence." *Ellis v. Mullen*, 326 F.3d 1122, 1134 (10th Cir. 2002).

The application of the test of relevancy to this case is straightforward. Defendants have been charged with one count of conspiracy, eight counts of honest services wire fraud, one count of obstruction of a grand jury proceeding, and one count of obstruction of an agency proceeding. Taylor's value as a source does not tend to prove or disprove any fact of consequence to any of those counts. Each of the three substantive charges (Honest Services Wire Fraud, Obstruction of a Grand Jury Proceeding, and Obstruction of an Agency Proceeding) has at its core a requirement that the defendant acted with the intent to defraud or that the defendant's act was done corruptly. Importantly, even if a defendant has a mixed motive,[2] *i.e.*, the defendant was partially motivated by a lawful means and a corrupt means, the conduct is still illegal. As applied to this case, Lustyik and Thaler's purported good motive (keeping Taylor out of jail so

---

[2]     A mixed-motive defense is one where a defendant argues that because a valid purpose partially motivated a transaction, that valid purpose insulates the defendant from criminal liability. As discussed *infra*, this defense has been repeatedly rejected.

that he could be used as a source to help protect the United States) neither insulates them from criminal liability for their participation in the bribery and obstruction scheme, nor is it a defense to the crimes charged.  *See City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid.  That is frequently the defense asserted to a criminal bribery charge and though it is never valid in law, it is often plausible in fact."); *United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (reaffirming that "a valid purpose that partially motivates a transaction does not insulate participants in an unlawful [bribery] transaction from criminal liability"); *United States v. Jannotti*, 673 F.2d 578, 601 (3d Cir. 1982) (finding that "it is neither material nor a defense to bribery that had there been no bribe, the (public official) might, on the available data, lawfully and properly have made the very recommendation that (the briber) wanted him to make.") (internal quotation marks omitted).  To put it another way, even if, hypothetically, Taylor provided Lustyik and Thaler with intelligence information that prevented the deaths of thousands of people, and Lustyik used and believed the authenticity of that intelligence information, the defendants' actions are still illegal if Taylor provided or promised to provide things of value to Lustyik in return for Lustyik contacting federal law enforcement agents and prosecutors in Utah to tell them about the intelligence information with the intent to dissuade them from charging Taylor.

The introduction of such evidence is even *less* relevant where, as here, it will not be rebutting any evidence that the Government will be introducing in its case in chief:  the Government will not be introducing ***any*** evidence regarding the value of the intelligence information that Taylor provided to Lustyik.  Instead, at trial the Government will introduce evidence establishing that Taylor, who was the target of the military procurement fraud

5

investigation, offered and promised things of value to Thaler and Lustyik, who was then an active-duty FBI agent.  The Government's evidence will establish that in exchange for the promised things of value, Lustyik (with the help of Thaler) took official actions that all three men hoped would block the military procurement fraud investigation into Taylor, shield Taylor from criminal liability, and ultimately allow the defendants to reap the financial benefits of their business relationship.  Taylor's value as a source, whether before or during the conspiracy, with the FBI or some other agency, has no bearing on those issues.  Where, as here, evidence has no relation to the conduct actually charged, it is proper to exclude it from evidence.  *See United States v. Zang*, 703 F.2d 1186, 1195 (10th Cir. 1982).

Taylor's value as source does not tend to prove or disprove any element of a public authority defense, the only defense defendants have thus far proffered.[3]  The public authority defense is an affirmative defense that "requires a defendant to show that he was engaged by a government official to participate in a covert activity."  *United States v. Apperson*, 441 F.3d 1162, 1204 (10th Cir. 2006) (internal quotation marks omitted).  "And when the government official engages a defendant to participate in a violation of federal law, that official must actually have the authority to empower such a violation."  Thus, the core consideration under the defense is whether a government official made a statement authorizing the illegal conduct.  Taylor's value as a source does not tend to prove or disprove that a government official approved defendants to engage in illegal activities or that the government official had actual authority to do so.

In sum, the evidence of Taylor's value as a source is wholly irrelevant to whether the defendants conspired to take official action (and did take official action) to end the military

---

[3]    In a separate motion, the Government has moved to preclude a public authority defense.

procurement fraud investigation in exchange for money and promises of money, or any affirmative defense, and should be excluded as irrelevant.  Furthermore, if the Government does not introduce any evidence regarding the value of the intelligence that Taylor reported to Lustyik, there is nothing for defendants to rebut in their case.

**B.      Evidence and argument relating to Taylor's value as a source should be excluded under Rule 403.**

Even if evidence of Taylor's value as a source is somehow relevant, such evidence should be excluded pursuant to Rule 403 of the Federal Rules of Evidence, because any potential probative value is substantially outweighed by the fact that introducing such evidence will cause a sideshow that will waste considerable time and create unnecessary confusion for the jury.  In order for the jury to properly assess the weight to afford to Lustyik and Thaler's purported good motive in shutting down the military procurement fraud investigation, the jury would be required to take on the role of an FBI analyst.  A mini-trial would ensue whereby the jury, without any counter-intelligence training, would be forced to analyze whether information provided by Taylor to Lustyik was reliable, trustworthy, and useful.  Such an exercise would take an extensive amount of time and, more importantly, confuse the jury as to the true issue in the case: whether Lustyik, with the help of Thaler, solicited, accepted, and was promised bribes from Taylor in exchange for official acts by Lustyik aimed at persuading federal law enforcement agents and federal prosecutors to drop the military procurement fraud investigation.

While exclusion of otherwise relevant evidence pursuant to Rule 403 is an extraordinary remedy, courts have excluded such evidence where it creates a potential mini-trial within a trial such as would be the case here.  *See e.g.*, *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1229 (10th Cir. 2000); *United States v. Chase*, 452 F.3d 474, 480 (8th Cir. 2006).  In *Koch*, a fraud case, the Tenth Circuit found that the district court did not abuse its discretion in excluding

evidence the plaintiff wished to introduce as evidence of defendant's dishonesty where doing so would have required the district court to hold "a series of virtual mini-trials" on "collateral events" resulting in a jury that "could have become confused." *Id.* The Eighth Circuit has similarly resolved this issue. In *Chase*, a voluntary manslaughter case, the defendant claimed self-defense and sought to introduce evidence of four prior instances where he had been physically attacked. In excluding the evidence pursuant to Rule 403, the district court "expressed its concern that the proffered evidence would involve collateral mini trials on the four incidents and would be prejudicial, confusing, and misleading." *Id*. (finding district court did not abuse its discretion in excluding evidence) (internal quotations omitted).

For all of these reasons, this Court should exclude all evidence offered by the defendants purporting to show Taylor's value as a source.

## II.    Evidence of FBI Awards or Commendations Should be Excluded.

The Government also moves this Court to exclude from trial evidence of, or reference to, awards or commendations as impermissible character evidence and hearsay.

### A.    Evidence of awards and commendations fails to meet the requirements of Rules 404(a) or 405(a).

Rule 404(a) of the Federal Rule of Evidence generally prohibits the introduction of evidence of a person's character to prove that the person acted in conformity therewith on a particular occasion. The Rule contains three exceptions, one of which governs the admissibility of character evidence relating to the accused.[4] *See* Fed. R. Evid. 404(a)(1). Character evidence regarding the accused is admissible *only* if it relates to a "pertinent" or relevant character trait. *See* Fed. R. Evid. 404(a)(1). Although such character evidence—if pertinent—may be admitted

---

[4]    Rule 404(a)(2) contains an exception for character evidence concerning the victim and Rule 404(a)(3) contains an exception for character evidence concerning a witness.

under Federal Rule of Evidence 405(a), it still must take the form of reputation or opinion testimony.

From May 1988 until his retirement in September 2012, Lustyik was a Special Agent with the FBI.  Lustyik was assigned to counterintelligence work in the New York Division, White Plains Resident Agency.  The Government anticipates that Lustyik, during the defense's case-in-chief, may attempt to introduce specific awards or commendations, Lustyik received during his career with the FBI.

Such evidence, however, would constitute improper character evidence under Rules 404(a)(1) and 405(a) and therefore should be excluded.  The First Circuit's rationale in *United States v. Nazzaro*, 889 F.2d 1158 (1st Cir. 1989) is instructive.  There, the defendant, who had been convicted of wire fraud and bribery charges, sought to introduce under Rule 404(a)(1) "anecdotal proof" of various commendations that the defendant received during his career as a police officer and member of the military.  *Id*. at 1168.  The defendant argued that evidence of his prior commendations was admissible as character evidence. *Id*.  The First Circuit declined to overturn the district court's exclusion of such evidence at trial, observing that, "even assuming, without deciding, that these materials can be considered 'character evidence' at all, the traits which they purport to show—bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to the crimes of which [the defendant] stood accused.'" *Id*.

Consider, further, the D.C. Circuit's opinion in *United States v. Washington*, 106 F.3d 983 (D.C. Cir. 1997).  One of the defendants, a former police officer, was charged with various drug and weapons related offenses and attempted to admit several commendations under Fed. R. of Evid. 405(b) that he had received in an effort to rebut the government's evidence regarding his alleged criminal activity.  *Id*. at 999.  By doing so, the defendant sought to give the jury the

ability to contrast his prior good acts against the prior bad acts alleged by the government, and thus weigh "the presence or absence of criminal intent." *Id*. The district court refused to admit the defendant's prior police commendations into evidence, "explaining that they did not fit the criteria for any exception from the hearsay rule for character evidence, that they did not constitute rebuttal evidence, and that neither Rules 404 nor 405 provided a basis for their admission." *Id*. On appeal, the D.C. Circuit agreed, noting that the defendant's "commendations were not admissible under either Rule because [the defendant's] 'dedication, aggressiveness and assertiveness' in investigating drug dealing and carjacking is neither 'pertinent' to nor an 'essential element' of his supposed lack of predisposition to engage in the corrupt criminal activity with which he was charged." *Id*.

The same reasoning in *Nazarro* and *Washington* applies here. Any evidence regarding prior commendations and awards that Lustyik may have received in connection with his law enforcement efforts and accomplishments are likewise not "pertinent" to the crimes that he is presently charged, and thus such evidence should be excluded.

Furthermore, the Tenth Circuit's decision in *United States v. Yarborough*, 527 F.3d 1092 (10th Cir. 2008) does not alter this conclusion. In *Yarborough*, the defendant, a former police officer, sought to admit "character evidence of his integrity and status as a law-abiding, trusted police officer, pursuant to Federal Rules of Evidence 404(a)(1) and 405." *Id*. at 1102. The defendant argued that such evidence "was directly relevant to the charges at issue, which alleged he corruptly impeded and conspired to impede an investigation, as well as unlawfully and willfully provided notice of the existence of a search and seizure warrant to prevent the execution of such warrant." *Id*. In excluding this evidence, the district court found that the evidence related to the defendant's "state of mind at a particular incident, rather than to the

existence of 'operative facts.'"  *Id.*  On appeal, the Tenth Circuit reversed, finding that the

district court relied on an erroneous reading of Rule 404(a)(1) and that the proffered character

evidence was admissible insofar as "the sole issue before the jury [was] whether [the] defendant

undertook his undisputed acts with a prohibited state of mind."  *Id.* at 1102.

      *Yarborough* is further readily distinguishable because the proffered evidence in

*Yarborough* concerned the admissibility of character evidence (in the form of witness testimony)

regarding a character trait of the defendant—namely, his integrity and character for abiding by

the law—rather than evidence of *specific awards and commendations* he may have received

during his career as a police officer.  *Yarborough* is thus inapposite to the narrower question of

whether specific awards and commendations are admissible character evidence.   Should

Lustyik wish to introduce character evidence regarding his integrity and character, he is

permitted to do so within the Rules of Evidence and the rulings of this Court.  But evidence of

the specific awards or commendations is prohibited pursuant to Rule 405(b).

      **B.**    **Evidence of FBI awards, commendations, and other similar evidence fails to meet the requirements of Rules 404(a) and 405(a).**

      Even assuming Lustyik's commendations and awards were arguably permissible

character evidence under Federal Rules of Evidence 404(a)(1) and 405, such evidence would still

be inadmissible for an alternative reason: such evidence constitutes classic hearsay.  "Hearsay is

an out-of-court statement offered to prove the truth of the matter asserted." *United States v.*

*Dazey*, 403 F.3d 1147, 1166 (10th Cir. 2005) (citing Fed. R. Evid. 801(c)).  A "statement" is

defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person

intended it as an assertion."  Fed. R. Evid. 801(a).  Accordingly, to the extent Lustyik seeks to

offer evidence at trial of specific awards and commendations (*i.e.*, either by way of oral or

written assertions and for the truth of such assertions) that he received as an FBI agent, such

evidence should be excluded because it does not conform to the hearsay rule and does not meet any applicable exception.

In *Nazarro*, for example, the First Circuit suggested that the defendant's resume, commendations, and a medal he received for special valor—which, again, the defendant sought to admit at trial as character evidence—were also excludable on hearsay grounds. *Nazarro*, 889 F.2d at 1168. While the First Circuit's suggestion may not have been central to its holding in *Nazarro*, it nonetheless reinforces the position that such evidence is impermissible on hearsay grounds. Furthermore, to support this proposition, the First Circuit relied, in part, on the Ninth Circuit's decision in *United States v. Barry*, 814 F.2d 1400 (9th Cir. 1987).

In *Barry*, the defendant, who had been a lieutenant in the naval security police, was charged with making six unauthorized sales of government property. *Id*. at 1401. At trial, the defendant sought to introduce evidence of two letters of commendation written by government officials (written twelve years before the offense), a copy of his FBI rap sheet, and the testimony of an FBI agent regarding the contents of the FBI rap sheet. *Id*. The defendant argued that such evidence was relevant to his entrapment defense inasmuch as it showed a lack of predisposition to commit the crimes with which he was charged. *Id*. at 1402. In declining to overrule the district court's exclusion of such evidence, the Ninth Circuit found that, with respect to the written commendations, they were (1) hearsay and (2) having been written twelve years before the crimes, had no bearing on the defendant's state of mind at the time he committed the offense. *Id*. at 1404. As such, the Ninth Circuit found that the district court properly excluded the letters of commendation.

Taken together, both *Nazarro* and *Barry* support the proposition that evidence of awards and commendations constitute impermissible hearsay evidence.[5]  That proposition manifestly applies here.  Thus, the Government respectfully requests that the Court exclude Lustyik from presenting such evidence at trial.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Government respectfully requests that the Court grants its *motions in limine*.


Respectfully submitted,

JACK SMITH                              JAIKUMAR RAMASWAMY
Chief                                   Chief

By:  */s/  Maria N. Lerner*          By:  */s/  Ann Marie Blaylock Bacon*
     Peter M. Koski, Deputy Chief          Ann Marie Blaylock Bacon, Trial Attorney
     Maria N. Lerner, Trial Attorney       Asset Forfeiture/Money Laundering Section
     Public Integrity Section

---

[5]        Moreover, the commendations of which the Government is aware are at least as old as those in *Barry*.