IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>ROBERT G. LUSTYIK JR.,<br>JOHANNES W. THALER<br><br>Defendants, | Case No. 2:12-cr-00645-TC-DBP |

**DEFENDANT ROBERT LUSTYIK'S (AND DEFENDANT JOHANNES THALER AS IT RELATES TO HIM) OMNIBUS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO ANY OF THE FOLLOWING:**

Defendants Robert Lustyik and Thaler hereby moves this Honorable Court to preclude the prosecution or government witnesses testifying on behalf of the prosecution or from attempting to admit into evidence at trial any evidence or inference of evidence related to:

1. Any health or medical condition past or present and the use of any medically prescribed drugs for those health or medical conditions past or present.

2. Any personal emails/texts, telephone conversations, photos, recordings, videos or the like with family, non witnesses, friends or self, including his counsel and members of his defense team.

3. Any evidence related to any OPR or OIG investigation in which Mr. Lustyik was cleared. Specifically but not limited to the Mark Clark OPR investigation.

1

4. Any evidence related to emails, texts, telephone communications, conversation that show, allege or make inference to derogatory language including but not limited to derogatory comments of religious group or people, i.e. mormons, jews, etc.

5. Any evidence related to personal extramarital affairs, infidelity, marriage counseling, intimacy or personal matters relating to the marriage.

6. Any evidence related to the defendant's spouse or children's health or medical conditions past, present or future including but not limited to minor children – daughter HL and son – BL, hospital stay.

7. Any evidence of defendant's personal finances and personal financial records prior to meeting Michael Taylor, including but not limited to credits cards, investments, loans or debts.

8. Any evidence implied or otherwise that Mr. Lustyik's return of 26K dollar loan to Mr. Feldman was anything but the legitimate return of monies borrowed; including but not limited to the defendant violating his terms of conditions of release by giving 26K in cash to a potential defense witness and the manner of such transfer of monies – "cash" as suspicious or nefarious in nature.

9. Any evidence implied or otherwise relating to a classified case file (Mr.Lustyik was working officially on) found in a safe during the search of Mr. Lustyik's home that infers it was improper, unauthorized, illegal or wrong in any way.

10. Any evidence by law enforcement or government investigators, analysts, of intelligence official's testimony about "profiles" to include but not limited to "money laundering profiles", the practices of money launderers or methods, and/or other

characteristics of the defendant which approach being no more than opinions about the defendant's guilt.

11. Any evidence implied or otherwise which makes inference tends to show or purports evidence of "other bad acts" under Rule 404(b) of the FRE, and/or other prejudicial evidence under Rule 403 of the FRE.

The aforementioned (11) paragraphs and or any reference or illustration the aforementioned should be precluded from use by the prosecution and/or its government agents in evidence at trial for the following reasons:

The facts gleaned and surrounding such evidence is not relevant to the issue of the case, they are inadmissible on their face, and are unfairly prejudicial only intended to inflame the jury and their probative value is outweighed by the prejudicial effect it will have on the defendant. The trial court's inherent power to manage the courtroom to ensure a fair trial includes the authority to grant the aforementioned motion(s) see *Luce v. United States*, 469 U.S. 38, 41 N.4(1984).

Said motion is supported by the fact that such proposed evidence will be clearly inadmissible (as either irrelevant, unfairly prejudicial, confusing, misleading, repetitive in nature, not probatively balanced and such evidence would tend to cause a delay in the proceedings disproportionate to its value) or so prejudicial that once it is mentioned, a sustained objection at trial will be insufficient to undo its prejudicial impact and any limiting instruction the jury receives will be ineffective.

For the aforementioned reasons, a pretrial ruling that the matter(s) set forth above are inadmissible would preclude the damaging and prejudicial question(s).

Respectfully Submitted,

Robert G. Lustyik, Jr.,
By his attorney,

*/s/ Raymond Mansolillo*

---
Raymond Mansolillo, Esq. *(Admitted Pro Hac)*
101 Federal Street, Suite 1900
Boston, MA  02110
Telephone: (617) 342-7181
Facsimile:  (617) 342-7080
Email:     rmansolillo@cox.net


Michael J. Langford, Utah State Bar #9682 (Local Counsel)
Law Office of Michael J. Langford, P.C.
9 Exchange Place, Suite 650
Salt Lake City, Utah  84111
Telephone: (801) 328-4090
Facsimile:  (801) 746-5613
Email:     Michael@mjl-law.com


Johannes W. Thaler,
By his attorney,

*/s/ Daniel Calabro*

---
Daniel Calabro, Jr.
24 Pettaconsett Ave, Suite F
Cranston, RI  02910
Telephone: (401) 390-3342
Email: calabrolaw@cox.net

4

## Certificate of Service

I, Raymond Mansolillo, hereby certify that on this 12th day of September, 2014, the aforementioned **DEFENDANT ROBERT LUSTYIK'S (AND DEFENDANT JOHANNES THALER AS IT RELATES TO HIM)OMNIBUS MOTION IN LIMINE** was electronically filed via ECF.

*/s/ Raymond Mansolillo*

Raymond Mansolillo
