IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>ROBERT G. LUSTYIK JR.,<br>JOHANNES W. THALER<br><br>Defendants, | Case No. 2:12-cr-00645-TC-DBP |

**DEFENDANTS' JOINT MOTION (SUPPLEMENT) TO ITS OMNIBUS
MOTION IN LIMINE SET FORTH IN DOCUMENT NO. 833**

Defendants Robert Lustyik and Johannes Thaler hereby move this Honorable Court in the affirmative to order the prosecution/government to:

1. Provide to defendant's counsel any visuals, chalks, or Power Point presentations which will be shown to the jury during their opening or their case in chief; such shall be provided to both defendant's counsel 48 hours before it is shown to the jury.

2. Provide 24 hours notice to both defendant's counsel of which witnesses and whom the government intends to put on as witnesses to testify in their case in chief.

3. Allow the defendants to advance the education of the jury by providing a summary witness during the defendant's case in chief.  This will allow the jury to obtain the requisite education of matters which are not often in the public purview.  It will assist the tryer of fact, the jury, in its understanding of the defendant's role as it relates to

1

the defendant's theory of the case. It will help facilitate the tempo of the trial and time frame of the other witnesses who testify, allowing defense counsel to significantly shorten the length of several witnesses' testimony without losing their effectiveness propounding complex and often unfamiliar testimony to the jury.

4. Allow the defendants to admit testimony from defense experts outside traditional areas of expertise and or areas where there may be controversy – see, e.g. <u>U.S. v. Vesey,</u> 338 F.3d 913, 916-18 (8th Cir.2003) (Convicted drug trafficking expert, held error, albeit harmless, for District Court to exclude testimony); <u>United States v. Mamah,</u> 332 F.3d 475, 476-78 (7th Cir. 2003) (Anthropologist and sociologist offered to testify to cultural factors that could have led Ghanian citizen to give false confession. "Acknowledging that social scientists frequently testify as experts and their opinions are an integral part of many cases" (quoting <u>U.S. v. Hall,</u> 93 F.3d 1337, 1342 (7th Cir 1996) but testimony excluded). However, see Hall, 93 F.3d at 1341, 44-45 (same social psychologist as in Mamah offered as expert on false confessions and psychiatrist offered regarding defendant's mental condition and susceptibility to give answers interrogator seeking; held error to exclude testimony) <u>U.S. v. Dorsey,</u> 45 F.3d 809, 812, 814-15 (4th Cir. 1995).

5. Preclude the prosecution/government from introducing in any form, manner or inference evidence or testimony by law enforcement "experts" – or other unusual experts – on the ground that it fails to satisfy the test for admissibility of expert testimony established by The Supreme Court in <u>Daubert v. Merrill Dow Pharmaceuticals</u>, 509 U.S. 579 (1993). See e.g. <u>U.S. v. Grinage</u>, 390 F.3d 746, 750-51 (2d Cir. 2004); <u>U.S. v. Cruz</u>, 363 F.3d 187, 194-96 (2d Cir. 2004; <u>U.S. v.</u>

*Dukagjini*, 326 F.3d 45, 52-56 (2d Cir. 2003); U.S. v. Conn., 297 F.3d 548, 554-56 (7th Cir. 2002); U.S. v. Hankey, 203 F.3d 1160, 1167-73 (9th Cir. 2000); cf. United States v. Pree, 408 F.3d 855, 870 (7th Cir. 2005) (noting District Court would have had to conduct Daubert hearing if defendant had objected to law enforcement officer expert testimony but reviewing only for plain error because defendant did not object); U.S. v. Sdorio-TaFolla, 324 F.3d 964, 965 (8th Cir. 2000) (also reviewing only for plain error where defendant did not object to officers expert based on Daubert); U.S. v. Von Willie, 59F.3d 922, 929 (9th Cir. 1995) (testimony by officer about nexus between drug trafficking and possession of weapons not expert opinion testimony but lay opinion testimony).

Respectfully Submitted,

Robert G. Lustyik, Jr.,
By his attorney,

/s/ *Raymond Mansolillo*
_____
Raymond Mansolillo, Esq. *(Admitted Pro Hac)*
101 Federal Street, Suite 1900
Boston, MA  02110
Telephone: (617) 342-7181
Facsimile:  (617) 342-7080
Email:     rmansolillo@cox.net


Michael J. Langford, Utah State Bar #9682 (Local Counsel)
Law Office of Michael J. Langford, P.C.
9 Exchange Place, Suite 650
Salt Lake City, Utah  84111
Telephone: (801) 328-4090
Facsimile:  (801) 746-5613
Email:     Michael@mjl-law.com

Johannes W. Thaler,
By his attorney,

*/s/ Daniel Calabro*

---

Daniel Calabro, Jr.
24 Pettaconsett Ave, Suite F
Cranston, RI  02910
Telephone:  (401) 390-3342
Email:  calabrolaw@cox.net

## Certificate of Service

I, Raymond Mansolillo, hereby certify that on this 12th day of September, 2014, the aforementioned **DEFENDANT'S JOINT (SUPPLEMENT) TO ITS OMNIBUS MOTION IN LIMINE SET FORTH IN DOCUMENT NO. 833 w**as electronically filed via ECF.

/s/ *Raymond Mansolillo*

Raymond Mansolillo