RAYMOND MANSOLILLO (*admitted pro hac vice*)
101 Federal Street, Suite 1900
Boston, MA 02110
Telephone: (617) 342-7181
Facsimile:  (617) 342-7080
email:  rmansolillo@cox.net

DANIEL CALABRO, Jr. *(admitted pro hac vice)*
24 Pettaconsett Avenue, Unit F
Cranston, RI 02920
Telephone: (401) 203-0470
Facsimile:  (888) 461-1955
email:  CalabroLaw@gmail.com

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>**ROBERT G. LUSTYIK, JR., MICHAEL L. TAYLOR, and JOHANNES W. THALER** | **DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE PUBLIC AUTHORITY DEFENSE (Doc. 798)**<br><br>**Case No. 2:12-CR-00645<br>Honorable Tena Campbell<br>Magistrate Judge Dustin Pead** |

Defendant Robert Lustyik, Jr. and Defendant Johannes W. Thaler (hereinafter collectively "Defendants") hereby respond to the Government's Motion *in Limine* to Preclude Public Authority Defense (Doc. 798). Defendants submit the following arguments in support of their opposition to the Motion:

### FACTUAL BACKGROUND

On August 13, 2014, Defendants filed a Notice of Public Authority Defense (the "Notice") pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure. The Notice was filed with the CISO under seal as it "identified a federal intelligence agency as the source of public authority." The Notice complied with all of the requirements set forth in Rule 12.3(a)(2):

1

it identified the agencies involved, identified two specific individuals whose authority was relied upon, and set forth the time period during which Defendants acted under public authority. The Government was then required to submit a response within fourteen (14) days, but no later than twenty-one (21) days before trial, admitting or denying that the Defendants exercised the public authority identified in the Defendants' notice.

On August 18, 2014, the Government sent undersigned counsel a letter claiming the Notice "is insufficient and does not comply with the requirements of Rule 12.3." (Doc. 798, Exhibit A). The letter goes on to assert the Government's understanding that a public authority defense is in essence an admission that Defendants were engaged in one or more of the illegal activities charged in the indictment. Finally, the letter requests thirteen (13) pieces of information to be submitted to the Government before the Government will submit a response. The thirteen requests all seek information which the Defendant is not required to deliver under Rule 12.3, including the admission of illegal conduct from Defendants. Other than the letter and the Government's Motion *in Limine* to Preclude Public Authority Defense, Defendants have not received any response to their Notice. The Government is now well past the fourteen day requirement and has failed to submit the response at least twenty-one days before trial in violation of Rule 12.3(a)(3). The Court should therefore preclude the Government from offering witnesses to oppose the defendant's public-authority defense.

## ARGUMENT

**1. Defendants have complied with the notice requirements of Rule 12.3 of the Federal Rules of Criminal Procedure.**

Rule 12.3 of the Federal Rules of Criminal Procedure requires that any defendant who intends to "assert a defense of actual or believed exercise of public authority on behalf of a law

enforcement agency or federal intelligence agency … must so notify an attorney for the government in writing and must file a copy of the notice with the clerk within the time provided for filing a pretrial motion, or at any later time the court sets." Such notice must identify three pieces of information: (1) the law enforcement agency or federal intelligence agency involved; (2) the agency member on whose behalf the defendant claims to have acted; and (3) the time during which the defendant claims to have acted with public authority. Fed. Rules Crim. Proc. 12.3(a)(2).

As noted above, Defendants' Notice specifies three agencies, the names of the agency members on whose authority Defendants acted, and the time period for the grant of public authority (specifically, during all relevant times to the allegations in the indictment). Although the Government suggests in its letter and Motion that the Notice was insufficient per Rule 12.3, it is clear that Defendants have given clear and sufficient notice of the three articles of information required by the Rule. However, the Government has still failed to comply with Rule 12.3(a)(3) and has not admitted or denied Defendants' claims of public authority.

2. **Defendants' submission of their Notice of Public Authority Defense was timely.**

Although the Government places great weight on an old scheduling Order (See Doc. 256), it is clear from the Government's actions that it does not truly believe that Order is controlling. The Order dated May 6, 2013 sets deadlines for, among other things, the Government's complete discovery submissions to Defendants. Following the original deadline for the submission of discovery (July 1, 2013), the Government produced hundreds of thousands of documents in discovery to Defendants, including items dated in a manner that suggests the Government possessed these documents well in advance of the deadline. The Government has continued to produce discovery to Defendants as it pleases. In fact, Defendants received yet

another discovery production yesterday, September 19, 2014. In an effort to hamstring Defendants' capability to set forth their case, the Government is now cherry-picking which sections of the old scheduling Order it wants to apply.

Furthermore, it is reasonable to assume that, where a trial is continued for one year, deadlines relating to the submission of pre-trial motions and other trial-related submissions would likewise be extended. To prohibit the submission of any pre-trial motions from October 1, 2013 until September 29, 2014 regardless of any new discovery productions or otherwise would cripple the defense for the entire year leading up to trial. Although this Court did not reset the deadline for the submission of motions, the circumstances of this case coupled with the Government's actions should preclude the Government from arguing that an old scheduling Order must control.

   3. **The Government has failed to submit a response pursuant to Rule 12(a)(3) and should be precluded from offering witnesses to oppose Defendants' Public Authority Defense.**

Rule 12(a)(3) clearly and unambiguously requires the Government to respond to a defendant's notice of a public authority defense. A written response to a notice must be served "within 14 days after receiving the defendant's notice, but no later than 21 days before trial. The response must admit or deny that the defendant exercised the public authority identified in the defendant's notice." Fed. Rules Crim. Proc. 12(a)(3). The Government is then permitted to "request in writing that the defendant disclose the name, address, and telephone number of each witness the defendant intends to rely on to establish a public-authority defense. An attorney for the government may serve the request when the government serves its response to the defendant's notice under Rule 12.3(a)(3)…" Fed. Rules Crim. Proc. 12.3(a)(4)(A). After receiving such a request, the Defendant must submit a statement with the name, address, and

telephone number of each witness expected to give testimony supporting the Public Authority Defense. Fed. Rules Crim. Proc. 12.3(a)(4)(B). Finally, "[w]ithin 14 days after receiving the defendant's statement, an attorney for the government must serve on the defendant or the defendant's attorney a written statement of the name of each witness -- and the address and telephone number of each witness other than a victim -- that the government intends to rely on to oppose the defendant's public-authority defense." Fed. Rules Crim. Proc. 12.3(a)(4)(C). If a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the public-authority defense. Fed. Rules Crim. Proc. 12.3(c).

      The Government's letter, dated August 18, 2014, fails to admit or deny that Defendants exercised the public authority indicated in their Notice. Instead, the Government asserts it cannot respond to the Notice without additional information from the Defendants (despite Defendants having provided all information required pursuant to 12.3(a)(2)). Due to the Government's failure to follow the above procedures, the Defendants have not been asked to submit the names, addresses, or telephone numbers of any witnesses they intend to rely upon to establish their public authority defense. Likewise, they have not received any disclosure from the Government listing any witnesses the Government intends to rely upon in opposing Defendants' Public Authority Defense.

      WHEREFORE, Defendants respectfully request the Government's Motion *in Limine* to Preclude Public Authority Defense be <u>denied</u>, and that the Government be precluded from offering witness testimony opposing Defendants' Public Authority Defense due to its failure to comply with Rules 12(a)(3) and 12(a)(4).

Respectfully Submitted by counsel for Defendant
Johannes Thaler

 */s/ Daniel Calabro, Jr.*

Daniel Calabro, ESQ.
24 Pettaconsett Avenue, Unit F
Cranston, RI 02920
Tel: (401) 203-0470
Fax: (888) 461-1955


Robert Lustyik, Jr.

 */s/ Raymond Mansolillo*
Raymond Mansolillo
101 Federal Street, Suite 1900
Boston, MA 02110
Tel: (617) 342-7181
Fax:  (617) 342-7080


## **CERTIFICATION**

I hereby certify on September 19, 2014, I made available a true copy of the above to all attorneys in the above case registered on the CM/ECF system.


*/s/ Daniel Calabro*