RAYMOND MANSOLILLO (*admitted pro hac vice*)
101 Federal Street, Suite 1900
Boston, MA 02110
Telephone: (617) 342-7181
Facsimile:  (617) 342-7080
email:  rmansolillo@cox.net

DANIEL CALABRO, Jr. *(admitted pro hac vice)*
24 Pettaconsett Avenue, Unit F
Cranston, RI 02920
Telephone: (401) 203-0470
Facsimile:  (888) 461-1955
email:  CalabroLaw@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>**ROBERT G. LUSTYIK, JR., MICHAEL L. TAYLOR, and JOHANNES W. THALER** | **DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF OTHER CRIMES, WRONGS, or ACTS (Doc. No. 799)**<br><br>**Case No. 2:12-CR-00645<br>Honorable Tena Campbell<br>Magistrate Judge Dustin Pead** |

Defendant Robert Lustyik, Jr. and Defendant Johannes W. Thaler (hereinafter collectively "Defendants") hereby respond to the Government's Motion in Limine to Admit Evidence of Other Crimes, Wrongs, or Acts pursuant to Federal Rules of Evidence ("FRE") Rule 404(b). Defendants submit the following arguments in support of their opposition to the Motion:

### ARGUMENT

1. **The proposed evidence is not intrinsic and falls within the purview of Rule 404(b).**

FRE Rule 404(b) applies to evidence of extrinsic crimes and acts only; it does not apply to any act or crime intrinsic to the crimes charged in the indictment. See United States v. O'Brien, 131 F.3d 1428, 1432 (10th Cir. 1997). An act or crime will be considered "intrinsic"

1

when the evidence of the other act and the evidence of the crime charged are inextricably intertwined. See United States v. Lambert, 995 F.2d, 1006, 1007 (10th Cir. 1993).

Although the Government argues that the evidence it intends to introduce is intrinsic to the crimes charged in this case, none of the facts set forth in the indictment contain any reference to the uncharged crimes. Indeed, the Government's initiation of United States v. Robert Lustyik, Jr., 2:13-cr-00616-VB before the Southern District of New York shows that the crimes charged in the Utah District Court are substantially different enough from those charged in New York to warrant a separate trial. In its Motion, the Government even alleges that once Defendants undertook the conspiracy charged in the Utah indictment, they abandoned any criminal activities alleged in the New York indictment. The crimes and acts alleged in each indictment are disparate enough that evidence from the crimes alleged in Utah are not intrinsically linked to the crimes alleged in New York.

2. **The evidence is not offered for an authorized purpose and should therefore be excluded per FRE Rule 404(b).**

FRE Rule 404(b) prohibits the admission of evidence of a crime, wrong, or other act for the purpose of proving a person's character in order to show that on a particular occasion the person acted in accordance with the character. This limitation addresses two major concerns regarding the admission of prior bad acts: (1) that jurors may unjustly convict a defendant based on the presumptive belief that he is a bad person, or (2) that jurors may unjustly convict a defendant based on the belief that the prior bad acts indicate an ongoing propensity to commit the charged crime. However, prior bad acts may be admitted for "another purpose," such as proving motive, intent, plan, knowledge, and absence of mistake or accident.

Evidence of a prior act or crime must pass a four factor test before being admitted at trial: (1) the proffered evidence must be for a purpose authorized by Rule 404(b); (2) the evidence must be relevant; (3) the probative value of the evidence must not be outweighed by its prejudicial effect; and (4) if requested by the defense, the trial court must tender a limiting instruction to the jury. See United States v. LaFlora, 146 Fed. Appx. 973, 975 (10th Cir. 2005) (citing Huddleston v. United States, 485 U.S. 681, 691- 92, 99 L. Ed. 2d 771, 108 S. Ct. 1496 (1988) (additional citation omitted)). Where the evidence is offered for the purpose of influencing the jury's perception of Defendant's character or propensity to commit crimes, it must be excluded per Rule 404(b).

Here, despite the Government's assertions that it intends to use the proposed evidence to show knowledge or plan, the primary purpose of this evidence is to show a jury that Defendants have allegedly committed crimes in the past. Evidence regarding Defendants' commission of the alleged past acts is not probative of whether they had intent or knowledge for the charged crimes- as noted above, the facts in each were apparently different enough for the Government to initiate separate charges on the acts allegedly committed in New York.

Finally, if this Court determines the proposed evidence is offered for a proper purpose under Rule 404(b), the Government must strictly adhere to utilizing such evidence solely for the approved purpose (e.g., to show intent, knowledge, or plan).

3. **The evidence in question is unfairly prejudicial under FRE Rule 403 and the third prong of the Rule 404(b) Huddleston test.**

The third factor of the Huddleston test (the probative value of the evidence must not be outweighed by its prejudicial effect) largely reflects the standard set forth in FRE Rule 403. Per Rule 403, where the probative value of evidence is substantially outweighed by a danger of

unfair prejudice, confusing the issues, and/or misleading the jury, the Court may deny the admission of such evidence. Thus, whether or not the evidence is admissible under Rule 404(b), the Court must still consider Rule 403 in determining whether or not to admit the evidence.

The Court's balancing of probative value versus unfair prejudice is a matter of degrees; what counts as "probative value" of an item of evidence may be calculated by comparing evidentiary alternatives. See Old Chief v. United States, 519 U.S. 172, 184 (U.S.1997). Unfair prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. United States v. Irving, 665 F.3d 1184, 1213 (10th Cir. 2011) (quoting United States v. Tan, 254 F.3d 1204, 1208 (10th Cir. 2001) (internal quotes omitted)). The Court must balance the risk that the proposed evidence may invoke an improper bias in the jury against the probative value of that evidence, including consideration of alternative evidence sufficient to prove or disprove the same facts.

Here, there is substantial likelihood that a jury confronted with allegations of Defendants' willingness to sell state secrets will convict solely on an understanding that Defendants committed those other crimes and/or that Defendants are bad people. Defendants do not believe that a jury instruction is sufficient to cure this; considering the multiple information security breaches in the Unites States government during the past decade, it is more likely than not that an allegation of selling state secrets to a third party will unfairly prejudice the jury's determination of Defendants' guilt or innocence in this case.

Furthermore, admission of any evidence regarding the crimes charged against Defendants in the Southern District of New York will ultimately result in a proxy trial – Defendants will be forced to levy a defense against both the charged and uncharged crimes. The Government is

attempting to admit this evidence in Utah as an effort to probe into what arguments and defenses to expect during the upcoming trial in New York.

WHEREFORE, Defendants respectfully request any evidence of other crimes, wrongs, or acts be prohibited from admission at trial due to the likelihood of unfair prejudice and/or confusing the jury. Alternatively, if this Court determines such evidence is intrinsic to the charged crimes, Defendants request this case be consolidated with their pending case in the Southern District of New York, United States v. Robert Lustyik, Jr., et al., 2:13-cr-00616-VB.


Respectfully Submitted by counsel for Defendant
Johannes Thaler

 /s/ Daniel Calabro Jr.

Daniel Calabro, Jr.
24 Pettaconsett Avenue, Unit F
Cranston, RI 02920
Tel: (401) 203-0470
Fax: (888) 461-1955


Robert Lustyik, Jr.

 /s/ Raymond Mansolillo
Raymond Mansolillo
101 Federal Street, Suite 1900
Boston, MA 02110
Tel: (617) 342-7181
Fax: (617) 342-7080

## CERTIFICATION

I hereby certify on September 19, 2014, I made available a true copy of the above to all attorneys in the above case registered on the CM/ECF system.


*/s/ Daniel Calabro, Jr.*