RAYMOND MANSOLILLO (*admitted pro hac vice*)
101 Federal Street, Suite 1900
Boston, MA 02110
Telephone: (617) 342-7181
Facsimile:  (617) 342-7080
email:  rmansolillo@cox.net

DANIEL CALABRO, Jr. *(admitted pro hac vice)*
24 Pettaconsett Avenue, Unit F
Cranston, RI 02920
Telephone: (401) 203-0470
Facsimile:  (888) 461-1955
email:  CalabroLaw@gmail.com

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> vs. <br><br> **ROBERT G. LUSTYIK, JR., MICHAEL L. TAYLOR, and JOHANNES W. THALER** | Case No. 2:12-CR-00645 <br><br> **DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO PRE-ADMIT CERTAIN EXHIBITS, AND NOTICE PURSUANT TO FRE 902(11) AND 803(6)** |

Defendant Robert Lustyik, Jr. and Defendant Johannes W. Thaler (hereinafter collectively "Defendants") hereby respond to the Government's Motion *in Limine* to Pre-Admit Certain Exhibits. Defendants submit the following arguments in support of their opposition to the Motion:

**ARGUMENT**

Although the government correctly cites Rules 902(11) and 803, the certifications supplied by the government and attached to their Motion are completely flawed and fatal and as such do not satisfy the Rules to overcome the hearsay exception.  The case of *United States v. Blechman* provides this court with guidance on this matter.  657 F.3d 1052 (10th Cir. 2011).

1

In *Blechman,* the District Court admitted email records in over the defendant's objection. Prion to trial in *Blechman* as in the case at bar, the prosecutors gave to the defendant a Notice similar to the Notice given in the instant case. Over the objection of the defendant, the District Court admitted the emails into evidence pursuant to the business record exception. (*Id. at 1065.*)

Blechman appealed to the 10th Circuit Court of Appeals and argued that the emails should have been inadmissible as they included "double" or layered" hearsay in that there was information on the account that was input by an unverified user. (*Id.*) The Circuit Court found that the District Court erred in admitting the emails into evidence. The Court in *Belchman* stated that, "Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person." *(Id., citing United States v. Gwathney*, 465 F.3d 1133, 1141 (10th Cir. 2006))

The Court went on further to state that, "If the person who provides the information is an outsider to the business who is not under a business duty to provide accurate information, then the reliability rationale that underlies the business records exception ordinarily does not apply." *(Id.).* "The reason underlying the business records exception fails, however, if any of the participants is outside the pattern of regularity of activity." *United States v. Snyder*, 787 F.2d 1429, 1433-34 (10th Cir. 1986). In the case at bar, there is no indication as to who entered the original information into any of these email accounts and since the email accounts were not set up or used by someone in the business, these records should not fall within the business records exception to the hearsay Rule.

The Court in *Blechman* did recognize that there is an exception to the rule when information is provided by an outsider that would be included under the business records exception of the hearsay rule. *(Id. at 1066)* The Court held that "information provided by an outsider that is

included in a business record may come in under the business records exception "[i]f the business entity has adequate verification or other assurance of accuracy of the information provided by the outside person."'" (*Id.* citing *United States v. McIntyre*, 997 F.2d 687, 700 (10th Cir. 1993). The Court ruled that, "In the context of identity information provided by an outsider, we have identified "two ways to demonstrate this 'guarantee[] of trustworthiness': (1) proof that the business has a policy of verifying [the accuracy of information provided by someone outside the business]; or (2) proof that the business possesses 'a sufficient self-interest in the accuracy of the [record]' to justify an inference of trustworthiness."'" (*Id.* citing *United States v Cestnik*, 36 F.3d at 908) (10th Cir. 1994).

In *Blechman* the District Court allowed the prosecutors introduced records from AOL and PACER. In finding that the District Court erred in their decision the Court stated that, "It is undisputed that the crucial information in the AOL and PACER records—specifically, the information concerning the identity of the user of the "rablechman" AOL account and the user of PACER account "RB1071"—was provided by a third party over the Internet, not by an employee of AOL or PACER. Thus, the Government was required to demonstrate the trustworthiness of the information in one of the two ways mentioned above." *(Id.)* See United States v. Samaniego, 187 F.3d 1222, 1224 (10th Cir. 1999) ("The obligation of establishing the applicability of a hearsay exception for these records falls upon the government as the proponent of the evidence.").

Here, the certifications put forth by the government contain none of the required information as required by *Blechman*. There is no indication on any of the certifications as to who owns the accounts, who opened the accounts or provided any of the personal information associated with the accounts. Furthermore there is no proof that the businesses have a policy of verifying the

information that is entered from a party outside of the business nor is there proof that the business has a self interest in verifying the accuracy of such information as required by the Court in *Blechman*.

Furthermore, all of the certifications for the email searches provided by the government are lacking any identifying information linking them to any of the individuals in this case and most of the certifications lack the identification of the email addresses that they relate to. As such they should also fail to satisfy the requirements of Rules 902(11) and 803(6). The certifications for the Chase Bank records are attached to the government's Motion as Exhibits 9 & 10. They are purportedly for two different bank accounts for two totally different people yet both of the certifications have the exact same bank identification case number generated by Chase on them and have no other identifying information on them. Clearly three accounts under three different names signed several months apart couldn't have the same bank identification number.

## CONCLUSION

WHEREFORE, for the reasons stated above, the government's Motion *in Limine* must be **DENIED.**


Respectfully Submitted by counsel for Defendant
Johannes Thaler

*/s/ Daniel Calabro, Jr. _____*

Daniel Calabro, Jr.
24 Pettaconsett Avenue, Unit F
Cranston, RI 02920
Tel: (401) 203-0470
Fax: (888) 461-1955

Robert Lustyik, Jr.


/s/ *Rayomnd Mansolillo*___
Raymond Mansolillo
101 Federal Street, Suite 1900
Boston, MA 02110
Tel: (617) 342-7181
Fax: (617) 342-7080

## CERTIFICATION

  I hereby certify on September 19, 2014, I emailed a true and accurate copy of the attached Motion to Maria Lerner, counsel for the government.


*/s/ Daniel Calabro*_____