RAYMOND MANSOLILLO (*admitted pro hac vice*)
101 Federal Street, Suite 1900
Boston, MA 02110
Telephone: (617) 342-7181
Facsimile:  (617) 342-7080
email:  rmansolillo@cox.net

DANIEL CALABRO, Jr. *(admitted pro hac vice)*
24 Pettaconsett Avenue, Unit F
Cranston, RI 02920
Telephone: (401) 203-0470
Facsimile:  (888) 461-1955
email:  CalabroLaw@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>**ROBERT G. LUSTYIK, JR., MICHAEL L. TAYLOR, and JOHANNES W. THALER** | Case No. 2:12-CR-00645<br><br>**DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF DEFENDANT LUSTYIK'S SPECIFIC INSTANCES OF CONDUCT PURSUANT TO RULE 405(B)** |

Defendant Robert Lustyik, Jr. and Defendant Johannes W. Thaler (hereinafter collectively "Defendants") hereby respond to the Government's Motion *in Limine* to Preclude Evidence of Defendant Lustyik's Specific Instances of Conduct Pursuant to Rule 405(B). Defendants submit the following arguments in support of their opposition to the Motion:

### ARGUMENT

The government misplaces Rule 405(b) which states that "When a person's character or character trait is an essential element of a charge, claim or defense, the character or trait may also be proven by relevant specific instances of the person's conduct."

1

An example simply stated would be, because Johnny is mild mannered, meek, non-argumentative and non-confrontational on most every occasion and he conducts himself this way regularly.  (his specific character trait)  In the context of 405(b) this only means that Johnny's lawyer can't use specific instances of his past conduct as a mild mannered, non-confrontational person to show the jury that he would never have assaulted Patrick.

405(b) is misplaced in the government's argument and the defendants refer this Court to the government's Motion [825, p.3, para. 1] which states "to the extent that Lustyik attempts to introduce evidence that in handling Taylor, he acted in conformance with his prior practices in his intelligence work, this evidence is inadmissible under Federal Rule of Evidence 405(b)"

The first operative words in that long sentence are <u>handling Taylor</u>. (obviously this refers to how Mr. Lustyik handles Taylor as a source).  The next operative words are <u>prior practices</u> (making reference to his prior practices in his intelligence work).  Rule 405 and/or 405(b) deal with proving character.  Mr. Lustyik handling Taylor as a source and his prior practices in his intelligence work has nothing to do with Mr. Lustik's character or character traits.

> The definition of character as defined is a (noun) – the mental or moral qualities distinctive to an individual.  For example "running away was not in keeping with her character."  Synonyms: personality, nature, disposition, temperament, mentality, makeup, features, qualities, traits, spirit, essence, identity, ethos, complexion, tone, feel, feeling. (Google Scholar Internet Online Dictionary)

The definition itself is obviously clear to discern that Mr. Lustyik handling <u>Mr. Taylor</u> as a source and Mr. Lustyik's <u>prior practices</u> in his intelligence work have nothing to do with mental or moral qualities distinctive to Mr. Lustyik.  Nor does his personality, nature, disposition, temperament, features, traits, etc., have anything to do with either handling Mr. Taylor as a source or his prior practice in his intelligence work.  The government has clearly misapplied the Rule to their argument.

The defendants have no intention of introducing "character" or "traits of his character" to show that he acted in conformity with past practices. Why would the defendants want to introduce evidence that Mr. Lustyik was very polite, and caring or very mean and abusive (pick a character trait) while handling Mr. Taylor as a source. Then try to go on and show he acted in conformity by utilizing those same character traits during his prior intelligence work? This would serve no purpose, it's ridiculous, and the defendants don't want to bore the court or the jury or even worse underestimate their common sense or intelligence.

In their argument the government seems to have their rules crossed, with would be, the very operative word they used in their argument – that being <u>Practice</u> or "prior practice." Mr. Lustyik handling Taylor as a source and Mr. Lustyik's prior practices in his intelligence work <u>do</u> have everything to do with routine <u>practice</u> as illustrative of FRE 406 – Habit; Routine Practice, which states "evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eye witness."

What Mr. Lustyik did in handling Taylor as a source was his routine practice and Mr. Lustyik's prior practice in his intelligence work show just that, they were routine practices (not character or character traits) and they are clearly and certainly admissible per Rule 406.

This has been supported and stands as case law of the 10th Circuit. "In context of Rule 406, habit is person's or organization's practice of handling particular kind of situation with specific type of conduct; habit is one's regular response to repeated specific situation; and organization's regularity of action is within purview of Rule 406." *Meyer v. United States* (1979,

3

DC Colo) 464 F. Supp. 317, 3 Fed Rules Evid Serv 987, 53 ALR Fed 691.  Affd (1980, CA 10 Colo) 638 F. 2d 155, 6 Fed Rules Evid Serv 980

    Also see *G.M. Brod & Co. v. U.S. Home Corp* (1985 CA 11 Fla.) 759 F. 2d. 1526, 18 Fed Rules Evid Serv 100. "There is no precise formula for determining when practice becomes so consistent as to rise to the level of routine, but it is now settled that adequacy of sampling and uniformity in response are controlling considerations."

    See also, "Foundation for Fed. R. Evid. 406 evidence can be established by lay person under Fed. R. Evid. 701 but such opinion must be rationally based on perception and helpful to determination of fact at issue; personal knowledge based on industry experience can provide foundation by lay opinion testimony."  *Bell v. Conrail* (2004, ND Ohio) 299 F. Supp. 2d 795.

    As such the defendants object to the government's Motion and contention that Mr. Lustyik's character is in play and requests this Honorable Court to deny government's motion and allow such evidence by the defendants of routine practice in concert with FRE 406 be allowed.


Respectfully Submitted by counsel for Defendant
Robert Lustyik, Jr.


/s/ *Rayomnd Mansolillo*_____
Raymond Mansolillo
101 Federal Street, Suite 1900
Boston, MA 02110
Tel: (617) 342-7181
Fax:  (617) 342-7080

Johannes Thaler

/s/ *Daniel Calabro, Jr.* _____

Daniel Calabro, Jr.
24 Pettaconsett Avenue, Unit F
Cranston, RI 02920
Tel: (401) 203-0470
Fax: (888) 461-1955

4

## **CERTIFICATION**

     I hereby certify on September 19, 2014, I emailed a true and accurate copy of the attached Motion to Maria Lerner, counsel for the government.


*/s/ Daniel Calabro*