JACK SMITH, Chief
Peter M. Koski, Deputy Chief
Maria N. Lerner, Trial Attorney
U.S. Department of Justice
Criminal Division, Public Integrity Section
1400 New York Ave. NW, 12th Floor
Washington, D.C. 20530

JAIKUMAR RAMASWAMY, Chief
Ann Marie Blaylock Bacon, Trial Atty
U.S. Department of Justice
Criminal Division, Asset Forfeiture and
    Money Laundering Section
1400 New York Ave. NW, 10th Floor
Washington, D.C. 20530

CARLIE CHRISTENSEN, Acting U.S.A. (#633)
Karin Fojtik, A.U.S.A. (# 7527)
U.S. Attorney's Office, District of Utah
185 South State Street, Suite 300
Salt Lake City, Utah 84111-1506
Telephone:  801.524.5682
Facsimile:   801.524.6924

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT G. LUSTYIK, JR. and<br>JOHANNES W. THALER,<br><br>        Defendants. | Case No.  2:12-cr-645 (TC) (DBP)<br><br>**GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO PRECLUDE EVIDENCE PURSUANT TO RULE 405(b) AND RESPONSE TO DEFENDANT'S MOTION TO ADMIT EVIDENCE OF HABIT PURSUANT TO RULE 406** |

On September 12, 2014, the Government filed a motion *in limine* to preclude defendants from introducing evidence pursuant to Federal Rule of Evidence 405(b) that defendant Robert Lustyik, in handling co-defendant Michael Taylor as a source, acted in conformity with his prior practices in handling counterintelligence cases.  Doc. 825.  Defendants filed a response on September 19, 2014, agreeing with the Government and arguing, "Mr. Lustyik handling Mr. Taylor as a source and Mr. Lustyik's prior practices in his intelligence work have nothing to do with mental or moral qualities distinctive to Mr. Lustyik."  Doc. 864 at 2 (emphasis in original). Accordingly, the Court should grant the Government's motion that such evidence is not admissible under Rule 405(b).  Further, the Court should not entertain arguments from counsel during the CIPA § 6(a) hearing that any evidence is admissible under Rule 405(b).

While agreeing with the Government that evidence of Lustyik's prior source handling would be inadmissible under 405(b), defendants contend that such evidence is admissible under Rule 406 as a habit or routine practice, and asked the Court to "allow such evidence by the defendants of routine practice in concert with FRE 406." *See* id. at 3–4.  Defendants misinterpret this Rule, as it does not cover the evidence at issue.  Further, given their specific request, the defendants' response is in fact a response and motion rolled into one filing.  The Government respectfully requests that the Court deny defendants' motion to admit evidence regarding Lustyik's prior practices in handling counterintelligence cases pursuant to Rule 406, because such evidence is not evidence of routine activities and is not of a sufficiently similar type or characteristic to the overt acts alleged in the Indictment to be part of the same "habit."  Moreover, the defendants have not (and cannot) put forth sufficient evidence that such activities have occurred with enough frequency to be considered habitual.

## INTRODUCTION

Lustyik, Johannes Thaler, and Taylor were charged in an eleven-count Indictment with engaging in a scheme to bribe Lustyik, who during the relevant time period was a Special Agent for the Federal Bureau of Investigation ("FBI"), in exchange for official acts aimed at persuading federal law enforcement agents and federal prosecutors to drop an investigation into Taylor that ultimately resulted in Taylor's indictment and guilty plea for military procurement fraud.  As part of this scheme, Lustyik tried to prevent Taylor's indictment by, among other things, signing Taylor up as an FBI source, and making statements to federal investigators and prosecutors about Taylor's usefulness as a source.  In the Indictment, the Government alleges eighty-five overt acts of which sixty-one explicitly detail actions by Lustyik.  Defendants argue that these acts by Lustyik were done without corrupt intent, and are examples of Lustyik's habitual source

handling procedures.  Defendants ask that other examples of Lustyik's source handling be admitted under Rule 406.  Doc. 864 at 3–4.  As will be described more fully below, defendant's motion should be denied because the evidence is not of the type or frequency required by Rule 406.

## ARGUMENT

Federal Rule of Evidence 406 provides that, "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice."  Both the Committee Notes to Rule 406 and Tenth Circuit opinions emphasize that habit is akin to a semi-automatic act and that it is a response to a "*repeated specific*" situation.  Fed. R. Evid. 406 Committee Notes (emphasis added); *see e.g.*, *United States v. Oldbear*, 568 F.3d 814, 822 (10th Cir. 2009); *United States v. Serrata*, 425 F.3d 886, 906 (10th Cir. 2005); *United States v. Morris*, 41 Fed. Appx. 160, 164–65 (2002); *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1232 (10th Cir. 2001).  Further, it is not enough that the person acted in conformity three or four times; the Tenth Circuit "require[s] the proponent to offer evidence of numerous, consistent occurrences of the act."  *Oldbear*, 568 F.3d at 822 (three acts not sufficient); *see also*, *Camfield*, 248 F.3d 1232–34 (noting five acts not sufficient); *Serrata*, 425 F.3d at 906 (noting five acts would be insufficient).  Applying these standards, the evidence at issue is not admissible under Rule 406.

As described above, the core requirement of Rule 406 is that the activity be a routine habit.  The Committee Notes to the Rule provide examples of what constitutes a habit, such as "going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving."  Fed. R. Evid. 406 Committee Notes.  Such activities are completely dissimilar to the "unique" situation of handling a human

counterintelligence source who is overseas and who is under investigation for military procurement fraud by a federal grand jury and four federal investigative agencies, and using a childhood friend who is employed as a Macy's shoe salesman in handling such a source. Indeed, defendant Lustyik acknowledged that the situation was unique in a series of June 14, 2012, text messages to Department of Homeland Security, Homeland Security Investigations Special Agent Shaun Helt:

> I just don't even know what to ask for to be honest. We of course want [Taylor] to be able to continue to assist us, but because its classified and all overseas, I [j]ust don't know how we would even go about doing this? Its [sic] *unique and should be quite a learning experience for all of us*. Like normally a guy in this [p]osition can "work off" charges w these other cases. He is helping us catch a Top Ten Terrorist for which he will most likely get 5 million reward… Even though I'm taking heat for it.

US01066014, US01066015 (emphasis added), US01066019 (ellipses in original), US01066012.

The Tenth Circuit describes a habit as "a regular practice of meeting a particular situation with a specific type of conduct," *Camfield*, 248 F.3d at 1232, and that it is something "done reflexively." *Oldbear*, 568 F.3d at 822. How Lustyik generally handles sources is not the type of particularized situation paired with a specific, semi-automatic response anticipated by Rule 406. The acts described in the Indictment are complex interactions between multiple players located around the globe, and they are unlikely the same situations and conduct that occurred previously, much less numerous times previously. In *United States v. Troutman*, 814 F.2d 1428 (10th Cir. 1987), the Tenth Circuit found that the district court did not abuse its discretion in refusing to allow under Rule 406 evidence that the defendant, a state official, "had never conditioned the award of state business upon their making political contributions and that he 'went out of his way' to return any donations solicited by persons in his office and assure the contributors their standing with the State would not be affected by their making or withholding contribution." *Id.* at 1454. The court astutely held that, "[e]xtortion or refraining from extortion

4

is not a semi-automatic act and does not constitute habit." *Id*. at 1455.  The Tenth Circuit has found that other acts that are less complex than those engaged in by Lustyik are not habits under the Rule.  For example in *Morris*, the Tenth Circuit found that "[l]ying to obtain gain when faced with financial adversity is neither a particular kind of situation nor a specific type of conduct." *Morris*, 41 Fed. Appx. At 165; *see also*, *Serrata*, 425 F.d at 906 (district court did commit error when it excluded evidence regarding a party's history of resisting arrest, noting that it was not habit evidence); *Camfield*, 248 F.3d at1232 (police officer "[a]nnouncing the seizure of child pornography upon walking into a video rental store is not a semi-automatic act and could not serve as a basis for habit evidence.")  It follows that Lustyik's emails and texts to Taylor and Thaler—which he now asserts to be a lawful ruse in furtherance of his counterintelligence work—cannot meet the threshold for establishing habit evidence and he cannot rely on Rule 406 to admit evidence of his prior conduct in handling sources.

The defendants' multiple filings under CIPA § 5(a) are not detailed enough for the Government to know with certainty exactly what defendants seek to introduce from Lustyik's counterintelligence work unrelated to Taylor,[1] but the Government does not believe them to be situations where Lustyik "incentivized" sources under criminal investigation to provide him with useful counterintelligence information by offering to demolish the criminal investigation of the source (and taking actions in furtherance therof) in exchange for items of personal value from the source.  Even if such a generalized factual situation occurred previously, given the Tenth Circuit's analysis in *Troutman*, this type of behavior could never constitute a habit, as defined by Rule 406.  And given the Tenth Circuit's directive in *Camfield*, for each piece of evidence defendants want to offer under Rule 406, defendants would need to match it to the same

---

[1] Defendants have averred that they have no reciprocal discovery.  Email from D. Calabro to M. Lerner, Aug. 20, 2014.

particular situation and same specific response at issue in this case. Defendants have not undertaken this exercise. Accordingly, even if Rule 406 were applicable to the complex conduct alleged in the overt acts, which it is not, defendants fail to make the requisite initial showing that the evidence they wish to introduce is of a sufficiently similar type or characteristic to permit its admission under Rule 406.

Finally, even assuming the activities alleged in the overt acts section of the Indictment are the types that can be considered to be habits *and* the same factual predicate existed previously in Lustyik's source handling, Lustyik's actions do not become a habit for purposes of Rule 406 after the third, fourth, or even fifth time. *See e.g.*, *Oldbear*, 568 F.3d at 822; *see also*, *Camfield*, 248 F.3d 1232–34; *Serrata*, 425 F.3d at 906. Defendants are "require[d]" to "offer evidence of numerous, consistent occurrences of the act," which defendants have not done in this case. *Oldbear*, 568 F.3d at 822.

WHEREFORE, for the reasons stated above, the Government requests that this Court deny defendant's motion to admit evidence pursuant to Rule 406, and preclude evidence of defendant Lustyik's prior practices in handling sources and managing counterintelligence cases.

Respectfully submitted,

| | |
|---|---|
| JACK SMITH<br>Chief | JAIKUMAR RAMASWAMY<br>Chief |
| By: */s/ Maria N. Lerner*<br>Peter M. Koski, Deputy Chief<br>Maria N. Lerner, Trial Attorney<br>Public Integrity Section | By: */s/ Ann Marie Blaylock Bacon*<br>Ann Marie Blaylock Bacon, Trial Attorney<br>Asset Forfeiture/Money Laundering Section |