| | | |
|---|---|---|
| JACK SMITH, Chief | JAIKUMAR RAMASWAMY, Chief | CARLIE CHRISTENSEN, Acting U.S.A. (#633) |
| Peter M. Koski, Deputy Chief | Ann Marie Blaylock Bacon, Trial Atty | Karin Fojtik, A.U.S.A. (# 7527) |
| Maria N. Lerner, Trial Attorney | U.S. Department of Justice | U.S. Attorney's Office, District of Utah |
| U.S. Department of Justice | Criminal Division, Asset Forfeiture and | 185 South State Street, Suite 300 |
| Criminal Division, Public Integrity Section | Money Laundering Section | Salt Lake City, Utah 84111-1506 |
| 1400 New York Ave. NW, 12th Floor | 1400 New York Ave. NW, 10th Floor | Telephone: 801.524.5682 |
| Washington, D.C. 20530 | Washington, D.C. 20530 | Facsimile:  801.524.6924 |

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT G. LUSTYIK, JR. and<br>JOHANNES W. THALER,<br><br>Defendants. | Case No.  2:12-cr-645 (TC) (DBP)<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION TO COMPEL PRODUCTION OF *GIGLIO* MATERIAL** |

The Government, by and through undersigned counsel, hereby files this response to the defendants' Joint Motion to Compel Production of *Giglio* Material ("Motion to Compel"), wherein they request the Court to compel the production of all information in the possession of the Government relating to the "conduct," which clearly is in reference to sexual conduct or extramarital affairs, of any of the Government's witnesses.   The Government has previously moved *in limine* (Sealed Filing Sept. 10, 2014) to exclude such evidence, supplemented its initial motion with additional information regarding the conduct of one of the witnesses, and offered to provide the Court with an *in camera, ex parte* disclosure of the specific nature of the information known with respect to any of its witnesses at any time the Court requests.

Defendants assert in their Motion to Compel that "the government admitted that they possess knowledge and information that at least some of their witnesses have and/or continue to engage in conduct that would clearly fall within the parameters of required disclosure under

*Giglio."* That is simply not the case—the Government admitted it possesses knowledge and information that at least some of its witness have engaged in extramarital affairs—not that such information "would clearly fall within the parameters of required disclosure under *Giglio*." Indeed, the Government maintains that any such information not only does not fall within the disclosure requirements of *Giglio*, but, as previously argued, it is not permissible impeachment, is not relevant to this case, and is more prejudicial than probative and should not be admitted under the Federal Rules of Evidence.

## ARGUMENT

Defendants assert in their Motion to Compel that "*Giglio* requires that the government provide to the defendants any materials which may be used for the impeachment of a government witness. Impeachment material under *Giglio* includes not only prior criminal records and promises and inducements made to prosecution witnesses but it also covers *other acts of misconduct by prosecution witnesses*." Mot. to Compel at 2 (emphasis added). Defendants' simplistic assessment of the *Giglio* requirements is in error.

The Government recognizes that disclosure of *material* exculpatory and impeachment evidence is part of the constitutional guarantee to a fair trial. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972). The law indeed requires the disclosure of exculpatory and impeachment evidence when such evidence is material to guilt or punishment. *Brady*, 373 U.S. at 87; *Giglio*, 405 U.S. at 154. In *Giglio,* the Court held that when the credibility of a witness may be determinative of guilt, the failure of the prosecution to disclose material evidence regarding that witness's credibility violates due process and requires a new trial if there is a reasonable likelihood that the absence of such evidence would affect the

jury's determination. 405 U.S. at 153–54, 92 S.Ct. 763 (citing *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173).

However, evidence which is inadmissible obviously cannot be used for impeachment, and thus cannot be considered material as the jury would never have the opportunity to hear or consider it.  Rule 608 of the Federal Rules of Evidence describes the only circumstance when specific instances of conduct by a witness are admissible.  Specifically, Rule 608(b) provides:

> **(b) Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> **(1)** the witness; or
> **(2)** another witness whose character the witness being cross-examined has testified about.

Thus, extrinsic evidence is never admissible to prove specific instances of a witness's conduct, and the Court may only allow inquiry into such conduct on cross-examination *if the conduct is probative of the witness's character for truthfulness*.  As previously set forth in the Government's motion *in limine*, courts have repeatedly held that extramarital affairs and similar conduct are not appropriate inquiries for impeaching a witness because such conduct is not relevant to the truthfulness or untruthfulness of the witness.  *See United States v. Ndiaye*, 434 F.3d 1270, 1289-90 (11th Cir. 2006) (district court should not have permitted the government to cross-examine the defendant's character witnesses regarding a letter the defendant sent to his neighbor asking her to engage in sexual conduct with him because even though the letter suggests that the defendant was not entirely truthful with his wife, the letter did not directly relate to the defendant's character for truth and honesty); *Lyda v. United States*, 321 F.2d 788, 793 (6th Cir. 1963) (in a case predating Rule 608, district court held it was proper to permit

cross-examination about using false names, but not proper to ask questions about registration at a motel that suggested the witness spent the night with a woman other than his wife).

In summary, if the Court grants the Government's motion *in limine,* the intimate details regarding the sexual conduct or extramarital affairs engaged in by its witnesses are not admissible, and thus not material or subject to disclosure . If the Court denies the motion, and allows defendants to cross-examine the witnesses regarding the affairs, the Government has already produced all necessary information.[1]

## CONCLUSION

WHEREFORE, for the reasons stated above, the Government respectfully requests that the Court deny defendants' Motion to Compel.

Respectfully submitted,

| | |
|---|---|
| JACK SMITH<br>Chief | JAIKUMAR RAMASWAMY<br>Chief |
| By: */s/ Maria N. Lerner*<br>Peter M. Koski, Deputy Chief<br>Maria N. Lerner, Trial Attorney<br>Public Integrity Section | By: */s/ Ann Marie Blaylock Bacon*<br>Ann Marie Blaylock Bacon, Trial Attorney<br>Asset Forfeiture/Money Laundering Section |

---

[1] If the Court determines that details of the affair constitute proper impeachment material, which they are not, the Government will disclose the information as required by the Court.