RAYMOND MANSOLILLO (*admitted pro hac vice*)
101 Federal Street, Suite 1900
Boston, MA 02110
Telephone: (617) 342-7181
Facsimile:  (617) 342-7080
email:  rmansolillo@cox.net

DANIEL CALABRO, Jr. *(admitted pro hac vice)*
24 Pettaconsett Avenue, Unit F
Cranston, RI 02920
Telephone: (401) 203-0470
Facsimile:  (888) 461-1955
email:  CalabroLaw@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 2:12-CR-00645 |
| **vs.**<br><br>**ROBERT G. LUSTYIK, JR., and JOHANNES W. THALER** | **DEFENDANTS' JOINT PROPOSED JURY INSTRUCTIONS** |

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Defendants Robert Lustyik and Johannes Thaler, by and through undersigned counsel, respectfully submit the attached proposed jury instructions in this case. Further, defendants represent that these are preliminary draft instructions only, and they will move the Court for leave to offer modifications and additional instructions as may become appropriate.

18 U.S.C. §371 - CONSPIRACY (Count 1)

The defendant is charged in count 1 with a violation of 18 U.S.C. section 371.

This law makes it a crime to conspire to commit an offense against the United States.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant agreed with at least one other person to violate the law.

Second: one of the conspirators engaged in at least one overt act furthering the conspiracy's objective.

Third: the defendant knew the essential objective of the conspiracy.

Fourth: the defendant had knowledge of the agreement and voluntarily participated.

Fifth: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.


18 U.S.C. §§1343, 1346 - HONEST SERVICES WIRE FRAUD (Counts 2-9)

The defendant is charged in counts 2 through 9 with a violation of 18 U.S.C. Section 1343, 1346.

This law makes it a crime to use interstate wire communication facilities in carrying out a scheme to defraud the United States.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant devised or intended to devise a scheme to defraud, that is that he devised and intended to devise a scheme and artifice involving the concealment of material information to defraud and to deprive the Federal Bureau of Investigation and the citizens of the United States of their honest and faithful services of Robert Lustyik as a Special Agent of the FBI, through bribery;

Second: That the defendant acted with specific intent to defraud and to deprive the Federal Bureau of Investigation and the citizens of the United States of their honest and faithful services of Robert Lustyik as a Special Agent of the FBI, through bribery;

Third: That the defendant either used interstate wire communications or caused another person to use interstate wire communications for the purpose of carrying out the scheme.

Fourth: the scheme employed false or fraudulent pretenses, representations, or promises that were material.


A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

A "scheme to defraud" includes a scheme to deprive another of money, property or the intangible right of honest services.

An "intent to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.

A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.


18 U.S.C. §1503(a) - OBSTRUCTION OF JUSTICE (Count 10)

The defendant is charged in count 10 with a violation of 18 U.S.C. Section 1503(a).
This law makes it a crime for anyone corruptly to influence, obstruct, impede, endeavor to influence, obstruct, or impede the due administration of justice in connection with a pending judicial proceeding.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: there was a proceeding pending before a federal grand jury;

Second: the defendant knew of the pending judicial proceeding and influenced, obstructed, impeded, endeavored to influence, obstruct, or impede the due administration of justice in that proceeding; and

Third: the defendant's act was done "corruptly," that is, that the defendant acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice.

It is not necessary to show that the defendant was successful in achieving the forbidden objective, only that the defendant corruptly tried to achieve it in a manner which he knew was likely to influence, obstruct, or impede the due administration of justice as the natural and probable effect of the defendant's actions.


18 U.S.C. § 1505 OBSTRUCTION OF PROCEEDING (Count 11)

Title 18, United States Code, Section 1505 makes it a crime to obstruct proceedings before Congress or a federal agency.

For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

First, that there was a proceeding being conducted by any department or agency of the United States, either House, or any committee of either House or any joint committee of the Congress;

Second, that the defendant knew of the pending proceeding;

Third, that the defendant endeavored to influence, obstruct or impede the proceeding; and

Fourth, that the defendant did so corruptly, or by threats or force, or by any threatening letter or communication.

"Corruptly" means to act knowingly and dishonestly, with the specific intent to subvert or undermine the integrity of a proceeding.

"Corruptly" means nothing more than an intent to obstruct the proceeding. A corrupt intent may be defined as the intent to obtain an improper advantage for oneself or someone else, inconsistent with official duty and the rights of others.

A proceeding before a governmental department or agency simply means proceeding in the manner and form prescribed for conducting business before the department or agency, including all steps and stages in such an action from its inception to its conclusion.

The government does not have to prove that the defendant knew his conduct was illegal, only that he specifically intended to do something the law prohibited, whether he knew of the law or not.

Respectfully Submitted by counsel for Defendant
Johannes Thaler

 /s/ *Daniel Calabro*

Daniel Calabro, ESQ.
24 Pettaconsett Avenue, Unit F
Cranston, RI 02920
Tel: (401) 203-0470
Fax: (888) 461-1955

Robert Lustyik, Jr.

 /s/ *Raymond Mansolillo*
Raymond Mansolillo
101 Federal Street, Suite 1900
Boston, MA 02110
Tel: (617) 342-7181
Fax:  (617) 342-7080

## **CERTIFICATION**

I hereby certify on September 26, 2014, I filed a true and accurate copy of the attached Proposed Jury Instructions via ECF.


/s/ *Daniel Calabro*