| | | |
|---|---|---|
| JACK SMITH, Chief | JAIKUMAR RAMASWAMY, Chief | CARLIE CHRISTENSEN, Acting U.S.A. (#633) |
| Peter M. Koski, Deputy Chief | Ann Marie Blaylock Bacon, Trial Atty | Karin Fojtik, A.U.S.A. (# 7527) |
| Maria N. Lerner, Trial Attorney | U.S. Department of Justice | U.S. Attorney's Office, District of Utah |
| U.S. Department of Justice | Criminal Division, Asset Forfeiture and | 185 South State Street, Suite 300 |
| Criminal Division, Public Integrity Section | Money Laundering Section | Salt Lake City, Utah 84111-1506 |
| 1400 New York Ave. NW, 12th Floor | 1400 New York Ave. NW, 10th Floor | Telephone:  801.524.5682 |
| Washington, D.C. 20530 | Washington, D.C. 20530 | Facsimile:   801.524.6924 |

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT G. LUSTYIK, JR.,<br><br>　　　　　　Defendants. | Case No.  2:12-cr-645 (TC) (DBP)<br><br>**GOVERNMENT'S MOTION FOR DETENTION PENDING SENTENCING** |

　　　　The United States, by and through undersigned counsel, respectfully moves this Court to detain defendant Robert Lustyik, Jr. pending sentencing, as set forth in 18 U.S.C. § 3143(a)(1). On September 19, 2014, Lustyik pleaded guilty to all eleven counts of the Indictment, including two obstruction charges.  Lustyik was previously detained for violating his conditions of release — mere weeks after being arraigned — by having $26,000 in cash returned to a potential witness.  (Doc. 896).  Lustyik bears the burden of showing by "clear and convincing evidence that the [he] is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ."  18 U.S.C. § 3143(a)(1).  Given the standards of 18 U.S.C. § 3143(a)(1), the fact that Lustyik has admitted to obstructing justice, has previously failed to follow conditions of release, and that the prior due process issues are moot, Lustyik cannot meet this burden and should be detained pending sentencing.

In support of this motion, the government states as follows.

1.     On September 29, 2014, defendant Lustyik pleaded guilty to all eleven counts in the Indictment in this case (Doc. 39), without any concessions from the government. Defendant acknowledged in his Rule 11 colloquy that he faces up to five years' imprisonment on Count 1, up to twenty years each on Counts 2 through 9, up to ten years on Count 10, and another five years on Count 11. Even his guidelines calculations will require significant jail time; the government will be seeking enhancements under the sentencing guidelines pursuant to U.S. Sentencing Guidelines Sections 2C1.1(b)(3), 3B1.3, and 3C1.1, among others. These enhancements alone increase defendant Lustyik's base offense level by 8 levels.

2.     In its motion to revoke defendant Lustyik's initial bond, which was filed on January 17, 2013 (Doc. 169), the government argued that within just a few *weeks* of his release on bond, defendant Lustyik violated his conditions of release. As the government noted (and this Court later found), defendant Lustyik violated these conditions of release despite a stern and unequivocal warning from Chief Judge Stewart as to what would happen if he did violation his conditions:

> THE COURT:     Now, Mr. Lustyik, I need to tell you this. If you violate the terms of your supervision in any respect, this Court will be very quick to have you taken into custody. Do you understand that?
>
> MR. LUSTYIK:   Yes, sir, I do.

Despite this stern warning, defendant Lustyik improperly contacted a potential witness.

3.     This court, after a revocation hearing on March 19, 2013, found that the government had proved by clear and convincing evidence that defendant Lustyik had violated his conditions of release by improperly contacting a potential witness, and ordered him held without bond. (Doc. 214)

4.      On April 4, 2014, defendant Lustyik sought a review of his conditions of release. (Doc. 623)  After briefing and hearings on this motion, this Court granted that motion on due process grounds, and to ensure that defendant Lustyik could assist in his defense, as well as more easily have access to the classified information.  Since he has pleaded guilty, these grounds are moot and no longer suffice to justify his continued release.

5.      Now that defendant Lustyik has been convicted, he seeks his continued release, despite the fact that he has now pleaded to *two* counts of obstruction.

6.      Under 18 U.S.C. § 3143(a)(1), "the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by *clear and convincing evidence* that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." (emphasis added).

7.      The danger to the community standard articulated in the Bail Reform Act (Act) is not limited to the danger of physical harm.  The Act clearly indicates that "safety," as used in the Act, contemplates criminal activity beyond physical violence, including that the defendant might engage in criminal activity to the detriment of the community. *United States v. King*, 849 F.2d 485, 487 n.2 (11th Cir. 1988) (*quoting* Report of the Senate Committee on the Judiciary) (11th Cir. 1988).

8.      In addition to the fact that defendant has been found to have violated his conditions of release by improperly contacting a potential witness — an act of obstruction — there is additional support for the finding that defendant Lustyik presents a danger to the community.  For example, in *United States v. Richardson*, No. 2:11-cr-220, 2011 WL 5026456, at *7 (S.D. Ohio Oct. 21, 2011), the defendant, a state highway patrolman, was charged with

conducting a scheme to enrich himself by engaging in mortgage fraud conspiracy.  One of the various charges in the indictment against him was witness tampering.  In determining that the defendant's obstructive conduct constituted a "serious danger to the community" and detention was appropriate, the court focused on the defendant's use of his position as a law enforcement officer, stating:

> Of deep concern to this Court is the evidence related to Defendant's alleged obstructive conduct and his purported brazen attempts to manipulate witnesses for his own personal advantage.  Even more troubling is that Defendant purportedly engaged in this conduct while serving as law enforcement officer accorded with public trust to enforce the law. . . . Defendant is a sophisticated law enforcement officer, who, among other things, purportedly abused his position to effect a favorable outcome during a traffic stop of Witness A.

*Id.*  Here, too, Lustyik abused his official position as a sworn federal law enforcement officer to obstruct the Utah investigation — to which he readily pleaded guilty on September 29, 2014.

        9.     The court's analysis in *United States v. Robertson*, 608 F.Supp.2d 89, 92 (D.D.C. 2009), in a scenario involving extensive obstructive conduct on the part of the defendants, is equally instructive here.  In that case, the defendants had "gone to extraordinary lengths . . . to tamper with witnesses and manufacture utterly false, misleading evidence at trial," which in that case, resulted in a hung jury.  The court in *Robertson* ruled:

> this Court ultimately has no choice but to detain these defendants prior to trial.  In so finding, this Court stresses that the crimes committed by these defendants were not isolated acts or incidents; rather the defendants undertook *a carefully orchestrated, multi-faceted effort designed to undermine a criminal trial of this Court. . . . The defendants' actions strike at the very core of our system of justice and threaten to undermine the public's confidence in the outcome of a criminal trial in this jurisdiction*.  It is ultimately the responsibility of this Court to ensure the integrity of its own judicial proceedings, and these defendants, through their meticulous and substantial efforts to obstruct a criminal trial, have demonstrated clearly and convincingly that they have little respect for the criminal proceedings of this Court.

*Id.* at 92 (D.D.C. 2009) (emphasis added).  The Indictment, to which defendant Lustyik pleaded guilty, also demonstrated the "multi-faceted," "meticulous," and "substantial" efforts that defendant Lustyik took to obstruct the Utah agency and grand jury investigations.  For the same reasons as the defendants in *Robertson*, Lustyik too poses a serious threat to the community.

10. Since its initial motion to revoke Lustyik's conditions of release, the Government has learned additional information regarding his complete disregard for the law.  The government has had to notify Judge Campbell that on several occasions, defendant Lustyik's attorney leaked classified information — information that he could only have learned from defendant Lustyik.  This was before defendant Lustyik's attorney was cleared to receive access to classified information.  As a 24-year veteran in counterintelligence, which required a Top Secret security clearance, and which required him to regularly deal with classified information, defendant Lustyik was well aware of the requirements of handling and disclosure of confidential information, and the consequences for failing to do so.  Moreover, he was required, as part of his position as an FBI Special Agent, to sign Non-Disclosure Agreements governing the disclosure of classified information; these agreements contained no exceptions for defendants under indictment.  Such an exception would lead to the perverse result that defendants leaking classified information would be immune from the consequences of violating the rules regulating the handling classified information, and be given unfettered authority to leak *even more* information once indicted.

11. Indeed, this danger is substantially higher in defendant Lustyik's case than it is for a regular defendant.  Defendant Lustyik, through his position in a counterintelligence unit at the FBI, has become privy to information the disclosure of which could put the safety of many individuals at substantial risk.

12. In light of the above facts, defendant Lustyik cannot show by clear and convincing evidence that he is not a danger to the community. Moreover, where he did not present a significant risk of flight before, now that he faces substantial imprisonment, the risk of flight has substantially increased.

13. The government also notes that it has been informed by the prosecution team in the case against defendant Lustyik in the Southern District of New York that they will be seeking his detention in that district.

WHEREFORE, for the reasons stated above, the government moves this Court to detain defendant Lustyik pursuant to 18 U.S.C. § 3143(a)(1).

Respectfully submitted,

| | |
|---|---|
| JACK SMITH<br>Chief | JAIKUMAR RAMASWAMY<br>Chief |
| By: */s/ Maria N. Lerner*<br>Peter M. Koski, Deputy Chief<br>Maria N. Lerner, Trial Attorney<br>Public Integrity Section | By: */s/ Ann Marie Blaylock Bacon*<br>Ann Marie Blaylock Bacon, Trial Attorney<br>Asset Forfeiture/Money Laundering Section |