RAYMOND MANSOLILLO (*admitted pro hac vice*)
101 Federal Street, Suite 1900
Boston, MA 02110
Telephone: (617) 342-7181
Facsimile:  (617) 342-7080
email:  rmansolillo@cox.net

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> vs. <br><br> **ROBERT G. LUSTYIK, JR.** | Case No. 2:12-CR-00645 <br><br> **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR DETENTION PENDING SENTENCING [899]** |

Defendant Robert Lustyik, Jr., by and through his undersigned counsel, hereby files his Response to Government's Motion for Detention Pending Sentencing, Dkt. 899, pursuant to Judge Pead's request during the first hearing on September 30, 2014 regarding the release/detention of Mr. Robert Lustyik pending sentencing before the Honorable Tena Campbell.

Counsel will first address the Government's Motion paragraphs 1 through 13 in order.

**Para. 1:**   Mr. Lustyik incorporates his argument set forth before the Honorable Judge Pead on September 30, 2014, with regards to the Government's assertions.  Mr. Lustyik's calculations of his guidelines **do not** require significant jail time beyond his base offense level (BOL) of 14 and Mr. Lustyik will receive 15 months credited as time served when he is sentenced.  BOL of 14 with a criminal history category of 1 comports to a guideline range of 15-21 months.

1

Mr. Lustyik will strongly contest that the Government's assertion of seeking enhancements relative to 2C1.1(b)(3) and 3C1.1 are applicable; they are not. Mr. Lustyik asserts that the only applicable enhancement may be section 3B1.3 (abuse of a position of trust). As such only a two level enhancement would apply. Mr. Lustyik would then be credited with a two point reduction for his acceptance or responsibility and would again be back at a level of 14.

Defense counsel understands that in appropriate cases, but not in the instant case, the court may look to see what the defendant's possible guideline range may be in making its overall assessment. However, the instant case calls for a presumption of release, (see PTSR by Mr. Zac McBride, USPO), the standard is clear and convincing evidence that Mr. Lustyik is not a flight risk or a danger to the community. Even considering arguendo such enhancements and any sentence he possibly could receive still doesn't amount to such a significant increase that it would have a bearing on the instant standard. Without getting into a full-blown sentencing argument improperly prior to evidence submitted in such a hearing before Judge Campbell, Mr. Lustyik asserts that 2C1.1(b)(3) is not applicable and the purpose of that enhancement is to punish those officials who abused high-level power and decision-making positions. Mr. Lustyik is not in a high level power and decision making or sensitive position. He is a non-managerial basic street agent with at least nine separate levels of supervisory authority above him. The notes regarding the application of the enhancement 2C1.1(b)(3) include the following definition for the application of (b)(3):

(A) Definition: - "High-level decision making or sensitive position" means a position characterized by a direct authority to make decisions for, or on behalf of a government department, agency, or other governmental entity, or by a substantial influence over the decision-making process.

The commentary in the Federal Sentencing Guidelines Book also states that the enhancement for a defendant holding a high level decision-making or sensitive position is inappropriate when defendant's duties do "not set him apart from a multitude of personnel in the Federal Service." *U.S. v. Stephenson,* 895 F.2d 867 (2nd Cir. 1990). *Stephenson* also stands for the argument that just because a defendant has a security clearance, he does not fall within the enhancement for "officials sitting in high positions of public trust." (*Id. at 878).* The enhancement has been applied to judges, prosecutors in supervisory roles, jurors, security chief and supervisory personnel.

The proposed enhancement of 3C1.1 also does not apply as it goes to the obstruction of the instant charge. Mr. Lustyik strongly asserts that this is not the case and is not applicable both in fact and in law. Because Mr. Lustyik plead to certain elements which constitute the crime in the indictment does not mean that he adopts or agrees to certain facts in the indictment as propounded by the Government. Judge Campbell made this very clear while accepting Mr. Lustyik's plea making it perfectly clear that because he plead to the indictment does not mean that he will have to implicate Mr. Johannes Thaler, one of his co-defendants, allegations asserted by the Governement. Mr. Lustyik only agreed that he had entered into an agreement with at least one other person.

**Para. 2:**   Mr. Lustyik rests on his argument rendered on September 30, 2014 before Judge Pead. This argument propounded by the Government is historical and has no correlation to the current circumstance or the standard as to whether or not the defendant is a flight risk or danger to the community; he is not.

**Para. 3:**   Same as above (2)

**Para. 4:** The Government's assertion that the Motion was granted on due process grounds is only partially accurate. Although this was a defense argument the Court did not cede that the sole reason was due process violation. Judge Campbell ruled that it was part of her consideration, not the sole consideration or reason for rendering her ruling. With regards to access to classified materials, to assist in his defense and review such documents with his counsel – this issue still does exist. The Government misspoke in its assertions before this court that there were only 11 documents submitted in the N.Y. case for CIPA §5. The Government is not correct. The N.Y. prosecutors submitted their CIPA §4 classified materials which consisted of approximately 11 documents however, Mr. Lustyik has just submitted his CIPA §5 in the N.Y. case which is approximately 500 documents and in addition summaries of possible classified testimony that may be elicited during Mr. Lustyik's trial by witnesses.

This court knows that this process can only be done in a SCIF in Washington, D.C. and is a long and tedious process quite contrary to the Government's proffer on September 30, 2014.

**Para. 5:** Mr. Lustyik incorporates his argument from September 30, 2104 and further asserts that this is not applicable as he **did not** obstruct the instant case and the obstruction charges are actually 1, they were part of the same transaction and occurrence, not independent of another or on 2 separate occasions.

**Para. 6:** Mr. Lustyik incorporates his argument from September 30, 2014 and relies on the Pretrial Service Report by Mr. Zac McBride which has been provided to the court. Said report was extremely detailed and comprehensive. It's findings, calculations and empirical statistical data related specifically to Mr. Lustyik supports the clear and convincing standard that

4

Mr. Lustyik is not likely to flee or pose a danger to the community if he is released pending sentencing.

**Para. 7:** The case that the Government cites is completely misplaced and not relevant. *U.S. v. King* is a case in which the defendant was a drug king pin and convicted of a continuing criminal enterprise (CCE) related to large scale cocaine trafficking. This argument is erroneously applied as it makes reference to section 3142(F) which pertains to violent crimes and drug trafficking.

**Para. 8:** Mr. Lustyik incorporates its arguments propounded to the court on September 30, 2014 and further asserts that the Government's claims that his previous violation (which has been litigated ad nauseum) was an act of obstruction is simply false and this Court (Judge Pead) and (Judge Campbell) have stated on the record that it was not an act to obstruct or impede. The Government's assertion that Mr. Lustyik obstructed the instant case is not true factually. Mr. Lustyik plead guilty to obstruction of the contract fraud indictment of Mr. Taylor, a separate and altogether different case.

**Para. 9:** The Government's citation and reasoning in this paragraph is over the top and again irrelevant to the circumstances as they relate to Mr. Lustyik. In the *Roberts* case the defendants were both correctional officers who conspired to violent crimes of civil rights violations by orchestrating and carrying out of violent stabbings, beatings and other tortuous acts on prisoners they targeted for various reasons. Those correctional officers continued to have such assaults made upon pretrial witness in prisons (victims of their previous attacks) the victims in an attempt to not have them testify. The Government's claims that this comes even close to

Mr. Lustyik's circumstances and actions is not only over the top but it is completely disingenuous to propound such to the court as an officer of the court.

Moreover, once again, Mr. Lustyik's guilty plea does not make all of the asserted factual allegations in the indictment true as alleged by the Government.

**Para. 10:** This allegation is a flagrant and unethical attempt at inflaming the court's senses and reasoning in a desperate and personal last ditch effort to jail Mr. Lustyik prior to his sentencing which is not necessary. Mr. Lustyik's counsel will address this matter in another forum as it is untrue and completely irrelevant to the matter at hand. The Government is making criminal allegations which are not only untrue but cannot be substantiated in any manner. Moreover the Government prosecutor is delving into the privileged area of attorney-client communications which is unethical.

Should this court give "any" weight to this paragraph Mr. Lustyik respectfully requests to call witnesses. These witnesses to which Ms. Lerner apparently had ex-parte communications with as well as the head of DOJ Security Office, Joan Kennedy.

**Para. 11:** There has never been a valid argument for this assertion. In fact Mr. Taylor and Mr. Thaler who have plead guilty as well possessed and knew the details of the classified information in the operations which were discussed in closed CIPA proceedings both have been released pending sentencing.

**Paras. 12 & 13:** Defendant and the pretrial services report clearly support that Mr. Lustyik is not a danger to the community or a flight risk. The Government's assertion that they filed a detention motion infers he will be detained presupposes the judge's resolve to meet its trial deadline of November 17, 2014; it is highly unlikely Judge Brichetti will detain Mr. Lustyik

6

with only one full month to prepare for trial. Such action will delay his schedule. Moreover, the current conditions are more than adequate. Mr. Lustyik has complied fully , travelled independently in full compliance with both court's directives and there is no evidence that he will not continue to do so.

Mr. Lustyik is 52 years old and has been in the same community for his entire life. He has a wife and two children. He cares for his mother-in-law who has stage 4 cancer while his wife is at work. He has travelled independently to Washington, DC, Utah and the SDNY Federal Courthouse, doctor's appointments and to support his wife during surgery, all without incident and fully compliant. He is financially indigent and has abided by all very strict pretrial conditions since he was released in June 2014.

For all the above reasons, including the defendant's argument and the pretrial services report submitted to the court, Mr. Lustyik moves this Honorable Court to allow his release pending sentencing before the Honorable Judge Tena Campbell.

Respectfully Submitted

by counsel for Defendant

Robert Lustyik, Jr.

/s/ *Raymond Mansolillo*__
Raymond Mansolillo
101 Federal Street, Suite 1900
Boston, MA 02110
Tel: (617) 342-7181
Fax: (617) 342-7080

7

## **CERTIFICATION**

I hereby certify on October 1, 2014, I filed the instant Motion on the CM/ECF system.


*/s/ Raymond Mansolillo*