UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 7:13-cr-00616-VB

United States of America

v.

Robert G. Lustyik, Jr.,

    Defendant,

## DEFENDANT'S OMNIBUS MOTION IN LIMINE TO EXCLUDE

## EVIDENCE RELATED TO ANY OF THE FOLLOWING:

Defendant Lustyik hereby moves this Honorable Court to preclude the prosecution or government witnesses testifying on behalf of the prosecution or from attempting to admit into evidence at trial any evidence or inference of evidence related to:

1. Any health or medical condition past or present and the use of any medically prescribed drugs for those health or medical conditions past or present.

2. Any personal emails/texts, telephone conversations, photos, recordings, videos or the like with family, non-witnesses, friends or self, including his counsel and members of his defense team.

3. Any evidence related to any OPR or OIG investigation in which Mr. Lustyik was cleared. Specifically but not limited to the Mark Clark OPR investigation.

4. Any evidence related to personal extramarital affairs, infidelity, marriage counseling, intimacy or personal matters relating to the marriage.

5. Any evidence related to the defendant's spouse or children's health or medical conditions past, present or future including but not limited to minor children – daughter HL and son – BL, hospital stay.

6. Any evidence of defendant's personal finances and personal financial records prior to meeting Michael Taylor, including but not limited to credit cards, investments, loans or debts.

7. Any evidence implied or otherwise that Mr. Lustyik's return of 26k dollar loan to Mr. Feldman was anything but a legitimate return on monies borrowed; including but not limited to the defendant violating his terms of conditions of release by giving 26k in cash to a potential defense witness and the manner of such transfer of monies – "cash" as suspicious or nefarious in nature.

8. Any evidence implied or otherwise relating to a classified case file (Mr. Lustyik was working officially on) found in a safe during the search of Mr. Lustyik's home that infers it was improper, unauthorized, illegal or wrong in any way.

9. Any evidence by law enforcement or government investigators, analysts, of intelligence official's testimony about "profiles" to include but not limited to "money laundering profiles," the practices of money launderers or methods, and/or other characteristics of the defendant which approach being no more than opinions about the defendant's guilt.

10. Any evidence implied or otherwise which makes inference tends to show or purports evidence of "other bad acts" under Rule 404(b) of the FRE, and/or other prejudicial evidence under Rule 403 of the FRE.

The aforementioned paragraphs and or any reference or illustration of the aforementioned should be precluded from use by the prosecution and/or its government agents in evidence at trial for the following reasons:

The facts gleaned and surrounding such evidence is not relevant to the issue of the case, they are inadmissible on their face, and are unfairly prejudicial only intended to inflame the jury and their probative value is outweighed by the prejudicial effect it will have on the defendant. The trial court's inherent power to manage the courtroom to ensure a fair trial includes authority to grant the aforementioned motion(s); see *Luce v. United States*, 469 U.S. 38, 41 N.4(1984).

Said motion is supported by the fact that such proposed evidence will be clearly inadmissible (as either irrelevant, unfairly prejudicial, confusing, misleading, repetitive in nature, not probatively balanced and such evidence would tend to cause a delay in the proceedings disproportionate to its value) or so prejudicial that once it is mentioned, a sustained objection at trial will be insufficient to undo its prejudicial impact and any limiting instruction the jury receives will be ineffective.

For the aforementioned reasons, a pretrial ruling that the matter(s) set forth above are inadmissible would preclude the damaging and prejudicial question(s).

Defendant Lustyik hereby moves this Honorable Court in the affirmative to order the prosecution/government to:

A. Provide defendant's counsel any visuals, chalks, or PowerPoint presentations, which will be shown to the jury during their opening or their case in chief, such shall be provided to defendant's counsel 48 hours before it is shown to the jury.

B. Provide 24 hours notice to defendant's counsel of which witnesses and whom the government intends to put on as witnesses to testify in their case in chief.

C. Allow the defendant to advance the education of the jury by providing a summary witness during the defendant's case in chief. This will allow the jury to obtain the requisite education of matters, which are not often in the public purview. It will assist the trier of fact, the jury, in its understanding of the defendant's role as it relates to the defendant's theory of the case. It will help facilitate the tempo of the trial and timeframe of the other witnesses who testify, allowing defense counsel to significantly shorten the length of several witnesses' testimony without losing their effectiveness propounding complex and often unfamiliar testimony to the jury.

D. Allow the defendant to admit testimony from defense experts outside traditional areas of expertise and or areas where there may be controversy – see U.S. v. Mamah, 332 F.3d 475, 476-78 (7th Cir. 2003) (Anthropologist and sociologist offered to testify to cultural factors that could have led Ghanaian citizen to give false confession. "Acknowledging that social scientists frequently testify as experts and their opinions are an integral part of many cases" (quoting U.S. v. Hall, 93 F.3d 1337, 1342 (7th Cir. 1996) but testimony excluded). However, see Hall, 93 F.3d at 1341, 44-45 (same social psychologists as in Mamah offered as expert on false confessions and psychiatrist offered regarding defendant's mental condition and susceptibility to give answers interrogator seeking; held error to exclude testimony) U.S. v. Dorsey, 45 F.3d 809, 812, 814-15 (4th Cir. 1995).

E. Preclude the prosecution/government from introducing in any form, manner or inference evidence or testimony by law enforcement "experts" – or other unusual experts – on the ground that it fails to satisfy the test for admissibility of expert testimony established by

The Supreme Court in *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579 (1993). See *U.S. v. Grinage*, 390 F.3d 746, 750-51 (2d Cir. 2004); *U.S. .v Cruz*, 363 F.3d 187, 194-96 (2d Cir. 2004); *U.S. v Dukajini*, 326 F.3d 45, 52-56 (2d Cir. 2003); *U.S. v. Conn.*, 297 F.3d 548, 554-56 (7th Cir. 2002); *U.S. v. Hankey*, 203 F.3d 1160, 1167-73 (9th Cir. 2000); cf. *United v. Pree*, 408 F.3d 855, 870 (7th Cir. 2005) (noting District Court would have to conduct Daubert hearing if defendant had objected to law enforcement officer expert testimony but reviewing only for plain error because defendant did not object); *U.S. v. Sdorio-TaFolla*, 324 F.3d 964, 965 (8th Cir. 2000) (also reviewing only for plain error where defendant did not object to officers expert based on Daubert); *U.S. v. Von Willie*, 59 F.3d 922 929 (9th Cir. 1995) (testimony by officer about nexus between drug trafficking and possession of weapons not expert opinion testimony but lay opinion testimony).

Respectfully Submitted,

Robert G. Lustyik, Jr.,
By his attorney,

*/s/ Raymond Mansolillo*
Raymond Mansolillo, Esq.
101 Federal Street, Suite 1900
Boston, MA  02110
Telephone: (617) 342-7181
Facsimile:   (617) 342-7080
Email:      rmansolillo@cox.net

## CERTIFICATION

I hereby certify that on the 19th day of October, 2014, I served a copy of this Motion in Limine via CM/ECF system.

*/s/Raymond Mansolillo, Esq.*