IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>ROBERT G. LUSTYIK, JR., and<br>JOHANNES W. THALER,<br><br>          Defendants. | **ORDER AND MEMORANDUM DECISION**<br><br>Case No. 2:12-CR-645-TC-DBP |

     Defendants Robert G. Lustyik, Jr., and Johannes W. Thaler pleaded guilty in this case approximately six weeks ago.  (See Oct. 1, 2014 Minute Entry (Docket No. 903); Sept. 30, 2014 Minute Entry (Docket No. 902).)  Both were scheduled to be sentenced on January 5, 2015 (see Docket Nos. 916-17).

     On November 4, 2014, the United States filed a Motion for Preliminary Order of Forfeiture, seeking joint and several liability against Mr. Lustyik and Mr. Thaler for $70,000.  (See Docket No. 930.)  The Government seeks forfeiture on proceeds that appear to be linked to related actions of Mr. Thaler and Mr. Lustyik.[1]  The scheduled deadline for Defendants' responses is November 21, 2014.

     On November 7, 2014, the court permitted Mr. Lustyik's attorney to withdraw and appointed new counsel for Mr. Lustyik.  To allow Mr. Lustyik's new attorney adequate time to

---

[1] By this statement, the court is not ruling on any aspect of the forfeiture motion.  The statement is only to provide context for the court's ruling.

prepare for the remaining proceedings, the court continued Mr. Lustyik's sentencing to March 30, 2015.  (See Nov. 10, 2014 Order to Continue Sentencing (Docket No. 936).)   The court, however, did not continue Mr. Thaler's sentencing date, noting in the order that the court would need good cause to do so.

On November 18, 2014, Mr. Lustyik filed a motion for a 60-day extension to respond to the United States' preliminary forfeiture motion.  (See Docket No. 941.)  Mr. Thaler filed a motion to join in the request for extension.  (See Docket No. 942.)  The United States does not oppose Mr. Lustyik's motion but it does oppose Mr. Thaler's request, contending that Mr. Thaler has not demonstrated good cause for the extension.  (See Docket No. 943.)  For the reasons set forth below, the court finds that good cause exists to grant the extension to both Mr. Lustyik and Mr. Thaler.

Under the Federal Rules of Criminal Procedure, the court should make the forfeiture determination before sentencing occurs:

> The issue of preliminary forfeiture must be determined by the court before sentencing occurs.  The court must include the forfeiture when orally announcing the sentencing or must otherwise ensure that the defendant knows of the forfeiture at sentencing.  The court must also include the forfeiture order, directly or by reference in the judgment . . . .

Fed. R. Crim. P. 32.2(b)(4)(B).  See also Fed. R. Crim. P. 32.2(b)(2)(B) ("Unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).").

In its motion for preliminary order of forfeiture, the United States moves the court to impose joint and several liability on Mr. Lustyik and Mr. Thaler.  By opposing Mr. Thaler's

extension request, the Government essentially proposes separate briefing schedules and, consequently, separate forfeiture rulings (each ruling corresponding to the respective sentencing dates of the two Defendants). But, given the joint nature of the Government's requested judgment, the targeted assets, the intermingled actions of the Defendants concerning those assets, and the necessary extension for Mr. Lustyik, proceeding in that way would be impractical and unfair to Mr. Lustyik.

Mr. Lustyik, with new counsel, needs sufficient time to respond to the Government's motion. The court does not want to rule on a motion that affects both Defendants without having briefing from both Defendants. The need to maintain the integrity of the process for Mr. Lustyik by extending his deadline necessarily requires extending Mr. Thaler's deadline, and, as a consequence, requires continuation of Mr. Thaler's sentencing date.

For the foregoing reasons, the court grants the requested extensions. The court also continues Mr. Thaler's sentencing date to March 30, 2015, to coincide with Mr. Lustyik's sentencing date. A notice to that effect will be issued separately.

It is hereby ORDERED that the Motion for Extension of Time (Docket No. 941) and the Motion to Join (Docket No. 942) are GRANTED. The Defendants' briefs responding to the motion for a preliminary order of forfeiture are due no later than January 19, 2015.

SO ORDERED this 20th day of November, 2014.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge